IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>   Plaintiff,<br><br>   v.<br><br>SEOUL SEMICONDUCTOR LTD., et al.,<br><br>   Defendants<br>_____ / | No. C-06-0162 MMC<br><br>**ORDER DENYING CREATIVE DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT; GRANTING CREATIVE DEFENDANTS' MOTION TO STRIKE OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT; VACATING HEARING** |

Before the Court are two motions, filed April 5, 2006 on behalf of defendants Creative Technology, Ltd., Creative Labs, Inc., and Creative Holdings, Inc. (collectively, "Creative Defendants"): (1) a motion to dismiss plaintiff Nichia Corporation's ("Nichia") complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for a more definite statement, pursuant to Rule 12(e); and (2) a motion to strike a portion of the complaint, pursuant to Rule 12(f), or, in the alternative, for a more definite statement, pursuant to Rule 12(e). As to each motion, Nichia has filed an opposition and Creative Defendants have filed a reply. Having considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for decision on the papers, VACATES the hearing scheduled for May 12, 2006, and rules as follows.

**I. Motion to Dismiss, or, Alternatively, for More Definite Statement**

In their motion seeking dismissal or a more definite statement, Creative Defendants argue the complaint fails to state a claim for patent infringement because it does not identify specific products sold by Creative Defendants that infringe Nichia's design patents.

The complaint alleges Seoul Semiconductor, Ltd ("SSC") manufactures light emitting diodes ("LEDs"), (see Compl. ¶ 19), that Creative Defendants distribute, sell, and import "consumer products containing LEDs manufactured by SSC," (see Compl. ¶¶ 21-23), and that "each [d]efendant has made, used, imported, sold and/or offered for sale products that infringe [the patents at issue], including but not limited to products designed in the '902' series," (see Compl. ¶¶ 25, 30, 35, 40). Taken together, the above-referenced statements allege that Creative Defendants sell consumer products that contain "902 series" LEDs manufactured by SSC. Creative Defendants argue, however, that Nichia is required to allege the specific consumer products sold by Creative Defendants that contain 902 series LEDs as a component. According to Creative Defendants, they have not been afforded fair notice of the basis of Nichia's infringement claim in the absence of such additional information. See Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding Rule 8(a) requires statement "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

Pursuant to the Federal Rules of Civil Procedure, the following allegation of patent infringement is sufficient for purposes of Rule 8(a): "Defendant has for a long time past been and still is infringing [plaintiff's] Letters Patent by making, selling, and using electric motors embodying the patented invention, and will continue to do so unless enjoined by this court." See Appendix of Forms to Fed. R. Civ. P. Form 16; see also Fed. R. Civ. P. 84 (providing forms in appendix to Federal Rules of Civil Procedure "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate"). Here, Nichia's allegation that Creative Defendants are infringing Nichia's patents by selling consumer products containing a specific type of LED, the "902 series" manufactured by SSC, is at least as specific, if not more so, than "electric motors

embodying the patented invention," see Appendix of Form to Fed. R. Civ. P. Form 16, and, consequently, is sufficient for purposes of Rule 8(a). See, e.g., Ergobilt, Inc. v. Neutral Posture Ergonomics, Inc., 1998 WL 483626, *1 (N.D. Tex. 1998) (holding, in design patent infringement case, allegation defendant "has been and still is infringing the [ ] patent by making, selling, offering to sell, and using chairs practicing the patented invention" sufficient under Rule 8(a) because allegation "conform[s]" to Form 16).  Further, where a patent complaint is sufficient under Rule 8(a) in light of the exemplar set forth in Form 16, the complaint is likewise sufficient to withstand a motion for a more definite statement. See, e.g., Dome Patent L.P. v. Permeable Techs., Inc., 190 F.R.D. 88, 90-91 (W.D. N.Y. 1999) (citing cases)

Accordingly, Creative Defendants' motion to dismiss or, in the alternative, for a more definite statements, will be denied.

**II. Motion to Strike, or, Alternatively, for More Definite Statement**

In their motion to strike or for a more definite statement, Creative Defendants argue that the prayer for an award of treble damages (see Compl., prayer for relief ¶ F), should be stricken because the complaint does not include facts to support such an award.

"A motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." Bureerong v. Uvawas, 922 F.Supp. 1450, 1479 n. 33 (C.D. Cal. 1996).  In a patent infringement case, "[u]pon a finding of willful infringement, a district court may, at its discretion, grant up to treble damages." Odetics, Inc. v. Storage Technology Corp., 185 F. 3d 1259, 1274 (Fed. Cir. 1999)  "To willfully infringe a patent, the patent must exist and one must have knowledge of it." State Industries, Inc. v. A.O. Smith Corp., 751 F. 2d 1226, 1236 (Fed. Cir. 1985).

Here, the complaint alleges that SSC "had notice and actual knowledge of the [patents] before the filing of this suit," (see Compl. ¶¶ 27, 32, 37, 42), but does not include any allegation that Creative Defendants had knowledge of such patents, nor does it include any other allegation that, if proven, might support an award of treble damages.  Nichia argues one may "presume[ ] that [SSC] informed the Creative Defendants . . . of the

patents-in-suit." (See Pl.'s Opp. to Defs.' Mot. to Strike at 4:14-18.)  Even assuming, arguendo, such notice would suffice to support a finding of willfulness, the instant complaint includes no allegation from which any such presumption could be drawn.[1]

Accordingly, the prayer for treble damages, as applicable to Creative Defendants, will be stricken.[2]

**CONCLUSION**

For the reasons stated:

1. Creative Defendants' motion to dismiss or, alternatively, for a more definite statement is hereby DENIED.

2. Creative Defendants' motion to strike is hereby GRANTED, and the prayer for treble damages, as applicable to Creative Defendants, is STRICKEN, without prejudice to Nichia's seeking leave to amend in the event it has, or becomes aware of, a factual basis for such prayer for relief.

**IT IS SO ORDERED.**

Dated: May 9, 2006

MAXINE M. CHESNEY
United States District Judge

---

[1] Nichia also argues that a finding of willful infringement can be based solely on a defendant's conduct during litigation and, consequently, that a plaintiff need not plead any facts to support willfulness.  Although at least one court has noted that bad faith conduct during the course of litigation "might be viewed as evidence of another wrong, that is, evidence that the acts of infringement were 'willful' or 'in bad faith,'" see Sharper Image Corp. v. Honeywell Int'l Inc., 222 F.R.D. 621, 629 n. 14 (N.D. Cal. 2004), Nichia cites no authority holding that a finding of willful patent infringement can be based solely on how a party conducts litigation, cf. id. (distinguishing "'bad faith' conduct of litigation from culpability accompanying the infringing behavior itself").

[2] In light of this ruling, the Court need not address Creative Defendants' alternative motion for a more definite statement.

4