UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>        Plaintiff(s),<br><br>  v.<br><br>SEOUL SEMICONDUCTOR, LTD., ET AL.,<br><br>        Defendant(s).<br>_____/ | No. C-06-00162 MMC (JCS)<br><br>**NOTICE OF REFERENCE AND ORDER RE DISCOVERY PROCEDURES**<br><br>(E-FILING CASES) |

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter has been referred to the undersigned for all discovery matters. Please be advised that if a specific motion was filed before the District Court **prior to this referral**, the noticed date may no longer be in effect. All hearing dates are subject to the availability of the Court's calendar. Please contact the Courtroom Deputy, Karen Hom, at (415) 522-2035, to confirm or, if necessary, reschedule the hearing date. Regardless of whether the Court reschedules the hearing date, all opposition and reply papers shall be timely filed according to the originally noticed hearing date, pursuant to Civil L. R. 7-3.

LAW AND MOTION PROCEDURES

Civil law and motion is heard on Friday mornings, at 9:30 a.m., Courtroom A, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California.

Motions to compel may be noticed without reserving a hearing date, subject to the Court's availability.

Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than 35 days notice pursuant to Civil L. R. 7-2. Alternatively, any party may seek an

order shortening time under Civil L. R. 6-3 if the circumstances justify that relief. In emergencies during discovery events, the Court is available pursuant to Civil L. R. 37-1(b).

In the event a **discovery dispute** arises, IT IS HEREBY ORDERED that before filing any discovery motion before this Court, the parties must comply with the following:

1. Lead trial counsel for both parties must meet and confer *in person* regarding the matter(s) at issue. This meeting shall occur after other efforts to resolve the dispute, such as telephone, e-mail, teleconference, or correspondence, have been unsuccessful. Once those efforts have proved unsuccessful, any party may demand a meeting of lead trial counsel to resolve a discovery matter. Such a meeting shall occur within ten (10) business days of the demand. The locations of the meetings shall alternate. The first meeting shall be at a location selected by counsel for Plaintiff(s). If there are any future disputes, the next such meeting shall be held at a location to be determined by counsel for Defendant(s), etc.

2. Within five (5) business days of the in-person meeting between lead trial counsel referred to above, the parties shall jointly file a detailed letter with the Court, which will include the matters that remain in dispute, a detailed substantive description of each side's position on each such issue, and a description of each side's proposed compromise on each such issue.

3. After the Court has received the joint letter, the Court will determine what future proceedings, if any, are necessary.

In the event that the parties continue to be unable to resolve the matters regarding the timing and scope of discovery, the Court will consider what future actions are necessary. These actions may include the following: (1) sanctions against a party failing to cooperate in the discovery process and meet and confer in good faith, as required by this Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court; and/or (2) requiring the Chief Executive Officers of each party to attend the in-person, meet-and-confer sessions described above. The Court is not entering either of these matters as an Order of the Court at this time, and fully expects counsel to meet their obligations under this Order and under the Local Rules.

1    A party or counsel has a continuing duty to supplement the initial disclosure when required
2 under Fed. R. Civ. P. 26(e)(1).

**COURTESY COPIES**

All documents shall be filed in compliance with the Civil Local Rules. Documents not filed in compliance with those rules will not be considered by the Court.

BEFORE NOON ON THE NEXT BUSINESS DAY FOLLOWING THE ELECTRONIC FILING, THE PARTIES ARE REQUIRED TO LODGE DIRECTLY WITH CHAMBERS ONE **PAPER** COPY OF EACH DOCUMENT, WHICH IS TO BE DESIGNATED "JCS'S CHAMBERS' COPY." All filings of documents relating to motions referred to the undersigned shall list the civil case number and the district court judge's initials, followed by the designation "(JCS)".

The failure of counsel or a party to abide by this Order may result in sanctions pursuant to Fed. R. Civ. P. 16(f).

IT IS SO ORDERED.

Dated: October 19, 2006

JOSEPH C. SPERO
United States Magistrate Judge

3