**ATTORNEYS FOR PLAINTIFF NICHIA CORPORATION**

Jason M. Julian (CA Bar No. 215342)
Foley & Lardner LLP
One Maritime Plaza, Sixth Floor
San Francisco, CA 94111-3404
Telephone: (415) 434-4484
Facsimile: (415) 434-4507
jjulian@foley.com

Michael D. Kaminski (admitted *pro hac vice*)
Kenneth E. Krosin (admitted *pro hac vice*)
Shaun R. Snader (admitted *pro hac vice*)
Foley & Lardner LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
mkaminski@foley.com
kkrosin@foley.com
ssnader@foley.com

Michael J. Song (CA Bar No. 243675)
Foley & Lardner LLP
1530 Page Mill Road
Palo Alto, CA 94304-1125
Telephone: (650) 856-3700
Facsimile: (650) 856-3710
msong@foley.com

**ATTORNEYS FOR DEFENDANTS SEOUL SEMICONDUCTOR, INC. AND SEOUL SEMICONDUCTOR, LTD.**

Beth H. Parker (CA Bar No. 104773)
Judith S. H. Hom (CA Bar No. 203482)
Chi Soo Kim (CA Bar No. 232346)
Tom Clifford (CA Bar No. 233394)
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, California 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
beth.parker@bingham.com
judith.hom@bingham.com
chisoo.kim@bingham.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nichia Corporation | Case No: 3:06-CV-0162 (MMC) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| Seoul Semiconductor, Ltd., Seoul Semiconductor, Inc., Creative Technology, Ltd., Creative Labs, Inc., and Creative Holdings, Inc. | Judge: Maxine M. Chesney |
| Defendants. | |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, Plaintiff Nichia Corporation, and Defendants Seoul Semiconductor, Ltd. and Seoul Semiconductor, Inc., hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1. <u>Party</u>: any party to this action, including all of its officers, directors,

employees, consultants, retained experts, and outside counsel (and their support staff).

2.2. <u>Disclosure of Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c), including, but not limited to, all information or items, and any copies thereof, that is produced for or disclosed to a Receiving Party, that a Producing Party, including any Party and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute confidential research, development, technical, financial, or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons; and that has been so designated by the Producing Party.

2.4. <u>"Highly Confidential - Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means, including, but not limited to, all information or items, and any copies thereof, that is produced for or disclosed to a Receiving Party, that a Producing Party, including any Party and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to contain trade secrets, proprietary financial or technical data or commercially sensitive competitive information, including, but not limited to, Confidential Information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"), Confidential Information relating to future products not yet commercially released, strategic plans, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

2.5. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

from a Producing Party.

2.6. Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8. Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.9. Outside Counsel: attorneys, as defined below, who are not employees of a Party but who are retained to represent or advise a Party in this action, including supporting clerical personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters, but excluding patent professionals who are not attorneys at law.

Outside counsel for Nichia Corporation means U.S. registered attorneys from the law offices of Foley & Lardner, LLP; Kim & Chang; and Abe Law & Patent Firm.

Outside counsel for Seoul Semiconductor, Ltd. and Seoul Semiconductor, Inc. means U.S. registered attorney Jennifer Jonak and U.S. registered attorneys from the law offices of Bingham McCutchen LLP and Shin & Kim.

2.10. House Counsel: attorneys who are employees of a Party, including supporting clerical personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters.

2.11. Counsel (without qualifier): Outside Counsel and House Counsel, including supporting clerical personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters.

2.12. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or

of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13. <u>Professional Vendors</u>: persons or entities retained by a party that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) or non-technical jury or trial consulting services, and their employees and subcontractors.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

The following information is not Protected Material:

    (a) any information that at the time of disclosure to the Receiving Party is in the public domain;

    (b) any information that, after its disclosure to the Receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order;

    (c) any information that the Receiving Party can show by dated written records was already known to it prior to the disclosure;

    (d) any information that the Receiving Party can show by written records was received by it after disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; and

    (e) any information which the Receiving Party can show by dated written records was independently developed by it after the time of disclosure by personnel who have not had access to the Producing Party's Protected

Material.

4. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. **DESIGNATING PROTECTED MATERIAL**

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take reasonable care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

    (a)    <u>for information in documentary form</u> (apart from transcripts of

depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") so that it is conspicuous on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for

protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to thirty (30) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order. All parties shall treat the entire deposition transcript as designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for thirty (30) days after the testimony is given.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If it is not feasible to mark the item as required by this Order, the item shall be designated by the Designating Party by informing the Receiving Party of the designation in writing.

5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, and must use its best efforts to retrieve any Protected Material from any person not eligible to receive Protected Material under this Order. If this an inadvertent failure to designate situation should occur, none of the Parties shall accuse the other of breach of the Protective Order for any reasonable use made of a document during the time it was incorrectly designated.

    5.4.     <u>Inadvertent or Unintentional Disclosures</u>. Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege or work product immunity or any other such applicable privilege and requests return of those documents to the Producing Party. Upon request by the Producing Party, the Receiving Party shall immediately return all copies of claimed inadvertently produced documents. Nothing herein shall prevent the Receiving Party from challenging the proprietary of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a written challenge to the Court, after returning all copies of the claimed inadvertently-produced documents. Nothing in this Protective Order is intended to preclude the Parties from challenging the asserted privilege of said documents in Court or alleging that any privilege has been waived including that the disclosure of the documents was not inadvertent. Notwithstanding the return of all copies of claimed inadvertently produced documents, the parties may retain one copy for purposes of motion practice in Court to challenge the asserted privilege.

6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    6.1.     <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not

waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2.    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith, must advise counsel for the Designating Party of the challenge in writing and identify the documents or information that the Receiving Party contends should be designated differently, and must thereafter confer directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

      6.3.    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

**7.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

      7.1.    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for

WASH_1745075.2

prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing herein shall, however, restrict a person authorized under this Order from making working copies, abstracts, digests and analyses of Protected Material for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed Protected Material under the terms of this Order. Any abstract, digest, summary or analysis that incorporates information designated Protected Material shall bear the same designation as the original. Nothing herein shall restrict a person authorized under this Order from converting or translating Protected Material into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to Protected Material, in whatever form stored or reproduced, shall be limited to persons authorized under this Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel, as defined above, to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) five (5) officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.3,

below, have been followed (and accordingly House Counsel is excluded);

   (d) the Court and its personnel;

   (e) court reporters, translators, interpreters, copy service vendors, their staffs, and Professional Vendors, to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

   (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

   (g) the author of the document or the original source of the information.

  7.3. <u>Procedures for Disclosure of Protected Material to "Experts"</u>

   (a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any Protected Material first must provide written notice to the Designating Party that, (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five (5) years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five (5) years.

   (b) A Party that provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven (7) court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

No Protected Material of the Producing Party shall be disclosed to the Expert until after expiration of the foregoing notice period. If, however, during the notice period the Producing Party serves a written objection upon the Receiving Party desiring to disclose Protected Material to the Expert, there shall be no disclosure of Protected Material to the Expert pending resolution of the objection.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 15 days. If no agreement is reached, the Party objecting to the disclosure to the Expert must file a motion objecting to the disclosure within 10 days as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is improper, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(d) If the Producing Party fails to file an objection with this seven (7) day period, then any objection to the disclosure to the Expert is waived, and the specifically identified Protected Material may thereafter be disclosed to the Expert.

7.4. Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel in this action, as defined above, to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) , and (3) as to whom the procedures set forth in paragraph 7.3, below, have been followed;

(c) the Court and its personnel;

(d) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e) the author of the document or the original source of the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10. FILING PROTECTED MATERIAL

10.1. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

### 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party including retained experts must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Such permission shall not be unreasonably withheld. Whether the Protected

Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12. MISCELLANEOUS**

12.1. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3. Federal Rules of Civil Procedure. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure. Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders.

12.4. Non-party Production. A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate material or information with the appropriate designation pursuant to the terms of this Order. A non-party's use of this Order to protect its Protected Material does not entitle that non-party access to Protected Material

produced by any party in this case.

12.5. <u>Use of Own Protected Material</u>. Nothing in this Order shall restrict a party or non-party from using its own Protected Material in any manner.

12.6. <u>Disclosure of Signed "Agreement to be Bound by Protective Order"</u>. A copy of all signed "Agreements to be Bound by Protective Order" (Exhibit A) shall be maintained by counsel of record for the Receiving Party. Upon written notice of an alleged violation of this protective order, the Receiving Party shall send a copy of all signed "Agreements to be Bound by Protective Order" to the Designating Party.

12.7. <u>Waiver of Notice</u>. Any notice requirement herein may be waived, in whole or in part, but only by a writing signed by an attorney of record for the party against whom such waiver will be effective.

12.8. <u>New Parties</u>. In the event that a new party is added, substituted, or brought in, this Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Order.

12.9. <u>Choice of Law</u>. The United States District Court for the Northern District of California, as well as those Courts having appellate jurisdiction therefrom, are responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by such courts.

12.10. Nothing in this Order shall be construed as a basis for withholding material falling within the scope of this Order or withholding information that is Protected Material. Nor shall anything in this Order be construed to bar or otherwise restrict Counsel from rendering advice to a client to this litigation with respect to this action and from referring to or relying upon an examination of materials produced. In rendering such advice or in otherwise communicating to the client, the person shall not disclose the specific content of any Protected Material unless such disclosure is permitted under the terms of this Order.

13. No Contract: This Protective Order is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the

WASH_1745075.2

parties and their respective counsel.

14. No Prejudice: Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED: November 17, 2006    By: _____
                                 MICHAEL J. SONG
                                 FOLEY & LARDNER LLP
                                 Attorneys for Plaintiff Nichia Corp.

DATED: November 15, 2006    By: _____
                                 BETH H. PARKER
                                 BINGHAM MCCUTCHEN LLP
                                 Attorneys for Defendants Seoul
                                 Semiconductor, Ltd. and Seoul
                                 Semiconductor, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: November ___, 2006    By: _____
                                 HONORABLE MAXINE M. CHESNEY
                                 United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of Nichia Corporation v. Seoul Semiconductor Co., Ltd., Seoul Semiconductor, Inc., Creative Technology, Ltd., Creative Labs, Inc., and Creative Holdings, Inc., 06-CV-0162 (MMC). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Stipulated Protective Order      3:06-CV-0162 (MMC)

WASH_1745075.2