United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>    Plaintiff(s),<br><br> v.<br><br>SEOUL SEMICONDUCTOR, LTD., ET AL.,<br><br>    Defendant(s).<br>_____/ | No. C-06-00162 MMC (JCS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR MODIFICATION OF PRETRIAL PREPARATION ORDER [Docket No. 195]** |

TO ALL PARTIES AND COUNSEL OF RECORD:

  Plaintiff has filed a Motion for Modification of Pretrial Preparation Order (the "Motion") [Docket No. 195]. Defendants opposed the Motion. The Court finds the Motion suitable for decision without oral argument pursuant to Local Rule 7-1(b). The district judge referred to the undersigned the portion of the Motion that seeks an extension of discovery deadlines.

  Plaintiff makes several arguments in favor of a continuance of the discovery deadlines in this matter.

  Plaintiff argues that a continuance of four months is appropriate because document discovery is not entirely complete and that disputes remain outstanding. This argument is without merit. The disputes raised with the Court by Plaintiff in the March 14, 2007 letter have been resolved by Court Order on March 19, 2007. The remaining significant dispute identified by Plaintiff is a dispute over the sufficiency of *Plaintiff's* document production. Defendants have taken the position that this dispute – in which *Defendants* seek additional documents – should not prevent them from completing discovery within the deadline set by the Court. Plaintiff's further assertion that more documents remain to be produced by Defendants does not justify a change in the schedule. Plaintiff

admits that it does not know what additional documents remain to be produced. Motion at 2. On the other hand, Defendants represent that their production is largely complete.[1]

Plaintiff also argues that there are too many depositions remaining in the case to allow discovery to be completed within the time deadlines set by the Court. There are, according to Plaintiff, 21.5 days of depositions to be accomplished in 22 business days. While this is undoubtedly a significant burden, it is of the parties' own making. It certainly would not justify a four-month extension sought by Plaintiff. Nonetheless, the Court is mindful of the burden this schedule places on the parties, and will therefore grant a brief extension of the discovery deadlines to allow an additional ten (10) days in which to take depositions. With this new schedule, the dates for designation of rebuttal experts and the expert discovery cutoff will not be moved. Accordingly, the parties will have completed discovery by the date scheduled by the Court in its January 22, 2007 Order. If the district judge so chooses, the date for dispositive motions and trial may remain the same.

**CONCLUSION**

For all of the foregoing reasons, the Motion is GRANTED in part and DENIED in part. The non-expert discovery cutoff is extended by ten (10) days from April 13, 2007, to April 23, 2007, for the limited purpose of taking depositions. The initial designation of experts is extended by ten (10) days from April 27, 2007, to May 6, 2007.

IT IS SO ORDERED.

Dated: March 23, 2007

JOSEPH C. SPERO
United States Magistrate Judge

---

[1] The Court is disturbed that Plaintiff also attempts to assert its own delay in production of documents as a reason to extend the deadlines in this matter. For example, Plaintiff argues that it intends to produce confidential licenses and settlement agreements with third parties as part of damages discovery only after Plaintiff receives permission from those third parties. That delay will not be allowed by the Court. Third-party confidentiality will be protected under the protective order in this case.

2