UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION, | No. C-06-00162 MMC (JCS) |
| Plaintiff(s), | **ORDER RE MOTION TO COMPEL** |
| v. | |
| SEOUL SEMICONDUCTOR, LTD., ET AL., | |
| Defendant(s). | |

On April 25, 2007, the parties wrote to the Court a joint letter (the "Joint Letter") [Docket No. 239] seeking the resolution of various issues related to document production in this case. The Court treats the Joint Letter as a "Motion to Compel."

First, Nichia seeks the production of all responsive documents created after the filing of the lawsuit in this matter. At least, that is the Court's impression – Nichia's position in the Joint Letter is not well spelled out. It may be that Nichia only seeks documents responsive to the Court's previous discovery orders, but which are dated after the commencement of this litigation. In any event, it is transparent that the Joint Letter does not sufficiently define the categories of information that Nichia seeks in this area.

To the extent the Motion is focused on post-filing documents, the Motion is DENIED. Seoul has produced post-filing damages documentation. While other documentation may be relevant under certain circumstances, the broad sweep of the Motion is certainly not justified. Moreover, it is troubling to the Court that Seoul previously alerted the Court and the parties that it was cutting off certain document productions as of the date of the filing of this litigation. *See, e.g.*, December 21,

2006 Joint Letter [Docket No. 162] and March 14, 2007 Joint Letter [Docket No. 198]. In response, the Court has already found that Plaintiff "has not met its burden of demonstrating that Defendants failed to comply with this Court's December 22, 2006 Order."

Second, Nichia seeks the production of Seoul's "monthly or quarterly profitability reports and Bill of Materials with changes over time for 902 Series LEDs . . . ." Joint Letter at 5. The documents that exist have been produced. In addition, damages information has been generated by Seoul showing unit sales and dollar sales by customers, products, and by month, the cost of goods sold, gross profits by product code, variable operating expenses by month, and monthly gross and incremental profit by product code by month. In addition, Nichia will take the deposition of a 30(b)(6) witness on damages and be able to ask questions it likes on these data. Accordingly, this portion of the Motion is DENIED.[1]

Nonetheless, Seoul has agreed to produce, if available, underlying price histories for the materials in the Bill of Materials. In addition, Seoul has agreed to produce post-litigation indemnification agreements pertaining to the 902 LED Series. Accordingly, to the extent the Motion seeks these documents, the Motion is GRANTED.

The parties are at odds as to whether or not the Joint Letter is timely. Due to the confusion on the appropriate date for cut-off for motions to compel regarding fact-discovery, the Court has determined to rule on the Motion. For clarity, the Court issues the following Order: the Court will accept no more motions to compel regarding non-expert discovery, other than motions to compel responses to specific deposition questions. Motions to compel responses to specific deposition questions during non-expert discovery must be made **no later than May 2, 2007**. Motions to compel responses to expert discovery will be governed by the Local Rules.

---

[1] Nichia's request for an order compelling Seoul to produce all of the "underlying data used to create the produced profitability report and Bill of Materials, and all similar documents from June 2004 to the present" is overbroad. Nichia has not met its burden of demonstrating that these documents – which on the face of the request could be a huge amount of data – are necessary in light of the other information that Seoul has produced on damages. While Nichia complains that these documents are necessary because many of the damages documents produced by Seoul were generated specifically for the litigation – this sort of document request goes way too far: Nichia does not request, for example, documents sufficient to test the accuracy of the data that Seoul has produced. Rather, it makes a demand for a sweeping production of underlying accounting information and data which is not demonstrably necessary to a calculation of damages.

IT IS SO ORDERED.

Dated: April 30, 2007

_____
JOSEPH C. SPERO
United States Magistrate Judge