Nancy J. Geenen
Foley & Lardner LLP
One Maritime Plaza
Suite 600
San Francisco, CA 94111
Direct Phone: (202) 672-5332
Facsimile: (415) 434-4507
ngeenen@foley.com

May 2, 2007

**VIA MANUAL FILING AND HAND DELIVERY**

Kevin M. Bovard
Bingham McCutchen, LLP
Three Embarcadero Center
San Francisco, CA 94111
Direct Phone: (415) 393-2250
Facsimile: (415) 393-2286
kevin.bovard@bingham.com

United States Magistrate Judge Joseph C. Spero
Courtroom A, 15th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

> Re:  *Nichia Corp. v. Seoul Semiconductor, Ltd., et al.*
>      **Case No. 3:06-CV-00162-MMC (JCS) (N.D. Cal)**

Dear Judge Spero:

Pursuant to Orders entered October 20, 2006 and April 30, 2007, Plaintiff Nichia Corporation and Defendants Seoul Semiconductor, Co. Ltd ("Seoul Korea") and Seoul Semiconductor, Inc. ("Seoul USA")(collectively "Seoul") submit this joint letter setting forth several discovery conflicts in need of resolution.  Subject to the October 20th Order, the parties conducted an in-person meet and confer session on these topics today, May 2, 2007.  The parties are continuing to negotiate an agreement, but given today's deadline for filing motions to compel, are submitting this joint letter. Each party's position is laid out below.

## I.  NICHIA'S POSITION

### A.  Nichia Is Entitled To Answers to its Rule 30(b)(6) Deposition Topics Regarding (1) Sales and Marketing of the Accused 902 Series LEDs and (2) Redesign of the Accused 902 Series LEDs.

Nichia seeks an order compelling Seoul to provide responses to specific deposition questions that went unanswered during the depositions of Boris Kim and Sang Min Lee.  Seoul designated these witnesses as its corporate representatives respectively for: (1) the sales and marketing of the accused 902 series LEDs and (2) the redesign of the accused LEDs.  Both of these topics were covered by 30(b)(6) deposition notices previously served by Nichia.  Nonetheless, as detailed below, Seoul's designated witnesses were unable to answer many important questions related to these topics.

#### 1.  Boris Kim could not answer a large number of questions regarding the sales and marketing of the accused  902 Series LEDs

Nichia recently took a 30(b)(6) deposition of Seoul covering the sales and marketing of Seoul's 902 series LEDs -- the very products accused of infringing Nichia's design patents.  Seoul produced Boris Kim as its corporate designee on these topics.  At the outset of his deposition, Mr.

*Nichia Corp v. Seoul Semiconductor Co. et al.,*
Case No. 3:06-CV-0162-MMC (JCS) (N.D. Cal.)

United States Magistrate Judge Joseph C. Spero
May 3, 2007
Page 2

Kim admitted that he had **no** sales or marketing responsibilities for Seoul's 902 series LED.  Not surprisingly, Mr. Kim was unable to answer many important questions regarding the sales and marketing of Seoul's 902 series LEDs.  In fact, there were 43 questions that Mr. Kim was unable to answer.  These unanswered questions are attached to this motion as Exhibit A.  While Nichia believes that it is unnecessary to go into the substance of all 43 questions, Nichia provides the following sampling of questions that went unanswered during Mr. Kim's deposition.

*First*, Mr. Kim could not answer whether Seoul Korea ever paid a commission to Seoul USA regarding sales of the accused 902 series LEDs.  Kim Dep. Tr. at 38:18-22.  This information is directly relevant to Nichia's direct infringement and damages claims.

*Second*, Seoul produced documents (SSC 14663-65) indicating that price quotes were made in the United States for the accused 902 series LEDs, and that these price quotes related to a "large program" regarding these accused LEDs.  Mr. Kim was unable to provide any meaningful testimony regarding this "large program" for the accused LEDs.  Kim Dep. Tr. at 128:3-130:15.  This information is relevant to Nichia's direct infringement claims.

*Third*, Seoul produced other documents (SSC 13748-50) indicating that there were price quotes in the United States for a Motorola project relating to the 902 series LED.  This information is relevant to Nichia's direct infringement claims against Seoul.  Nonetheless, Mr. Kim was unable to provide any meaningful testimony regarding the Motorola project referenced in SSC 13748-50.  Kim Dep. Tr. at 130:19-131:20.

*Fourth*, additional documents produced by Seoul (*e.g.*, SSC 14072) show sales of the accused 902 series LEDs to USA ELA.  Mr. Kim was unable to answer whether USA ELA, despite its name, was a United States customer of Seoul for the accused 902 series LEDs.  Kim Dep. Tr. at 212:11-213:16.  This information is also relevant to Nichia's direct infringement claims.

*Fifth*, other documents produced by Seoul (SSC 2230-33) indicate that the accused 902 series LEDs are incorporated into the Motorola RAZR V3 cellular telephone, which is sold widely throughout the United States.  Mr. Kim was unable to provide any testimony regarding the Motorola RAZR V3 telephone.  Kim Dep. Tr. at 213:20-216:6

*Sixth*, Mr. Kim was unaware if Seoul was currently selling the accused products.  Kim Dep. Tr. at 48:4-49:7.  This is directly relevant to Nichia's infringement and damages claims.

Based upon these deficiencies in Mr. Kim's testimony, Nichia requests that Seoul be ordered to produce a 30(b)(6) deponent able to answer the questions listed in Exhibit A.  These questions are relevant to Nichia's claims and essential for Nichia to adequately prepare its case against Seoul.

## 2.   Sang Min Lee was unable to answer questions regarding Seoul's attempted redesign of the accused 902 series LEDs

Through discovery, Nichia learned that Seoul has attempted to redesign the accused LEDs.  Seoul designated Sang Min Lee in response to Nichia's 30(b)(6) deposition notice regarding this topic.  When questioned about Seoul's redesign efforts, however, Mr. Lee was unable to provide

*Nichia Corp v. Seoul Semiconductor Co. et al.,*
Case No. 3:06-CV-0162-MMC (JCS) (N.D. Cal.)

United States Magistrate Judge Joseph C. Spero
May 3, 2007
Page 3

answers to 21 important questions regarding the redesign.  Nichia's unanswered questions regarding this topic are attached as Exhibit B.  A few of these unanswered questions are listed below.

*First*, Mr. Lee was unable to answer whether an evaluation of a redesign for the accused 902 series LEDs was made by Seoul regarding the United States.  Lee Dep. Tr. at 198:14-20.  This information goes directly to Nichia infringement and willfulness claims.

*Second*, Mr. Lee was unable to decipher the meaning of the term "NG," which Nichia believes to mean "no good," for a document appraising the viability of the 902 design in the United States.  Lee Dep. Tr. at 199:4-200:15.

*Third*, Mr. Lee was unable to provide any meaningful testimony regarding a document suggesting a "design change" for the accused 902 series LEDs in view of Nichia's asserted design patents.  Kim Dep. Tr. at 201:8-204:19; *see also* 205:25-209:14.

Based upon these deficiencies in Mr. Lee's testimony, Nichia requests that Seoul be ordered to produce a 30(b)(6) deponent able to answer the 21 questions listed in Exhibit B.  These questions are also relevant to Nichia's claims and essential for Nichia to adequately prepare its case against Seoul.

### 3.   Seoul is unwilling to designate another witness to supplement the deficiencies in the deposition testimony of both Boris Kim and Sang Min Lee

Despite Nichia's requests that Seoul provide another witness to supplement the deposition testimony of Mr. Kim and Mr. Lee, Seoul has refused to do so.  Seoul asserts that any unanswered questions were subsequently answered during the depositions of James Kim and Jung Wook Kim.  Nichia disputes this assertion.  In any event, Seoul refuses to accept the testimony of Jung Wook or Sang Bae Han as its 30(b)(6) testimony for the unanswered questions listed in Exhibits A and B.  Seoul's position is that Rule 30(b)(6) is a discovery tool rather than an evidentiary tool.  Seoul further asserts that to the extent Nichia has answers, it doesn't matter whether the deponent was a 30(b)(6) deponent.  Seoul's position is unsupported by the case law.  Certainly, there are evidentiary advantages to taking the deposition of a 30(b)(6) deponent versus taking the deposition of a corporate employee in his personal capacity.  *See Ericsson, Inc. v. Continental Promotion Group*, No. CV 03-00375-PHX-JAT, 2006 WL 1794750, at *4 (D. Ariz. June 27, 2006); *see also California State Auto. Ass'n v. Policy Mgmt. Sys.*, No. C-93-4232 CW, 1996 WL 45280 (N.D. Cal. Jan. 9, 1996) (noting that "these personal depositions may ***lack the force of a Rule 30(b)(6) deposition*** …") (emphasis added).  As such, Nichia requests that Seoul be ordered to produce a 30(b)(6) deponent for the specific unanswered questions listed in Exhibits A and B and related questions.

### B.   Seoul's Objections to the Deposition Testimony of Mr. Sakamoto Lack Merit.

Seoul's allegations concerning the deposition testimony of Mr. Sakamoto should be dismissed Indeed, the vast majority of Seoul's questions were improper, and can be grouped into four basic categories: (1) questions for which Seoul improperly expected Mr. Sakamoto to memorize a mountain of factual evidence without even resort to viewing the documents, (2) questions relating to Seoul's sales of the accused 902 series of LEDs, for which Mr. Sakamoto is not allowed to review the relevant documents due to the stipulated protective order, (3) questions relating to market share and damages

*Nichia Corp v. Seoul Semiconductor Co. et al.,*
Case No. 3:06-CV-0162-MMC (JCS) (N.D. Cal.)

United States Magistrate Judge Joseph C. Spero
May 3, 2007
Page 4

testimony that is more properly the realm of expert testimony and (4) questions calling for opinion testimony about hypothetical situations.

*First*, on April 20 at a meet-and-confer prior to a motion hearing, Linda Hansen, on behalf of Nichia, advised Beth Parker that there were tens-of-thousands of documents that could be arguably related to the topics for which Mr. Sakamoto was designated as Nichia's 30(b)(6) witness. Ms. Hansen advised Ms. Parker that it would be difficult to prepare Mr. Sakamoto to testify about all facts in those documents, and asked Ms. Parker to let her know if there were any specific areas of testimony for which Ms. Parker wanted Mr. Sakamoto to be prepared. Ms. Parker never responded to this request.

At the deposition, Seoul questioned Mr. Sakamoto about things such as the first date of sale of the 335 LED, the price of the 335 LED at that time, and the price of the 335 LED during specific time periods ***three to four years ago***. Seoul typically did not provide the relevant documents to Mr. Sakamoto, but instead expected him to respond from memory. Mr. Sakamoto prepared for the deposition and was able to answer most questions posed to him. However, had Seoul presented the relevant documents to Mr. Sakamoto, he could have answered more questions posed to him. Seoul's failure to present the documents to Mr. Sakamoto is not the fault of Nichia. While Mr. Sakamoto could not testify from memory about the prices charged at specific times to specific Nichia customers several years ago, Nichia has already produced sales documents detailing the pricing information requested from Mr. Sakamoto. As noted, these documents were not typically shown to Mr. Sakamoto during his deposition. Additionally, questions about competitive products were responded to in interrogatories and in documents produced by Nichia.[1]

*Second,* Mr. Sakamoto was not designated as a fact witness regarding Seoul's sales of the accused 902 series LEDs. While Mr. Sakamoto was advised that certain products contain Seoul's 902 series LEDs, he was not designated to testify as to the percentage of various cell phones that contain the accused 902 series LEDs. Nor was he designated on the issue of the model numbers of products containing Seoul's 902 LEDs. It is improper for Seoul to claim that Mr. Sakamoto was unprepared for his deposition because he did not know the answers to questions far outside the scope of the 30(b)(6) topics for which he was designated to testify.

*Third*, Seoul's questions relating to calculations of damages, market share and the percentage of 335 series LEDs that entered into the United States are more properly the province of expert testimony. No fact witness for Nichia can be expected to testify about Seoul Semiconductor's share of the white side-view LED market. Indeed, as noted above, Mr. Sakamoto is not permitted to see Seoul's highly confidential information regarding its market share and sales volumes. As such, he should not be penalized for not knowing them. Nichia's damages expert will provide this information in their expert reports and during their depositions.

---

[1]     Although Mr. Sakamoto did not know about Nichia's lawsuits against other companies, Seoul has been provided with this information in response to interrogatories, requests for production of documents, and the testimony of another Nichia witness, and Seoul is also being provided with documents from that litigation. Additionally, such information is outside of the scope of the 30(b)(6) categories for which Mr. Sakamoto was produced as a witness.

*Nichia Corp v. Seoul Semiconductor Co. et al.,*
Case No. 3:06-CV-0162-MMC (JCS) (N.D. Cal.)

United States Magistrate Judge Joseph C. Spero
May 3, 2007
Page 5

*Fourth*, Seoul posed a series of hypotheticals not within the scope of topics that Mr. Sakamoto was prepared or even expected to address. Again, these questions should be posed to Nichia's experts, not its factual witnesses. Mr. Sakamoto cannot be faulted for not being able to provide detailed opinion testimony. After all, Mr. Sakamoto is a fact witness.

*Finally*, should the Court determine that Nichia needs to provide further responses to specific questions, if any, Nichia respectfully requests that it be permitted to provide written responses for the convenience of the parties and witnesses who are located in Japan. However, as noted above, Nichia believes that any unanswered questions have already been addressed through detailed damages documents produced by Nichia, or should more properly be posed to Nichia's experts.

      **C.**      **Nichia Reserves Its Rights to Compel Answers to Depositions Taken After the Discovery Cut-Off.**

Concurrently with these motions to compel, the parties have submitted a joint motion to extend the discovery cutoff for four depositions being taken after the close of fact discovery. Three of these depositions (all Seoul witnesses) were postponed by Seoul until after the close of fact discovery. Further, parties are scheduling the deposition of third-party Samsung SDI Co. Ltd. for the week of May 28, 2007.[2] Given that Nichia cannot possibly move to compel answers to questions for those depositions, at this time, Nichia seeks a limited extension for filing motions to compel answers to specific questions for these four depositions, which the parties believe will be completed by June 1, 2007.

**II.**      **SEOUL'S POSITION**

      **A.**      **Seoul Has Properly Addressed Any Issues with 30(b)(6) Deponents**

            **1.**      **Where Nichia Has Claimed Inadequate Answers From Boris Kim, Seoul Has Produced Witnesses To Address Any Unanswered Questions.**

Seoul designated Boris Kim, Seoul's Team Leader for the Export Group Department 3 and the General Manager of the Sales Division, in response to broad 30(b)(6) topics issued by Nichia, including the sales and marketing of the 902.

Nichia falsely characterizes Mr. Kim statement that he had no sales or marketing responsibilities for Seoul's 902 series LED. Actually, Mr. Kim explained that in his capacity as General Manager he did not personally bring the 902 to Seoul's customers (Kim Tr. 222), but that in his capacity as Team Leader and General Manager he managed the individuals who sell the 902, discussed with them the sales of the 902, and how Seoul communicates with its customers about the

_____

      [2]      This deposition is being taken after the close of discovery in response to an order from U.S. District Judge Castillo (Northern District of Illinois) compelling documents and deposition testimony from Samsung SDI in response to a third-party subpoena served by Nichia. Samsung SDI has been order to produce documents by May 7, 2007 and the parties expect the deposition of Samsung SDI to occur during the week of May 28th.

*Nichia Corp v. Seoul Semiconductor Co. et al.,*
Case No. 3:06-CV-0162-MMC (JCS) (N.D. Cal.)

United States Magistrate Judge Joseph C. Spero
May 3, 2007
Page 6

902.  (Kim Tr. 220-221).  He was therefore well versed in Seoul's practices and efforts to sell the 902 and answered Nichia's questions to the best of his ability.

At his deposition, Nichia proceeded to show him some 64 documents and asked him detailed questions about specific words and references contained in them.  Then, after his deposition, Nichia complained that Mr. Kim was not able to answer certain question about some of the many documents.  In an effort to accommodate Nichia, Seoul told Nichia to ask the questions of the percipient witnesses that were to follow.  Two of the subsequent witnesses were James Kim, a Sales Manager at Seoul, and Jung Wook Kim, also a Seoul Sales Manager.  Each had personal knowledge about the few documents that Mr. Boris Kim could not recall.  A third percipient witness, Mr. Sang Bae Han, who is scheduled for next will also give Nichia an opportunity to seek answers to the questions Mr. Kim could not answer.

Either way, Nichia's claims that it does not have answers to its questions are off-base.  Indeed, the six examples it cites as deficiencies are not deficiencies at all.

*First*, Nichia claims that Mr. Kim could not answer whether Seoul Korea ever paid a commission to Seoul USA.  But Nichia took the percipient deposition of the Jamie Jun, a Regional Sales Manager of Seoul USA.  At that deposition, Ms. Jun answered fully.  Jamie Jun Tr. 81:20-23 ("Q.  Has Seoul USA received commissions from Seoul Korea regarding the sales of any LEDs in 2005, that you know of?  A.  No.")  Second, Seoul has provided to Nichia documents listing the commissions paid by Seoul Korea to third party sales representatives.  *See, e.g.*, SSC 00013756.

*Second*, Nichia complains that Mr. Kim could not answer questions about price quotes that were made in the United States and a "large program."  Actually, Nichia's questions were based on a document authored by James Kim.  Nichia deposed James Kim about this email at length at his deposition.  James Kim Tr. At 124:19-127:12.  Mr. Kim, the witness best suited to answer questions about emails he wrote, gave full answers to the best of his ability. *See, e.g.,* James Kim Tr. at 125:6-22.

> Q.  Now, the first paragraph says, "You had quoted 33 cents for the 902.
> This is what I'm using on all our quotes.  You offered this due to the large
> program we will be starting in kick-off tooling within the next week."  Do
> you recall having made a quote of 33 cents per unit for the 902 LED to
> Kim Reed of Shefler-Khan?
>
> THE WITNESS:  Actually, she's not with Shefler-Khan.  Rather, she is
> with TFS.  MR. KROSIN:  Correct.  I'm sorry.  Q.  Do you recall making
> to Kim Reed, of Three Five Systems, a quote of 33 cents for the 902 series
> LED?
>
> THE WITNESS:  I think I did."

*Third*, Nichia complains that Mr. Boris Kim could not answer questions about other documents (SSC 13748-50) indicating that there were price quotes in the United States for a Motorola project relating to the 902 series LED.  Actually, this document also was an email in which James

*Nichia Corp v. Seoul Semiconductor Co. et al.,*
Case No. 3:06-CV-0162-MMC (JCS) (N.D. Cal.)

United States Magistrate Judge Joseph C. Spero
May 3, 2007
Page 7


Kim was involved, and he was questioned at length about this email at his deposition.  Again, James Kim was forthcoming in providing answers.  James Kim Tr. 127:16-132:6.

*Fourth*, Nichia complains Mr. Kim was not able to answer questions about a minor reference in a document (*e.g.*, SSC 14072) supposedly showing sales of the accused 902 series LEDs to USA ELA.  Actually, Seoul has provided Nichia a list of every customer of the 902, how much it sold, and how much revenue it has collected for each sale.  Nichia, therefore, has the answer to whether "USA ELA" was a United States customer for the 902 series.

*Fifth*, Nichia complains that other documents produced by Seoul (SSC 2230-33) indicate that the accused 902 series LEDs are incorporated into the Motorola RAZR V3 cellular telephone.  Nichia could have and should have asked Mr. Jung Wook Kim on this issue.  Indeed, he testified at length on similar documents showing the name Motorola.

*Sixth*, Nichia complains that Mr. Kim was unaware if Seoul was currently selling the accused products.  Actually, there are some twelve varieties of the 902 which have been sold at different times.  Nichia asked Boris Kim if this or that variety was currently being sold, and Mr. Kim could not remember the status of every variety of the 902.  In any case, Seoul has given to Nichia a spreadsheet showing the sales of every model of the 902, when each model was sold from June 2004 - January 2007, to whom Seoul sold them, and how much Seoul earned in revenue.

The fact is that Seoul has asked for a specific list of questions that remained unanswered after the depositions of Jung Wook Kim and James Kim so that any legitimate questions could be answered (if any actually exist) in the upcoming deposition of Seoul's Sang Bae Han.  Nichia, however, has refused to provide such a list.

Nichia's apparent gripe is not that it does not have answers to its questions, but that the answers provided by Seoul's percipient witnesses are not sufficient because these witnesses were not specifically designated as 30(b)(6) witnesses, and instead testified based on their individual, personal knowledge.  Nichia's position makes no sense.  Answers from a witness with personal knowledge are appropriate-- if not superior-- to a 30(b)(6) deponent's answer since the person testifying in his individual capacity has *actual knowledge* relevant to the question at hand.

Indeed, Rule 30(b)(6) is a discovery tool designed to streamline the discovery process when corporate entities are involved.  As one U.S. District Court noted, the purpose of the Rule is "to avoid the 'bandying' by corporations where individual officers disclaim knowledge of facts clearly known to the corporation, and to assist corporations which found an unnecessarily large number of their officers and agents were being deposed." *U.S. v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996) (citing Fed. R. Civ. P. 30(b)(6) advisory committee's note).  Nothing, however, requires a corporation to provide a 30(b)(6) answer, when a percipient witness has in fact already answered.  Indeed, an educated 30(b)(6) witness testimony cannot, by definition, be any better than that of the percipient witnesses recollection or testimony.

Nichia does not cite any case law supporting its contention that Jung Wook Kim or Sang Bae Han need be designated as 30(b)(6) witnesses to answer questions based on their personal knowledge.  Indeed, when one considers the *full* quote from one of Nichia's citations, the law supports the proposition that personal knowledge can be just as useful as testimony from a 30(b)(6) designee:

*Nichia Corp v. Seoul Semiconductor Co. et al.,*
Case No. 3:06-CV-0162-MMC (JCS) (N.D. Cal.)

United States Magistrate Judge Joseph C. Spero
May 3, 2007
Page 8

"Although these personal depositions may lack the force of a 30(b)(6) deposition, ***they tend to demonstrate the existence of a triable issue of fact.***" *California State Auto. Ass'n v. Policy Mgmt. Sys.*, No. C-93-4232 CW, 1996 WL 45280 (N.D. Cal. Jan. 9, 1996) (emphasis added).  Furthermore, the court the case (which Nichia cites) did not find any problem with the use of personal depositions instead of 30(b)(6) depositions.

Here, any questions Boris Kim was unable to answer were either already answered by James Kim or Jung Wook Kim, or can still be asked and answered at the deposition of Sang Bae Han.  Seoul is not trying to hide the ball from Nichia, and has made every effort to put forth witnesses who can answer all of Nichia's questions.  Nichia, however, has refused to cooperate.

**2.     Nichia Failed to Raise Any Issue With Sang Min Lee's Deposition Until 6:30 PM Tonight.  Without Meeting and Conferring On This Issue, It Is Improperly Raised.**

Sang Min Lee's deposition was taken on March 28-29, 2007, yet Nichia never raised any issues with his deposition until 6:30 PM tonight, May 2, 2007.  When Seoul's counsel drew attention to this fact, Nichia's counsel in turn represented that "I specifically mentioned Sang Min Lee at the meet and confer today.  His deposition was not discussed in detail since we concentrated on sales and marketing deponents and had limited time, but he was mentioned."[3]  Regardless of the fact that none of Seoul's counsel recall any mention of Sang Min Lee's name at today's meet-and-confer, the mere mention of the witness's name would  not in any way constitute meeting and conferring to resolve outstanding discovery issues.

This Court's Standing Order and the Order of October 20, 2006 require the parties to meet and confer to resolve outstanding discovery issues.  Nichia has had *more than a month* to raise any issues it had with Sang Min Lee's deposition, yet it waited until filing this joint letter to raise the subject with Seoul's counsel.  As such, Nichia's motion is untimely and improper.

**B.     Seoul Is Entitled To Answers From Nichia's 30(b)(6) Designee On the Topics Of Damages, Sales, and Marketing.**

On March 6, 2007, Seoul noticed a 30(b)(6) deposition of Nichia Corporation, specifically identifying the deposition topics of marketing and sales of the Nichia 335 LED and the factual bases for any damages Nichia seeks from Seoul.  Nichia designated Mr. Takashi Sakamoto as its 30(b)(6) deponent on each of these subjects.[4]

---

[3] Email from Michael J. Song to Kevin Bovard and Edward C. Polk, Jr., May 2., 2007.

[4] At his deposition, Mr. Sakamoto confirmed that he was Nichia's 30(b)(6) deponent on each of these topics.  "Q.  Do you understand that you have been designated to speak on behalf of Nichia in connection with the marketing and sales of the 335 product outside the United States and the factual bases for any damages Nichia seeks to recover for Seoul Semiconductor's alleged infringement of Nichia's design patents in the United States?  A.  Yes." Deposition of Takashi Sakamoto (Rough) at 12:25- 13:7.

*Nichia Corp v. Seoul Semiconductor Co. et al.,*
Case No. 3:06-CV-0162-MMC (JCS) (N.D. Cal.)

United States Magistrate Judge Joseph C. Spero
May 3, 2007
Page 9

Mr. Sakamoto's deposition took place on April 26-27, 2007.  However, Mr. Sakamoto was unable to answer a large number of questions he was asked on the designated topics, responding at least 68 times with answers of "I don't know," "I cannot recall," and the like.5

In a letter sent to Nichia on May 1, 2007, Seoul identified every question Mr. Sakamoto failed to answer, and queried whether Mr. Sakamoto's non-answers were because he personally did not know the answer or because Nichia, as a corporate entity, did not know.  For those questions which Nichia knows an answer, but which Mr. Sakamoto does not know, Seoul requested that Nichia either re-produce Mr. Sakamoto to answer those questions or produce another 30(b)(6) witness to address those topics.  After meeting and conferring, no resolution to this issue was reached.  Seoul therefore asks the court to compel Nichia to produce a 30(b)(6) deponent to answer the questions which were originally asked, but not answered, at Mr. Sakamoto's deposition (See Exhibit C).

Under Fed. R. Civ. P. 30(b)(6), the witness designated to address 30(b)(6) topics "shall testify as to matters known or reasonably available to the organization."  At Mr. Sakamoto's deposition, Seoul asked the witness reasonable, tailored questions with regard to the designated topics of damages, sales, and marketing of the 335 LED;  however, he failed to give an answer as required by Rule 30(b)(6).

Seoul's questions go to serious underlying issues of infringement and damages in this litigation.  If Nichia, as a corporate entity, knows answers to any of these questions, Seoul has a right to know and explore Nichia's answers.  It is not enough for Mr. Sakamoto to answer, "I don't know" simply because he is not knowledgeable in his personal capacity.  Where a 30(b)(6) deponent does not have the personal knowledge to testify on his designated topics, the corporate entity is obligated to "prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation."  Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989) (emphasis added); see also U.S. v. Taylor, 166 F.R.D. 356, 360-361 (M.D.N.C. 1996).  Here, Nichia failed to prepare Mr. Sakamoto adequately, and he is therefore an inadequate witness to address the 30(b)(6) topics for which he was designated.

Because Nichia failed to properly answer questions under the topics identified in Seoul's March 6, 2007 Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6), Seoul asks the Court to compel Nichia to either fully educate and re-produce Mr. Sakamoto to answer questions on damages, sales, and marketing, or alternatively to produce a witness who can capably answer questions on these 30(b)(6) topics.

### C.  The Court Has Already Established May 2, 2007 As the Cutoff For Motions To Compel.

In its Order of April 30, 2007, this Court established a cutoff date of May 2, 2007 for discovery-related Motions To Compel.  The Court should enforce this cutoff date.

---

[5]         See, e.g., Deposition of Takashi Sakamoto (Rough) at 18:18-19; 19:12-14.

Nichia Corp v. Seoul Semiconductor Co. et al.,
Case No. 3:06-CV-0162-MMC (JCS) (N.D. Cal.)

United States Magistrate Judge Joseph C. Spero
May 3, 2007
Page 10

## III.     CONCLUSION

Because the parties cannot agree as to the issues set forth above, they respectfully request resolution of these disputes by the Court at its earliest convenience.

Respectfully,

DATED:  May 3, 2007              By: _____/s/_____
                                     NANCY J. GEENEN
                                     FOLEY & LARDNER LLP
                                     Attorneys for Plaintiff Nichia Corp.

DATED:  May 3, 2007              By: _____/s/_____
                                     KEVIN M. BOVARD
                                     BINGHAM MCCUTCHEN LLP
                                     Attorneys for Defendants Seoul
                                     Semiconductor, Ltd. and Seoul
                                     Semiconductor, Inc.

*Nichia Corp v. Seoul Semiconductor Co. et al.,*
Case No. 3:06-CV-0162-MMC (JCS) (N.D. Cal.)