IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>SEOUL SEMICONDUCTOR, LTD., et al.,<br><br>    Defendant / | No. 05-4374 MMC<br><br>(consolidated with C-05-3560 MMC)<br><br>**ORDER DENYING IN PART AND DEFERRING IN PART RULING ON PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENT UNDER SEAL; DIRECTIONS TO PLAINTIFF** |

    Before the Court is plaintiff's administrative motion, filed April 17, 2007, to file under seal a letter dated April 17, 2007, as well as nine exhibits attached to the Declaration of Kenneth E. Krosin, which plaintiff offers in connection with said letter. Plaintiff represents that material referenced in the letter and in the exhibits has been designated by defendants as confidential.

    Under the Local Rules of this District, where a party seeks to file under seal any material designated as confidential by another party, the submitting party must file a motion for a sealing order. See Civil L.R. 79-5(d). "Within five days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality." Id. "If the designating party does not file its responsive declaration as required by this subsection, the document or

proposed filing will be made part of the public record." Id.

Here, the designating parties, defendants, did not file a responsive declaration within the time provided under Civil Local Rule 79-5(d). On May 4, 2007, however, defendants filed a Supplemental Declaration of Judith S. H. Hom, which defendants offered in support of a different administrative motion, and in which the declarant, in a footnote, asserts that plaintiff's letter dated April 17, 2007, as well as Exhibits A-H to the Declaration of Kenneth E. Krosin are confidential. (See Supp. Hom Decl. at 3:22-25.) Notwithstanding defendants' failure to explain the untimely filing of such declaration to the extent it is intended to support plaintiff's April 17, 2007 administrative motion, the Court will exercise its discretion to consider such declaration for such purpose, and rules as follows.

First, because defendants do not claim Exhibit I to the Declaration of Kenneth E. Krosin is confidential, plaintiff's motion is DENIED to the extent plaintiff seeks leave to file said exhibit under seal. Accordingly, plaintiff is hereby DIRECTED to file, no later than May 14, 2007, Exhibit I in the public record. If plaintiff fails to timely comply, the Court will strike such exhibit.

As to the remaining documents plaintiff seeks leave to file under seal, defendants' showing is deficient. "A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(a). "The request must be narrowly tailored to seek sealing only of sealable material," id., in other words, a party cannot file an entire document under seal merely because some portion therein is, or may be, confidential. Here, it is clear from a review of the subject documents that substantial portions thereof cannot be characterized as confidential. (See, e.g., Krosin Decl. Ex. A (discussing positions deponent held with defendants); id. Ex. H ¶¶ 1-11 (setting forth objections to interrogatories, essentially in boilerplate form without any discussion of defendants' business).[1]

---

[1] These examples are illustrative, and are not intended as an exhaustive listing of the material that plainly is not confidential.

Defendants are hereby afforded leave to file, no later than May 14, 2007, a supplemental declaration setting forth the specific portions of the subject documents that are confidential and, as to each such portion, setting forth the reason(s) why such portion is "privileged or protectable as a trade secret or otherwise entitled to protection under the law." See Civil L.R. 79-5(a). Accordingly, the Court DEFERS, until May 14, 2007, ruling on plaintiff's motion, to the extent plaintiff seeks leave to file under seal plaintiff's letter dated April 17, 2007 and Exhibits A-H to the Declaration of Kenneth E. Krosin.

**IT IS SO ORDERED.**

Dated: May 10, 2007

MAXINE M. CHESNEY
United States District Judge