1   !BINGHAM McCUTCHEN LLP
    BETH H. PARKER (SBN 104773)
2   beth.parker@bingham.com
    MONTY AGARWAL (SBN 191568)
3   monty.agarwal@bingham.com
    JUDITH S. H. HOM (SBN 203482)
4   judith.hom@bingham.com
    CHI SOO KIM (SBN 232346)
5   chisoo.kim@bingham.com
    THOMAS S. CLIFFORD (SBN 233394)
6   tom.clifford@bingham.com
    Three Embarcadero Center
7   San Francisco, California  94111-4067
    Telephone:  (415) 393-2000
8   Facsimile:  (415) 393-2286

9   Attorneys for Defendants
    Seoul Semiconductor, Co., Ltd. and
10  Seoul Semiconductor, Inc.

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

15
    Nichia Corporation,                  No. 3:06-CV-0162 (MMC)
16
                    Plaintiff,           SEOUL SEMICONDUCTOR CO., LTD.
17                                       AND SEOUL SEMICONDUCTOR,
         v.                              INC.'S MOTION TO EXCLUDE THE
18                                       TESTIMONY OF COOPER C.
                                         WOODRING
    Seoul Semiconductor Co., Ltd., Seoul
19  Semiconductor, Inc.,
                                         Date:      July 27, 2007
20              Defendants.              Time:      9:00 a.m.
                                         Place:     Courtroom 7, 19th Floor
21                                       Judge:     Hon. Maxine M. Chesney

22

23

24                  REDACTED VERSION
        ORIGINAL SUBMITTED UNDER SEAL
25

26

## TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION .................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 1

I.    INTRODUCTION ........................................................................................ 1

II.   FACTS ...........................................................................................................

     A.    Mr. Woodring's Lack Of Qualifications To Testify As An Expert In This Matter ....................................................................................................... 3

     B.    Mr. Woodring's Opinions ..................................................................... 4

     C.    Mr. Woodring's Opinions Are Not Based On Sufficient Facts Or Data As Required Under Rule 702, But Are Based On Startlingly Insufficient Information ............................................................................................... 4

     D.    Mr. Woodring's Opinion Regarding Inventor Intent Is Based Solely On Inadmissible Hearsay ........................................................................... 6

III.  STATEMENT OF ISSUES TO BE DECIDED ....................................... 6

IV.  ARGUMENT ............................................................................................... 7

     A.    Mr. Woodring Is Not Qualified To Testify As An Expert In This Matter And His Testimony Is Not Based On Sufficient Facts Or Data As Required Under Rule 702 ...................................................................... 7

          1.    The Legal Standard: Experts Must Be Qualified And Their Testimony Must Be Reliable and Relevant ................................. 7

          2.    Mr. Woodring Is Not Qualified To Testify As An Expert In This Matter ................................................................................................ 8

          3.    Mr. Woodring's Testimony Is Not Based On Sufficient Facts Or Data As Required Under Rule 702 ............................................ 9

          4.    Mr. Woodring Admits That He Has No Basis For His Opinion That SSC Copied Nichia's Design Patents In Suit ...................... 10

     B.    Mr. Woodring Is Not Qualified To Opine On The Viewpoint Of An Ordinary Observer ............................................................................... 11

          1.    The Legal Standard: The Ordinary Observer Is A Purchaser, Not A "Design Expert" ...................................................................... 12

          2.    Mr. Woodring Agrees That Ordinary Observers Are Purchasers ........... 13

          3.    Mr. Woodring Agrees That He Is Not An Ordinary Observer ............... 14

          4.    The Record Already Includes Evidence From Actual Ordinary Observers So Testimony From Mr. Woodring Does Not "Assist The Trier Of Fact" In Its Infringement Analysis ...................... 16

i

1

<u>TABLE OF CONTENTS</u>
(continued)

2

Page

3

C.   Mr. Woodring Is Not An Individual Of Ordinary Skill In The Art .................... 17

4

1.   Mr. Woodring's Testimony On Point Of Novelty, Functionality, Anticipation, And Obviousness .............................................. 17

5

2.   The Court Should Adopt The Definition Of "One Of Ordinary Skill In The Art" Agreed Upon By Both Parties' Experts ....................... 17

6

3.   Mr. Woodring Is Not A Person Of Ordinary Skill In The Art ................ 19

7

4.   Mr. Woodring's Invalidity Testimony Should Be Excluded Under Rule 702 Because It Is Not Reliable And He Does Not Have Specialized Knowledge To Qualify As An Expert On Invalidity .......... 20

8

9

5.   If The Court Does Not Exclude Mr. Woodring, At Minimum, The Court Should Give No Weight To His Testimony On Invalidity Or The Point Of Novelty Test ....................................................... 21

10

D.   Nichia's Reliance On Hearsay In Its Summary Judgment Motion Should Be Stricken .................................................................... 22

11

V.   CONCLUSION .................................................................................. 23

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NO. 3:06-CV-0162 (MMC)

SEOUL SEMICONDUCTOR DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF COOPER C. WOODRING

A/72077924.1

1

<u>TABLE OF AUTHORITIES</u>

2

<span style="float:right">Page</span>

3

<u>Cases</u>

4

*Amorgianos v. National R.R. Passenger Corp.*, 303 F.3d 256 (2d Cir. 2002) .................... 7, 8, 10

5

*Arminak & Assoc., Inc. v. Saint-Gobain Calmar, Inc.*, 424 F. Supp. 2d 1188
(C.D. Cal. 2006)........................................................................................................ 12

6

7    *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179 (9th Cir. 1988).  .................................. 23

8    *Cummins v. Lyle Industries*, 93 F.3d 362 (7th Cir. 1996)........................................................ 8

9    *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311 (9th Cir. 1995),
*cert. denied*, 516 U.S. 869 (1995)........................................................................... 7, 8

10

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)......................................... 7

11
*Elmer v. ICC Fabricating, Inc.*, 67 F. 3d 1571 (Fed. Cir. 1995)................................................ 12

12
*Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.*,
13      162 F.3d 1113 (Fed. Cir. 1998) ...................................................................... 3, 12, 13

14    *Gorham Mfg. Co. v. White*, 81 U.S. 511 (1872) ................................................................... 3, 12

15    *Graham v. John Deere Co.*, 383 U.S. 1 (1966) ........................................................................ 17

16    *In re Cornwall*, 230 F.2d 457 (CCPA 1956) ........................................................................... 13

17    *In re Nalbandian*, 661 F.2d 1214 (CCPA 1981) ..................................................................... 17

18    *In re Stevens*, 173 F.2d 1015 (CCPA 1949) ........................................................................... 13

19    *In re Webb*, 916 F.2d 1553 (Fed. Cir. 1990)............................................................................ 13

20    *IXYS Corp. v. Advanced Power Tech., Inc.*, 321 F. Supp. 2d 1133 (N.D. Cal. 2004)................ 18

21    *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999)........................................................ 7

22    *Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186 (Fed. Cir. 1988) ................................................ 12

23    *Motorola, Inc. v. Alexander Mfg. Co.*, 786 F. Supp. 808 (N.D. Iowa 1991) ........................ 18, 21

24    *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396 (Fed. Cir. 1997)................................... 12

25    *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254 (9th Cir. 1984)........................................... 22

26

TABLE OF AUTHORITIES
(continued)

Page

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), *cert. denied*, 126 S. Ct. 1332 (2006).................................................................................................. 17

*Rambus, Inc. v. Infineon Technologies AG*, 222 F.R.D. 101 (E.D. Va. 2004) ............................ 22

*Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992) ........................................................... 12

*Static Control Components, Inc. v. Lexmark Int'l, Inc*, --- F. Supp. 2d ----, 2007 U.S. Dist. LEXIS 31445 (E.D. Ky. 2007) ................................................................... 13

*Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058 (9th Cir. 2003)................................ 22

*U.S. v. Lundy*, 809 F.2d 392 (7th Cir. 1987)................................................................................. 22

*Unidynamics Corp. v. Automatic Prods. Int'l.*, 157 F.3d 1311 (Fed. Cir. 1998) ........................ 12


Statutes

35 U.S.C. § 103.............................................................................................................................. 17

Rules

Fed. R. Evid. 104(a)................................................................................................................... 1, 7

Fed. R. Evid. 702 .................................................................................................................. passim

Fed. R. Evid. 703 .................................................................................................................. passim

L. R. 7-2 ........................................................................................................................................... 1

iv

1    **NOTICE OF MOTION AND MOTION**

2        Pursuant to Federal Rules of Evidence 104(a), 702 and 703 and Civil Local Rules

3    7-2, Defendants Seoul Semiconductor Co., Ltd. ("SSC") and Seoul Semiconductor, Inc.

4    (collectively "Seoul") move the Court to exclude the testimony of Cooper C. Woodring, one of

5    Plaintiff Nichia Corporation's liability experts.  The parties respectfully request that the motion

6    be heard before the Court on July 27, 2007, at 9:00 a.m. with the parties' motions for summary

7    judgment because Nichia relies extensively and on some issues, exclusively, on Mr. Woodring in

8    its Motion for Summary Judgment, or at any other time the Court deems appropriate.[1]

9        Seoul respectfully requests that the Court exclude the reports and testimony of

10   Mr. Woodring 1) because he is not qualified to testify as an expert in this matter and his

11   testimony is not based on sufficient facts or data; 2) as an ordinary observer; 3) as one of

12   ordinary skill in the art.  Seoul also respectfully requests that the Court strike Nichia's reliance

13   on Mr. Woodring in Nichia's Motion for Summary Judgment, including those portions of

14   Nichia's Motion relying on inadmissible hearsay.

15   **MEMORANDUM OF POINTS AND AUTHORITIES**

16   **I.    INTRODUCTION**

17       Nichia retained two liability experts, Mr. Woodring and Dr. E. Fred Schubert.[2]

18   Both Mr. Woodring and Dr. Schubert opined on infringement in their opening expert reports.

19   Both experts reviewed and responded to the report of Seoul's liability expert, Mr. Richard A.

20   Flasck.  In rebuttal, Mr. Woodring opined on the invalidity grounds of hidden in use,

21   functionality, anticipation, and obviousness.  And Dr. Schubert opined on the invalidity grounds

22   of functionality and obviousness.  Nichia relies on Mr. Woodring's testimony extensively in its

23   _____

24   [1]    The parties are concurrently filing a Stipulated Request And [Proposed] Order to shorten

25   time to hear Seoul's motion on July 27, 2007, with Nichia's Motion for Summary Judgment.
     [2]    Seoul has retained one liability expert, Mr. Richard A. Flasck.

26

SEOUL SEMICONDUCTOR DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF COOPER C. WOODRING
A/72077924.1

1    Motion for Summary Judgment for its claims on direct infringement and defenses to invalidity

2    on anticipation, obviousness, and functionality.  Seoul moves to exclude Mr. Woodring and

3    strike Nichia's reliance on Mr. Woodring in its Motion for Summary Judgment.

4            Mr. Woodring is not qualified to testify as an expert in this matter on

5    infringement or invalidity, the topics for which his testimony is presented.  Mr. Woodring's

6    testimony should also be excluded because it is not based on sufficient facts or data.

7            On infringement and hidden in use, Mr. Woodring is not an ordinary observer and

8    his testimony does not "assist the trier of fact" as the record already includes evidence from

9    actual ordinary observers.  "Design experts" are not ordinary observers and regardless,

10   Mr. Woodring has never designed an LED.

11           On invalidity and the point of novelty test for infringement, Mr. Woodring lacks

12   the basic qualifications of one of ordinary skill in the art.  He does not come close to meeting the

13   definition agreed upon by Nichia's other liability expert, Dr. Schubert, and Seoul's liability

14   expert, Mr. Flasck.

15           In its Motion for Summary Judgment, Nichia relies solely on Mr. Woodring's

16   testimony regarding what the inventor of Nichia's patents told Mr. Woodring, and offers it for

17   the truth of the matter-- ████████████████████████████████████████████████████

18   ████████████████████████████████████████   This is inadmissible hearsay and should be

19   stricken from Nichia's Motion.

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

II.     **FACTS**[3]

       A.     **Mr. Woodring's Lack Of Qualifications To Testify As An Expert In This Matter**

Mr. Woodring is an industrial designer. ███████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████  As a point of reference for the Court, Mr. Richard A. Flasck,

Seoul's liability expert, has selected, designed, and developed several LED products and

prototypes over the last 15 years of his total 35 years of product design experience.[4]  Declaration

of Chi Soo Kim In Support Of Seoul's Motion For Claim Construction And For Summary

Judgment ("Kim Decl."), Updated Ex. LL at 5 (Fla. Rpt.) (Docket Nos. 319-2 & 319-3); Ex. C,

Tr. 6:2-13:4 (Fla.).

---

[3]    The facts regarding the parties and underlying action are set forth in Seoul's Motion for Claim Construction and for Summary Judgment (Docket Nos. 288 and 289) and are not repeated here.

[4]    Mr. Flasck has other experience relevant to LEDs with backlighting, LCDs, semiconductor display chips, surface mount technology boards, and injection molds.  Kim Decl., Updated Ex. LL at 5 (Fla. Rpt.); Ex. C, Tr. 6:2-13:4 (Fla.).  He also has experience in manufacturing and the supply chain of optical components.  Ex. C, Tr. 13:5-14:8 (Fla.). Mr. Flasck is also an ordinary observer because he has evaluated and had responsibility for selecting LEDs to incorporate into products as a purchaser.  Ex. C, Tr. 9:17-11:21 (Fla.).  The ordinary observer is the purchaser of the accused product.  *See Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1872); *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.*, 162 F.3d 1113, 1117 (Fed. Cir. 1998).  All of this experience has been outside of this litigation.

1       **B.**     **Mr. Woodring's Opinions**

2            Nichia retained Mr. Woodring as an expert witness on infringement and he opines

3 that SSC's 902-BUe and 902-BX1e LEDs, two models of the accused 902 series, infringe

4 Nichia's design patents in suit. Declaration of Kenneth Krosin In Support Of Nichia's Motion

5 For Summary Judgment ("Krosin Decl."), Ex. 19 at ¶¶ 7, 8, 66 (Woodring Infringement Rpt.)

6 (Docket No. 303). Mr. Woodring also submitted a rebuttal report to the report of Seoul's expert,

7 Mr. Flasck, on the invalidity of Nichia's design patents in suit. Krosin Decl., Ex. 35 at ¶ 2

8 (Woodring Rebuttal Rpt.). Mr. Woodring was deposed on May 30, 2007. Nichia relies

9 extensively upon Mr. Woodring's testimony in its Motion for Summary Judgment (Docket Nos.

10 299-302).

11            On invalidity, Mr. Woodring opines on a number of issues: 1) On hidden in use,

12 he opines that LEDs are a matter of concern though hidden in use because they are "visible

13 during at least a portion of their commercial life"; 2) On functionality, he opines that Nichia's

14 patents are valid because their designs are not primarily functional, each feature of Nichia's

15 patents is not "dictated by function" because there are several ornamental design choices, and the

16 inventor of Nichia's patented designs told Mr. Woodring that he intended to create an

17 ornamental design; 3) On anticipation, he opines that Nichia's patents are not anticipated by

18 Fairchild Semiconductor's SC70 package design and Mr. Flasck does not identify a single prior

19 art reference identical in all material respects to the claimed design; and 4) On obviousness, he

20 opines that it would not have been obvious to one of ordinary skill in the art to create Nichia's

21 designs by modifying the SC70 package or Nichia's 215 device, combining the SC70 package

22 with knowledge of one of ordinary skill in the art, or combining the SC70 package with the

23 Matsushita patent, JP 984224. *See* Krosin Decl., Ex. 35 at ¶¶ 7-98 (Woo. Rebuttal Rpt.).

24       **C.**     **Mr. Woodring's Opinions Are Not Based On Sufficient Facts**
                    **Or Data As Required Under Rule 702, But Are Based On**
25                     **Startlingly Insufficient Information**

26            Mr. Woodring's opinions are based on incomplete and inadequate information

4

1   and do not meet Rule 702's pre-requisite that expert testimony be based on sufficient facts or

2   data.

3          In preparation of his Infringement Report, ████████████████████

4   ████████████████████████████████████████████████████████

5   ████████████████████████████████████

6          For his Rebuttal Report, Mr. Woodring only reviewed *portions* of six, of the

7   twenty non-expert witnesses deposed by May 9th, depositions selected and provided to him by

8   Nichia's counsel.  Ex. A, Tr. 42:20- 44:9 (Woo.) ███████████████████

9   ████████████████████; Potter Decl. ¶ 2.  Mr. Woodring reviewed portions of the

10  following depositions:  Dan Doxsee (Nichia America), Jeong Ju Kim (Namotek), Bang Gun Kim

11  (Hyundai LCD), Hidehiko Naete (Stanley Electric Company), Akira Onikiri (Citizen

12  Electronics), and Hiroyshi Tominaga (Nichia).  Krosin Decl., Ex. 35 at Ex. 11 (Woo. Rebuttal

13  Rpt.).  ████████████████████████████████████████

14  ████████████████████████████████████████████

15  ████████████████████████████████████████████

16  ████████████████████████████████████████████

17  ████████████████████████

18  ████████████████████████████████████████████████

19  ████████████████████████████████████████████████

20  ████████████████████████████████████████████████

21  ████████████████████████████████████████████

22  ████████████████████████████████████████████

23  ████████████████████████████████████████████

24  ████████████████████████████████████████████

25  ████████████████████████████████████████████

26  ████████████████████████████████████████

SEOUL SEMICONDUCTOR DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF COOPER C. WOODRING

A/72077924.1

1 ███████████████████████████████████████

2 ████████████ Section II.D below.

3     Several, actual ordinary observers have been deposed in this matter including

4 Jeong Ju Kim of Namotek, Bang Gun Kim of Hyundai LCD, and Dong-Hwan Lee of Samsung

5 SDI.[5]

6     **D.**   **Mr. Woodring's Opinion Regarding Inventor Intent Is Based Solely On Inadmissible Hearsay**

7     Mr. Woodring concedes that his opinion that ██████████████

8 ████████████████████████████

9

10 ████████████████████████████

11 ████

12 ██████████████████

13 ██████████████

14 ████████████████████████

15 ████

16 Ex. A, Tr. 175:16-21 (Woo.).  In its Motion for Summary Judgment, Nichia relies solely on this

17 inadmissible testimony for its assertion that Mr. Ishida intended his designs to be ornamental.

18 (Nichia Mot. at 35)

19 **III.**   **STATEMENT OF ISSUES TO BE DECIDED**

20     1)  Whether the testimony and expert reports of Mr. Woodring should be

21 excluded because he is not qualified to testify as an expert in this matter on infringement or

22 validity and his testimony is not based on sufficient facts or data.

23

24 ————————————

25 [5]    Mr. Flasck is also an ordinary observer because he has evaluated and had responsibility for selecting LEDs to incorporate into products as a purchaser.  Ex. C, Tr. 9:17-11:21 (Fla.).

26

1    2)   Whether Mr. Woodring should be precluded from opining on the viewpoint of

2    an ordinary observer because he agrees that he is not an ordinary observer and his testimony does

3    not "assist the trier of fact" as the record includes evidence from actual ordinary observers.

4    3)   Whether Mr. Woodring should be precluded from testifying as or opining on

5    the viewpoint of one of ordinary skill in the art because he is not one of ordinary skill in the art

6    and does not even meet the definition agreed upon by both Seoul's liability expert, Mr. Flasck,

7    and Nichia's other liability expert, Dr. Schubert.

8    4)   Whether the portions of Nichia's Motion for Summary Judgment relying on

9    hearsay to establish that the inventor of the designs embodied in the patents-in-suit intended his

10   designs to be ornamental and that the final design reflects his "aesthetic choices" should be

11   stricken.

12   **IV.    ARGUMENT**

13        **A.    Mr. Woodring Is Not Qualified To Testify As An Expert In
               This Matter And His Testimony Is Not Based On Sufficient**

14        **Facts Or Data As Required Under Rule 702**

15   As described in Section II.B above, Mr. Woodring opines on infringement and

16   validity.  His testimony should be excluded because he is not qualified as an expert in the

17   relevant field of LEDs and his testimony is not reliable because it is not based on sufficient facts

18   or data.  *See* Fed. R. Evid. 104(a) and 702.

19        1.    The Legal Standard:  Experts Must Be Qualified And Their
               Testimony Must Be Reliable and Relevant

20

21   The rules governing the admissibility of expert testimony ensure and require its

     reliability and relevance.  Fed. R. Evid. 702 & 703; *Kumho Tire Co., Ltd. v. Carmichael*, 526
22
     U.S. 137, 149-52 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590,
23
     592-95 (1993); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1317 (9th Cir.
24
     1995) (on remand) ("*Daubert II*"), *cert. denied*, 516 U.S. 869 (1995).  The Court is charged with
25
     a gatekeeping function to ensure that only expert testimony that is reliable and "relevant to the
26

                                        7                          NO. 3:06-CV-0162 (MMC)

1   task at hand" is admitted.  *Daubert*, 509 U.S. at 597; *see Kumho Tire*, 526 U.S. at 152;

2   *Amorgianos v. National R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002); *Daubert II*, 43

3   F.3d at 1316-17.

4           There are five requirements for the admission of expert testimony.  First, a

5   witness must qualify as an expert under Rule 702 by establishing expertise based on his

6   knowledge, skill, experience, training, or education in the relevant field.  Fed. R. Evid. 702.  A

7   witness who may be qualified as an expert in one particular field may not be qualified as an

8   expert in another, even if related, field.  *See Amorgianos*, 303 F.3d at 270 (industrial hygienist

9   not qualified to testify on general medical causation); *Cummins v. Lyle Industries*, 93 F.3d 362,

10  366-68 (7th Cir. 1996); *Daubert II*, 43 F.3d at 1317-18, 1318 n.9 (excluding plaintiffs' experts

11  who had expertise in their respective fields, but not in the specific issue in the case).

12          Second, the testimony must consist of scientific, technical, or other specialized

13  knowledge.  Fed. R. Evid. 702.  Third, the testimony must "assist the trier of fact."  *Id.*  Fourth,

14  the testimony must be reliable, which is established if it is based on sufficient facts or data, is the

15  product of reliable principles and methods, and the expert has applied the principles and methods

16  reliably to this case.  *Id.*  Whether the expert opinion is a product of independent research or was

17  formulated for the litigation is a "very significant fact" in determining its reliability.  *Daubert II*,

18  43 F.3d at 1317.  Fifth, the testimony must be based on matters "perceived by or made known to

19  the expert" or "matters reliably relied upon by experts in the particular field."  Fed. R. Evid. 703.

20          2.    Mr. Woodring Is Not Qualified To Testify As An Expert In
                    This Matter

21

22          Mr. Woodring is not qualified to testify as an expert in this matter on

23  infringement or invalidity and his testimony should be excluded.  *See* Fed. R. Evid. 702.

24  **No Experience, Knowledge, or Training in the Relevant Field.**

25

26          This "very significant fact" weighs heavily against the

1    admissibility of Mr. Woodring's testimony. *See Daubert II*, 43 F.3d at 1317-18, 1318 n.9 (while

2    plaintiffs' scientists were "experts in their respective fields" and well-published in those fields,

3    the fact that they did not study the *specific* issue in the case, i.e., the effect of a drug on certain

4    types of birth defects, *before* being hired to testify as experts established that their testimony was

5    not reliable and should be excluded) (affirming summary judgment for defendants where

6    testimony of plaintiffs' experts was excluded); Fed. R. Evid. 702, advisory committee's note

7    (2000).

8

9

10

11

12    As a point of reference for the Court, Mr. Flasck has selected, designed, and developed

13    several LED products and prototypes over the last 15 years of his total 35 years of product

14    design experience.[6] Kim Decl., Updated Ex. LL at 5 (Fla. Rpt.); Ex. C, Tr. 6:2-13:4 (Fla.).

15    **No Relevant Educational Degrees**. Mr. Woodring is an industrial designer.

16

17    the educational areas which both Mr. Flasck and

18    Dr. Schubert agree are necessary here for one of ordinary skill in LED technology. *See* Kim

19    Decl., Updated Ex. LL at 10 (Fla. Rpt.); Krosin Decl., Ex. 8 at ¶ 73 (Sch. Rebuttal Rpt.).

20        3.    <u>Mr. Woodring's Testimony Is Not Based On Sufficient</u>
21              <u>Facts Or Data As Required Under Rule 702</u>

22        Mr. Woodring's testimony is based on incomplete and inadequate information

23    and does not meet Rule 702's pre-requisite that expert testimony be based on sufficient facts or

24    data. *See* Fed. R. Evid. 702 & 703; Section II.C above.

25    6      *See supra* n.4.

26



1  [REDACTED]

2  [REDACTED] *See* Ex. A, Tr. 42:20-

3  56:16 (Woo.); *see also* Section II.C above.  Mr. Woodring's principles and methods could not

4  have been reliably applied to the facts of this case because he did not really review the facts.

5        Mr. Woodring opines on almost every issue in this litigation (*see* Section II.B

6  above), but didn't review the relevant documents or testimony.  [REDACTED]

7  [REDACTED]

8  [REDACTED]

9  [REDACTED]

10  *See* Section II.C above; *Amorgianos*, 303 F.3d at 268 (excluding testimony of plaintiffs' expert

11  for unsound methodology where data was available to the expert but he inexplicably "did not

12  find it necessary" to include them in his calculation).  Like the excluded expert in *Amorgianos*,

13  [REDACTED]

14  [REDACTED]

15  [REDACTED]

16  [REDACTED]

17        4.    <u>Mr. Woodring Admits That He Has No Basis For His</u>
       <u>Opinion That SSC Copied Nichia's Design Patents In Suit</u>

18  [REDACTED]

19  [REDACTED] Nichia relies exclusively on Mr. Woodring's testimony in its Motion for

20  Summary Judgment for its assertion that SSC "must have copied" Nichia's design patents in

21  suit.[7]  (*See* Nichia Mot. at 9-11)

22  [REDACTED]

23

24  _____

25  [7]  [REDACTED]

26  [REDACTED]

1

2

3

4

5

6       **B.      Mr. Woodring Is Not Qualified To Opine On The Viewpoint
            Of An Ordinary Observer**

7

8       Mr. Woodring opines that SSC's 902-BUe and 902-BX1e LEDs are substantially

9   the same as Nichia's patented designs in the eyes of an ordinary observer.  Krosin Decl., Ex. 19

10  at ¶¶ 33-58 (Woo. Infr. Rpt.).  He opines that both models infringe Nichia's design patents

11  because, in part, the ordinary observer test is satisfied.  Krosin Decl., Ex. 19 at ¶¶ 7, 8, 66 (Woo.

    Infr. Rpt.).

12
         Mr. Woodring further opines that LEDs are a matter of concern though hidden in
13
    use because they are "visible during at least a portion of their commercial life."  Krosin Decl.,
14
    Ex. 35 at ¶¶ 7-16 (Woo. Rebuttal Rpt.).
15
         The Court should preclude Mr. Woodring from opining on the viewpoint of an
16
    ordinary observer and exclude such testimony and portions of his expert reports because
17
    1) Mr. Woodring himself agrees that he lacks even the basic qualifications of an ordinary
18
    observer; 2) "design experts" are not ordinary observers and even if they were, Mr. Woodring's
19
    design experience is not in the relevant field of sideview SMD LEDs; and 3) the record already
20
    includes evidence from actual ordinary observers so testimony from Mr. Woodring is extraneous
21
    and does not "assist the trier of fact" in its infringement analysis.
22

23  _____

24  [8]     In its Motion for Summary Judgment, Nichia repeatedly cites to Mr. Woodring's
25  deposition testimony for the proposition that the "designs are so similar that Seoul must have
    copied Nichia's product."  (Nichia Mot. at 9-11, 13).
26

1.   The Legal Standard:  The Ordinary Observer Is A
Purchaser, Not A "Design Expert"

Nichia must show that the patented designs and Seoul's 902s series LEDs are substantially the same "in the eye of an ordinary observer, given such attention as a purchaser usually gives." *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1872).  **The ordinary observer is the purchaser of the accused product.** *See id.*; *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.*, 162 F.3d 1113, 1117 (Fed. Cir. 1998).  Two designs are only substantially the same "if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Gorham*, 81 U.S. at 528.  The deception must stem from ornamental, not functional, features. *Unidynamics Corp. v. Automatic Prods. Int'l.*, 157 F.3d 1311, 1323 (Fed. Cir. 1998); *Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988).  Where a patented design is composed of both functional and ornamental features, to prove infringement "a patent owner must establish that an ordinary person would be deceived by reason of the common features in the claimed and accused designs which are ornamental." *Elmer v. ICC Fabricating, Inc.*, 67 F. 3d 1571, 1577 (Fed. Cir. 1995); *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997) (quoting *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 825 (Fed. Cir. 1992)).

As the Supreme Court and Federal Circuit have emphasized, "***Gorham* counsels against measuring the similarity of designs from the viewpoint of experts in design.**" *Goodyear Tire*, 162 F.3d at 1117 (affirming finding of no infringement and determination that the ordinary observer of the accused tire tread was a prospective purchaser of truck tires, i.e., a trucker or fleet operator) (emphasis added); *see Gorham*, 81 U.S. at 527-28 ("Experts, therefore, are not the persons to be deceived.").  "The reason *Gorham* cautioned against using experts as ordinary observers in most cases was that experts in most cases are not purchasers of the relevant items." *Arminak & Assoc., Inc. v. Saint-Gobain Calmar, Inc.*, 424 F. Supp. 2d 1188, 1199-1200 (C.D. Cal. 2006) (holding no infringement of design patents in declaratory judgment action and

12

1   that the ordinary observer was a purchaser of the accused product).

2   "The standard is whether such a **purchaser** would be misled, by the design

3   similarity imparted to the article by the copier, to think that it is the patentee's design that is

4   being purchased. Thus **the focus is on the actual product that is presented for purchase, and**

5   **the ordinary purchaser of that product**." *Goodyear Tire*, 162 F.3d at 1117 (emphasis added).

6   For hidden in use, an object hidden during its normal use cannot be a "matter of

7   concern" to customers. *See In re Webb*, 916 F.2d 1553, 1557 (Fed. Cir. 1990) (citing *In re*

8   *Stevens,* 173 F.2d 1015, 1016 (CCPA 1949), and *In re Cornwall*, 230 F.2d 457 (CCPA 1956)

9   (affirming rejection of design claim for vent tube put in wall)); *Static Control Components, Inc.*

10  *v. Lexmark Int'l, Inc*, --- F. Supp. 2d ----, 2007 U.S. Dist. LEXIS 31445, *37-38 (E.D. Ky. 2007).

11  The hidden in use inquiry is also conducted from the viewpoint of a purchaser.

12  Here, Mr. Woodring is not an ordinary purchaser-- in fact,

13

14

15  2.   Mr. Woodring Agrees That Ordinary Observers Are Purchasers

16

17

18

19

20

21

22

23

24  Ex. A, Tr. 97:11-19 (Woo.) (emphasis added).

25

26

3.  <u>Mr. Woodring Agrees That He Is Not An Ordinary Observer</u>

Mr. Woodring openly admits in his report and deposition that he is not an ordinary observer, not even as he defines one.  Krosin Decl., Ex. 19 at ¶ 57 (Woo. Infr. Rpt.); Ex. A, Tr. 139:7-16, 101:8-19, 15:17-16:4 (Woo.).

Ex. A, Tr. 101:8-19, 139:7-16 (Woo.) (emphasis added).

NO. 3:06-CV-0162 (MMC)

SEOUL SEMICONDUCTOR DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF COOPER C. WOODRING

A/72077924.1

1        Nichia cannot circumvent the ordinary observer test by introducing testimony

2    from Mr. Woodring on this issue as a "design expert."[9]  Mr. Woodring has further disqualified

3    himself from opining on the viewpoint of ordinary observers for two reasons.

4        First, Mr. Woodring's testimony and circular logic goes against the whole point of

5    the ordinary observer test.  According to Mr. Woodring, as a design expert, he is "more visually

6    discriminating and more attentive to visual nuances" than the ordinary observer.  Krosin Decl.,

7    Ex. 19 at ¶ 57 (Woo. Infr. Rpt.); *see* Ex. A, Tr. 100:23-101:7 (Woo.).

8

9

10

11

12

13        Second, even if the Court were to assume that Mr. Woodring is a design expert

14    and Nichia were to somehow substitute the Supreme Court's ordinary observer test with

15    Mr. Woodring's design expert test, Mr. Woodring is still not qualified because his design

16    expertise is not in the relevant field of sideview SMD LEDs, or any LEDs for that matter.  *See*

17    *also* Section II.A above.

18

19

20

21    _____

22    [9]    Seoul does not contend that an expert witness cannot be an ordinary observer, but
       Mr. Woodring, by his own admissions, is clearly not one.  In fact, Mr. Flasck is an ordinary
23    observer.  *See supra* n.4.  He has evaluated and had responsibility for selecting LEDs to
       incorporate into products as a purchaser.  Ex. C, Tr. 9:17-11:21 (Fla.).  Mr. Flasck has also
24    selected, designed, and developed several LED products and prototypes over the last 15 years.
       Ex. C, Tr. 6:2-13:4 (Fla.).
25    [10]    Mr. Dong-Hwan Lee was deposed after Nichia served Mr. Woodring's rebuttal report and
       Mr. Woodring was deposed.

26

4. The Record Already Includes Evidence From Actual Ordinary Observers So Testimony From Mr. Woodring Does Not "Assist The Trier Of Fact" In Its Infringement Analysis

Only expert testimony that "will assist the trier of fact" is permitted.  Fed. R. Evid. 702.  Mr. Woodring's testimony here adds nothing.  The record already includes ample evidence from actual ordinary observers/ purchasers of sideview LEDs and the trier of fact can draw its own inferences from this available evidence.  Jeong Ju Kim of Namotek, Bang Gun Kim of Hyundai LCD, and Dong-Hwan Lee of Samsung SDI are all ordinary observers.[11]  (*See also* Seoul Mot. for Summary Judgment at 9-14, 20-21, 30) (describing testimony by ordinary observers).

Jeong Ju Kim, Namotek's director of sales, production, manufacturing, development, and component technology, for the past three years has decided which LEDs to incorporate into Namotek's BLUs.  Ex. E, Tr. 26:21-27:5 (J.J. Kim).  Namotek is a BLU manufacturer.

Bang Gun Kim, an Associate Engineer in the Research and Development Department at Hyundai LCD, designs and develops LCD modules containing LEDs and is responsible for selecting and purchasing components for new LCD modules.  Ex. F, Tr. 17:21-25, 18:5-8, 18:20-21; 19:21-24, 20:16-22:17 (B.G. Kim).  Hyundai LCD makes LCD modules.  *Id.* at Tr. 80:20-25.

---

[11]   In addition, Mr. Flasck qualifies as an ordinary observer.  *See supra* n.4.

[12]   Because he has no independent knowledge of these facts, this testimony should be excluded.

1      Dong-Hwan Lee

2

3

4      By contrast, Mr. Woodring is not an ordinary observer.  His testimony as a self-

5  proclaimed design expert outside the relevant field of sideview LEDs will not assist the trier of

6  fact in determining infringement under the ordinary observer test.  *See* Sections II.A and IV.B.3

7  above.  Because testimony from Mr. Woodring, who does not qualify as an ordinary observer,

8  regarding the viewpoint of ordinary observers does not assist the trier of fact under Rule 702, it

9  should be excluded.

10  **C.**     **Mr. Woodring Is Not An Individual Of Ordinary Skill In The Art**

11

12          1.     Mr. Woodring's Testimony On Point Of Novelty, Functionality, Anticipation, And Obviousness

13      Mr. Woodring opines on the point of novelty test for infringement and the

14  invalidity grounds of functionality, anticipation, and obviousness.  *See* Section II.B above.

15  Nichia relies extensively on Mr. Woodring's testimony in its Motion for Summary Judgment.

16  The Court should exclude Mr. Woodring's testimony and strike Nichia's reliance on Mr.

17  Woodring in its Motion for Summary Judgment on these issues.

18          2.     The Court Should Adopt The Definition Of "One Of Ordinary Skill In The Art" Agreed Upon By Both Parties'
19                 Experts

20      In design patent cases, one of ordinary skill in the art is a "designer of ordinary

21  capability who designs articles of the type presented in the application."  *In re Nalbandian,* 661

22  F.2d 1214, 1216 (CCPA 1981) (noting consistency with the requirement in *Graham v. John*

23  *Deere Co.,* 383 U.S. 1 (1966), that the level of ordinary skill in the pertinent art be determined);

24

25

26

17                                NO. 3:06-CV-0162 (MMC)

1   *see* 35 U.S.C. § 103.[13]  Experts who do not meet the standards of one of ordinary skill in the art

2   cannot opine on a design's obviousness, anticipation, or other invalidity grounds.  *See Motorola,*

3   *Inc. v. Alexander Mfg. Co.*, 786 F. Supp. 808, 813-14 (N.D. Iowa 1991) ("Defendant, however,

4   failed to establish the level of ordinary skill in the relevant art or that the expert possessed the

5   necessary skill in the relevant art to evaluate obviousness.").

6           Courts often adopt the definition of a person of ordinary skill in the art proposed

7   by a party's expert.  *See IXYS Corp. v. Advanced Power Tech., Inc.*, 321 F. Supp. 2d 1133, 1148-

8   49 (N.D. Cal. 2004) (adopting definition proposed by plaintiff's expert and not disputed by

9   defendant, specifying the educational level and experience of a person of ordinary skill in the

10  art).  The Court should adopt the definition agreed upon by both Seoul's liability expert, Mr.

11  Flasck, and Nichia's other liability expert, Dr. Schubert:  "an individual with an undergraduate

12  degree in materials science, physics, chemistry, electrical, mechanical, or optical engineering.

13  This individual would have the ability to apply sound engineering principles and practices in

14  design activity.  By virtue of education and/or experience he or she would be familiar with

15  semiconductor packaging, injection molding, surface mount technology, optical engineering, and

16  design and manufacture" of LEDs.[14]  *See* Kim Decl., Updated Ex. LL at 10 (Fla. Rpt.); Krosin

17  Decl., Ex. 8 at ¶ 73 (Sch. Rebuttal Rpt.) (agreeing with Mr. Flasck's definition and narrowing

18  definition to experience with LEDs, not the broader category of consumer electronics, design and

19  manufacture).

20

21

22  _____

23  [13]    *See also Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005), *cert. denied*, 126
    S. Ct. 1332 (2006) ("That starting point is based on the well-settled understanding that inventors

24  are typically persons skilled in the field of the invention and that patents are addressed to and
    intended to be read by others of skill in the pertinent art.").

25  [14]  ████████████████████████████████████████████████████████

26  ████████████████████

                                    18                          NO. 3:06-CV-0162 (MMC)

3.   <u>Mr. Woodring Is Not A Person Of Ordinary Skill In The Art</u>

Mr. Woodring is not a person of ordinary skill in the art.

█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████

Mr. Woodring does not come close to meeting the parties' definition of an individual of ordinary skill in the art in the field of side view SMD LEDs.  *See* Kim Decl., Updated Ex. LL at 10 (Fla. Rpt.); Krosin Decl., Ex. 8 at ¶ 73 (Sch. Rebuttal Rpt.).

█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████

---

[15] █████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████



4.   <u>Mr. Woodring's Invalidity Testimony Should Be Excluded Under Rule 702 Because It Is Not Reliable And He Does Not Have Specialized Knowledge To Qualify As An Expert On Invalidity</u>

As described above, Mr. Woodring's invalidity testimony should also be excluded because it is not reliable under Rule 702. *See* Sections II.A, II.C and IV.A.

**"It's not rocket science."** In addition, Mr. Woodring admits that he does not have any specialized knowledge to qualify as an expert on invalidity.

20

NO. 3:06-CV-0162 (MMC)

1
2
3
4
5
6
7
8
9
10
11
12



13                        *Id.*; *see* Fed. R. Evid. 702 (permitting expert testimony of

14 scientific, technical, or specialized knowledge).

15          5.      <u>If The Court Does Not Exclude Mr. Woodring, At</u>
                        <u>Minimum, The Court Should Give No Weight To His</u>

16                         <u>Testimony On Invalidity Or The Point Of Novelty Test</u>

17          Courts accord little weight to experts who do not properly define the individual of

18 ordinary skill in the art and who themselves fail to meet the definition adopted. *Motorola*, 786 F.

19 Supp. at 813-14 ("Defendant, however, failed to establish the level of ordinary skill in the

20 relevant art or that the expert possessed the necessary skill in the relevant art to evaluate

21 obviousness. Therefore, the expert's testimony is not persuasive."). Mr. Woodring, as described

22 above, does not come close to meeting the parties' agreed upon definition of one of ordinary skill

23 in the art. At minimum, like *Motorola*, the Court should not give any weight to Mr. Woodring's

24 testimony on the invalidity grounds of obviousness, functionality, and anticipation or the point of

25 novelty test for infringement.

26

1
2

**D.   Nichia's Reliance On Hearsay In Its Summary Judgment Motion Should Be Stricken**

3

Federal Rule of Evidence 703 clearly provides that an expert may not serve as a

4

mere conduit for the hearsay of another. Fed. R. Evid. 703; *see Paddack v. Dave Christensen,*

5

*Inc.*, 745 F.2d 1254, 1262 (9th Cir. 1984); *U.S. v. Lundy*, 809 F.2d 392, 395 (7th Cir. 1987) (A

6

court must insure that an expert witness is testifying as an expert and not merely a conduit

7

through which hearsay is brought before the jury).  Rule 703 compels the use of a balancing test

8

to determine whether the evidence is admissible.  *See also Turner v. Burlington N. Santa Fe R.R.*

9

*Co.,* 338 F.3d 1058, 1061-62 (9th Cir. 2003); *Rambus, Inc. v. Infineon Technologies AG,*

10

222 F.R.D. 101, 111 (E.D. Va. 2004).  This balancing test is weighed against the admission of

11

such evidence.  The 2000 Advisory Committee Note to Rule 703 states that "[t]he amendment

12

provides a presumption against disclosure to the jury of information used as the basis of an

13

expert's opinion and not admissible for any substantive purpose, when that information is offered

14

by the proponent of the expert."  *Turner,* 338 F.3d at 1062.

15

Numerous courts have applied these provisions to exclude expert testimony.  In

16

*Paddack,* for example, the court found that audit reports were hearsay and that the expert could

17

not rely on such evidence to establish the truth of what they assert.  745 F.2d at 1262.  In *Turner,*

18

the court found that because the probative value that would result from the admission of a lab

19

report relied upon by the expert did not substantially outweigh its prejudicial effect, the expert

20

was not allowed to testify about the report.  338 F.3d at 1062.  In *Rambus,* the court found that

21

Rambus' expert witnesses could not testify to the Initial Decision of the administrative law judge

22

in the Federal Trade Commission's case against Rambus because "the probative value of the

23

Initial Decision in assisting the jury to evaluate Rambus' experts' opinions would not

24

substantially outweigh the prejudicial effect that the introduction of the Initial Decision would

25

engender."  222 F.R.D. at 111-12.

26

1  ████████████████████████████████████████

2  ████████████████████████████████████████

3  ███████████████████████ In this case, as in those cited above, Nichia cannot

4  use its expert to serve as a conduit for hearsay testimony to establish Mr. Ishida's intent; doing so

5  is highly prejudicial and inappropriate, especially so on a motion for summary judgment. *Beyene*

6  *v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988) ("It is well settled that only

7  admissible evidence may be considered by the trial court in ruling on a motion for summary

8  judgment."). In addition, Mr. Woodring is not an expert on the intent of a LED patent designer

9  and his testimony cannot "assist the trier of fact." Fed. R. Evid. 702.

10  Nichia's assertions in its Motion for Summary Judgment regarding Mr. Ishida's

11  intent should be stricken because they are based solely on inadmissible hearsay testimony from

12  Mr. Woodring and he lacks the qualifications to opine on the intent of a LED patent designer.

13  **V.    CONCLUSION**

14  Seoul respectfully requests that the Court exclude the reports and testimony of

15  Mr. Woodring 1) because he is not qualified to testify as an expert in this matter and his

16  testimony is not based on sufficient facts or data; 2) as an ordinary observer; and 3) as one of

17  ordinary skill in the art. Seoul also respectfully requests that the Court strike Nichia's reliance

18  on Mr. Woodring in Nichia's Motion for Summary Judgment, including those portions of

19  Nichia's Motion relying on inadmissible hearsay.

20  DATED: June 29, 2007                    Bingham McCutchen LLP

21

22

23                              By:_____/s/ Chi Soo Kim_____
                                                Chi Soo Kim
24                                          Attorneys for Defendants
                                     Seoul Semiconductor, Co., Ltd., and
25                                         Seoul Semiconductor, Inc.

26