Bingham McCutchen LLP
BETH H. PARKER (SBN 104773)
beth.parker@bingham.com
MONTY AGARWAL (SBN 191568)
monty.agarwal@bingham.com
JUDITH S. H. HOM (SBN 203482)
judith.hom@bingham.com
CHI SOO KIM (SBN 232346)
chisoo.kim@bingham.com
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286

Attorneys for Defendant
Seoul Semiconductor Co., Ltd. and
Seoul Semiconductor, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Nichia Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Seoul Semiconductor Co., Ltd., Seoul Semiconductor, Inc.,<br><br>    Defendants. | No. 3:06-CV-0162 (MMC)<br><br>**DEFENDANTS' SEOUL SEMICONDUCTOR CO., LTD. AND SEOUL SEMICONDUCTOR, INC.'S OPPOSITION TO NICHIA CORPORATION'S MOTION FOR SUMMARY JUDGMENT OF PATENT INFRINGEMENT, VALIDITY AND SEOUL'S EQUITABLE DEFENSES**<br><br>Date:    July 27, 2007<br>Time:    9:00 a.m.<br>Place:    Courtroom 7, 19th Floor<br>Judge:    Hon. Maxine M. Chesney |

**REDACTED VERSION -
ORIGINAL FILED UNDER SEAL**

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF ISSUES | 2 |
| III. | SUMMARY JUDGMENT FOR SEOUL, NOT NICHIA, IS WARRANTED ON NICHIA'S DIRECT INFRINGEMENT CLAIM | 2 |
| | A. No Ornamental Features: Summary Judgment for Seoul | 2 |
| | B. No Evidence of Deception: Summary Judgment for Seoul | 3 |
| | C. No Appropriation of Ornamental Point of Novelty: Summary Judgment for Seoul | 4 |
| | D. At a Minimum There Are Disputed Issues | 6 |
| | E. Sales and Offers to Sell in the United States | 9 |
| IV. | NICHIA'S SUMMARY JUDGMENT ON SEOUL'S INVALIDITY DEFENSES SHOULD BE DENIED | 12 |
| | A. Nichia's '388 and '385 Design Patents Are Anticipated | 12 |
| |    1. Seoul Does Not Claim the '538 and '784 Patents Are Anticipated | 13 |
| |    2. The '388 and '385 Patents Are Anticipated | 13 |
| |       a. The Spatial Relationship between the Two Electrodes Is Not Part of the Claimed Design | 14 |
| |       b. Nichia Cannot Rely on Woodring for its Anticipation Claim | 15 |
| |       c. The SC70 Package Anticipates Both the '388 and '385 Patents | 16 |
| |       d. The '106 Patent Anticipates Both the '388 and '385 Patents | 17 |
| | B. Nichia's Patents Are Obvious | 18 |
| |    1. Nichia Ignores KSR | 19 |
| |    2. Nichia's Design Patents Were an Obvious Solution to a Known Problem | 20 |
| |    3. Nichia's Arguments Do Not Warrant Summary Judgment In Its Favor | 22 |
| |       a. Flasck Applied the Correct Test | 22 |
| |       b. The '538 and '784 Patents are Obvious in Light of the Prior Art | 22 |
| |       c. The '388 and '385 Patents are Obvious in Light of the Prior Art | 24 |
| | C. The Court Should Determine Which Features Are Functional During Claim Construction | 26 |
| | D. Nichia's Design Patents Claim Functional Features | 26 |
| |    1. Each of the Elements, As Well As the Overall Appearance, Are Functional | 27 |

TABLE OF CONTENTS
(continued)

| | | | Page |
|---|---|---|---|
| | 2. | The "Alternative" Designs Nichia Cites Are Not Relevant | 29 |
| | | a. Because All of the Alternatives Post Date the Invention, None Can Be Considered | 29 |
| | | b. Even If Some "Alternatives" Were Relevant, Their Existence Is Only One of Several Considerations | 31 |
| | 3. | Nichia Did Not Intend for the Chosen Designs to Have Aesthetic Considerations | 33 |
| V. | SUMMARY JUDGMENT FOR NICHIA ON SEOUL'S UNCLEAN HANDS DEFENSE IS NOT WARRANTED | | 34 |
| VI. | SUMMARY JUDGMENT FOR NICHIA ON SEOUL'S DE MINIMIS INFRINGEMENT DEFENSE IS NOT WARRANTED | | 36 |
| VII. | CONCLUSION | | 37 |

A/72077790.1

ii

No. 3:06-CV-0162 (MMC)

DEFENDANTS' OPPOSITION TO NICHIA CORPORATION'S MOTION FOR SUMMARY JUDGMENT OF PATENT INFRINGEMENT, VALIDITY AND SEOUL'S EQUITABLE DEFENSES

## TABLE OF AUTHORITIES

Page

Cases

ADC Telecomms., Inc. v. Panduit Corp., 200 F. Supp. 2d 1022 (D. Minn. 2002) .... 26, 29, 33, 34

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) .................................................. 12

Apple Computer, Inc. v. Articulate Sys., Inc., 234 F.3d 14 (Fed. Cir. 2000) .............. 12

Aptix Corp. v. Quickturn Design Sys., 269 F.3d 1369 (Fed. Cir. 2001) ..................... 35

Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557 (Fed. Cir. 1988) ......... 19

Bernhardt, LLC v. Collezione Europa USA, 386 F.3d 1371 (Fed. Cir. 2004) ........ 2, 15, 17

Berry Sterling Corp. v. Pescor Plastics, Inc., 122 F.3d 1452 (Fed. Cir. 1997) ........ 31, 32

Best Lock Corp. v. Ilco Unican Corp., 94 F.3d 1563 (Fed. Cir. 1996) ..................... 29, 31

Block v. City of L.A., 253 F.3d 410 (9th Cir. 2001) .................................................... 34

Catalina Lighting, Inc. v. Lamps Plus, Inc., 295 F.3d 1277 (Fed. Cir. 2002) ............ 26

Contessa Food Prods., Inc. v. Conagra, Inc., 282 F.3d 1370 (Fed. Cir. 2002) .......... 2

Door-Master Corp. v. Yorktowne, Inc., 256 F.3d 1308 (Fed. Cir. 2001) ................. 14, 15

Eli Lilly & Co. v. Barr Labs., Inc., 251 F.3d 955 (Fed. Cir. 2001) ............................ 12, 16, 18

Elmer v. ICC Fabricating, 67 F.3d 1571 (Fed. Cir. 1995) ......................................... 3, 26, 29

Embrex Inc. v. Service Eng'g Corp., 216 F.3d 1343 (Fed.Cir. 2000) ........................ 36

Five Star Mfg., Inc. v. Ramp Lite Mfg., Inc., 44 F. Supp. 2d 1149 (D. Kan. 1999) ... 26

Freedman Seating Co. v. AM Seating Co., 420 F.3d 1350 (Fed. Cir. 2005), cert. denied, 546 U.S. 1150 (2006) .................................................................................... 24

Global Mfg. Group, LLC v. Gadget Universe.com, 417 F. Supp. 2d 1161 (S.D. Cal. 2006) .................................................................................................................... 30

Gorham Co. v. White, 81 U.S. 511 (1871) ................................................................... 2, 3, 15

Hupp v. Siroflex of Am., Inc., 122 F.3d 1456 (Fed. Cir. 1997) ................................. 15, 26, 29

In re Bell, 991 F.2d 781 (Fed. Cir. 1993) ..................................................................... 18

In re Borden, 90 F.3d 1570 (Fed. Cir. 1996) ............................................................... 18, 22, 24

In re Carletti, 328 F.2d 1020 (Fed. Cir. 1964) ............................................................. 27, 33

In re Mann, 861 F.2d 1581 (Fed. Cir. 1988) ................................................................ 14

TABLE OF AUTHORITIES
(continued)

Page

*In re Rosen*, 673 F.2d 388 (C.C.P.A. 1982) .................................................................. 22

*Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111 (Fed. Cir. 2004) ........................................................................................................... 29

*IXYS Corp. v. Adv. Power Tech., Inc.*, 321 F. Supp. 2d 1133 (N.D. Cal. 2004) ........... 30

*Keystone Driller Co. v. General Excavator*, 290 U.S. 240 (1933) ........................ 34, 35

*KSR Int'l Co. v. Teleflex Inc.*, ___ U.S. ___, 127 S. Ct. 1727 (2007) .............. 19, 20, 24

*L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117 (Fed. Cir. 1993) ................. 27

*Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186 (Fed. Cir. 1988) .................................. 26

*Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423 (Fed. Cir. 1984) ..................... 4, 18

*Mahurkar v. C.R. Bard, Inc.*, 2003 U.S. Dist. LEXIS 2329 (N.D. Ill. 2003) ............... 11

*Microsoft Corp. v. AT&T Corp.*, 127 S. Ct. 1746 (2007) ...................................... 10, 11

*Miles Labs., Inc. v. Shandon, Inc.*, 997 F.2d 870 (Fed. Cir. 1993), *cert. denied*, 510 U.S. 1100 (1994) ................................................................................................ 19

*Multiform Desiccants, Inc. v. Medzam Ltd.*, 133 F.3d 1473 (Fed. Cir. 1998) ............ 10

*Nat'l Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.*, 264 F. Supp. 2d 631 (N.D. Ill. 2003) ................................................................................................... 13

*OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396 (Fed. Cir. 1997) ........ 3, 17, 24, 26

*PC Connection Solutions LLC v. SmartDisk Corp.*, 406 F.3d 1359 (Fed. Cir. 2005) ........................................................................................................................... 29

*PHG Techs., LLC v. St. John Cos., Inc.*, 469 F.3d 1361 (Fed. Cir. 2006) ....... 27, 30, 31, 32

*Power Controls Corp. v. Hybrinetics, Inc.*, 806 F.2d 234 (Fed. Cir. 1986) ................ 27

*Quality Tubing, Inc. v. Precision Tube Holdings Corp.*, 75 F. Supp. 2d 613 (S.D. Tex. 1999) ................................................................................................................ 11

*Rains v. Cascade Indus., Inc.*, 402 F.2d 241 (3rd Cir. 1968) ..................................... 19

*Rockwell Int'l. Corp. v. U.S.*, 147 F.3d 1358 (Fed. Cir. 1998) .................................. 12

*Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246 (Fed. Cir. 2000) .................... 11

*Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304 (Fed. Cir. 2002) ...................... 13

*Semitool, Inc. v. Dynamic Micro Sys. Semiconductor Equip.*, 2002 U.S. Dist. LEXIS 23050 (N.D. Cal. 2002) ................................................................................. 11

TABLE OF AUTHORITIES
(continued)

Page

*Shelcore, Inc. v. Durham Indus., Inc.*, 745 F.2d 621 (Fed. Cir. 1984) .......................................... 26

*Systron-Donner Corp. v. Palomar Scientific Corp.*, 239 F. Supp. 148 (N.D. Cal. 1965) ............................................................................................................................................ 35

*Transmatic, Inc. v. Gulton Indus., Inc.*, 53 F.3d 1270 (Fed. Cir. 1995) ........................................ 12

Statutes

28 U.S.C. § 1498 ............................................................................................................................ 10

35 U.S.C § 271 ......................................................................................................................... 10, 11

A/72077790.1

v

No. 3:06-CV-0162 (MMC)

DEFENDANTS' OPPOSITION TO NICHIA CORPORATION'S MOTION FOR SUMMARY JUDGMENT
OF PATENT INFRINGEMENT, VALIDITY AND SEOUL'S EQUITABLE DEFENSES

## I. INTRODUCTION

In two separate opinions, the U.S. Supreme Court recently reaffirmed that the U.S. Patent Act was designed to promote, not stifle, innovation. They were told they could not appropriate for exclusive use obvious solutions to known problems. Parties were warned against extending the reach of U.S. patent laws beyond the boundaries of the United States. This mandate is equally, if not more, applicable to design patents. Design patents, by definition, are limited in scope to new, original and ornamental designs for articles of manufacture. 15 U.S.C. § 171.

Plaintiff Nichia Corporation's attempt to win this case on summary judgment blatantly ignores these instructions. It seeks to use a trumped up, under false pretenses purchase of Seoul's LEDs in the United States and four narrow design patents to obtain a worldwide monopoly on side view LEDs, which are exclusively manufactured and sold abroad. To do so, its motion relies almost exclusively on a liability expert who had no experience in LEDs before this case, who has never purchased an LED, who was given almost no documents to review and read almost no deposition testimony, and who, by his own admission, is neither an ordinary observer nor one of ordinary skill in the art, prerequisites to opine on infringement and invalidity.

Nichia's strategy should be rejected. Nichia's patents are invalid, and Seoul does not infringe them. This Court should determine, on claim construction, that the majority, if not all, of the features of the patents in suit are functional. If any ornamental features remain, Seoul does not infringe them.

At a minimum, Nichia's factual argument that Seoul committed acts of direct infringement in the United States is disputed. Nichia's position that its patents are not anticipated, obvious and/or functional is hotly contested by Seoul's expert. And Nichia's claim that its own unclean hands should be erased on summary judgment is wrong. For these reasons, as described more fully below, this Court should deny Nichia's motion for summary judgment.

## II. STATEMENT OF ISSUES

Nichia's motion presents six issues:

**Direct Infringement:** Is Nichia entitled to summary judgment on direct infringement?

**Invalidity - Anticipation:** Is Nichia entitled to summary judgment on Seoul's invalidity defense based on anticipation?

**Invalidity - Obviousness:** Is Nichia entitled to summary judgment on Seoul's invalidity defense based on obviousness?

**Invalidity - Functional:** Is Nichia entitled to summary judgment on Seoul's invalidity defense based on functionality?

**Unclean Hands:** Is Nichia entitled to relief in light of Seoul's unclean hands defense?

**De Minimis:** Is Nichia entitled to summary judgment on Seoul's *de minimis* defense?

## III. SUMMARY JUDGMENT FOR SEOUL, NOT NICHIA, IS WARRANTED ON NICHIA'S DIRECT INFRINGEMENT CLAIM

Nichia cannot meet its burdens under either the *Gorham* "ordinary observer" or *Litton* "point of novelty" tests for infringement. To prove infringement, it must satisfy both. *Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1377 (Fed. Cir. 2002); *Bernhardt, LLC v. Collezione Europa USA*, 386 F.3d 1371, 1378 (Fed. Cir. 2004). Accordingly, the Court should grant Seoul, not Nichia, summary judgment on Nichia's direct infringement claim. In the alternative, at a minimum, there are material disputed issues of fact and the Court should deny Nichia's motion.

### A. No Ornamental Features: Summary Judgment for Seoul

The *Gorham* test, as Nichia concedes, "compares only the ornamental features, not the functional features." (Nichia's Motion for Summary Judgment ("Nichia Mot.") at 7). Nichia fails the *Gorham* "ordinary observer" test as a matter of law. Nichia's patented designs are for "light emitting diodes," and all of the features claimed are functional. *See* Seoul's Motion

DEFENDANTS' OPPOSITION TO NICHIA CORPORATION'S MOTION FOR SUMMARY JUDGMENT
OF PATENT INFRINGEMENT, VALIDITY AND SEOUL'S EQUITABLE DEFENSES

for Summary Judgment ("Seoul Mot.") § IV.D.3. and *see* § VI below. As a result, there are no, let alone substantial, similarities of any *ornamental* features.

### B. No Evidence of Deception: Summary Judgment for Seoul

Even if there were some ornamental features, Nichia does not apply the *Gorham* test properly. *Gorham* says that "two designs are substantially the same" if the resemblance is such "as to deceive . . . an [ordinary] observer, inducing him to purchase one supposing it to be the other . . . ." *Gorham Co. v. White*, 81 U.S. 511, 528 (1871).

Nichia recites no evidence that any "ordinary observer" was ever, or ever would be, deceived into purchasing Seoul's 902 series LED (Type I or Type II, to use Nichia's nomenclature) supposing it to be Nichia's patented design. Nichia's expert, Woodring, never said anything about any deception. Actually, the evidence on this issue, which Nichia does not bring to the Court's attention, cuts against Nichia.

Testimony from typical "ordinary observers" who work for Hyundai LCD and Namotek confirmed that they do not consider the appearance in purchasing and selecting LEDs and therefore could not be deceived by any ornamental features. *See* Ex. 7, Tr. 21:9-24:3, 31:11-32:8, 48:22-49:16 (B.G. Kim); Ex. 9, Tr. 39:23-40:1, 41:16-18, 45:13-24, 50:1-24 (J.J. Kim).[1] Additionally, Dong Hwan Lee, a real-world "ordinary observer" who works for Samsung SDI – one of the world's largest LCD/LCM manufacturers –

Ex. 12, Tr. 107:4-14 (D. Lee). He said that

. *Id.* at 125:2-126:19.

Without evidence of deception based on ornamental features, Nichia cannot show Seoul's 902 series LEDs are substantially the same and survive summary judgment for Seoul on this issue. *See, e.g., OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997); *Elmer v. ICC Fabricating*, 67 F.3d 1571, 1577 (Fed. Cir. 1995).

---

[1] Jeong Ju Kim, an employee of Namotek, testified that BLU manufacturer Namotek purchases LEDs from both Seoul and Nichia. Ex. 9, Tr. 32:9-16 (J.J. Kim).

C. **No Appropriation of Ornamental Point of Novelty: Summary Judgment for Seoul**

Nichia also cannot meet *Litton's* "point of novelty" test. Nichia admits that the package or body of the LEDs claimed in Nichia's '538 and '784 patents is part of the prior art. *See* Ex. 3, 161:25-162:18 (Fla.); Ex. 13, 94:15-26, 170:5-9 (Sai.); Ex. 18, Tr. 84:4-12, 84:23-85:6, 89:2-19, 90:7-11, 115:13-116:8, 205:1-5 (Woo). As a result, as Nichia admits, the only possible source of novelty is the electrodes. Ex. 15, Tr. 135:11-17 (Sch.) ("[F]eatures of the LED body are not a point of novelty."). With respect to them, Nichia, citing its expert Woodring, only asserts "points of novelty" as to their shape and spatial arrangement. (Nichia Mot. at 12). Most of what Woodring claims is novel, however, is not. The little that remains is undisputedly functional and not appropriated.

**Woodring's Opinion May Be Disregarded:** In the first place, Woodring's opinions as to ornamentality, functionality, and points of novelty must be disregarded. Nichia's expert

*See* Ex. 18, Tr. 157:5-158:1 (Woo.); *see* Seoul's Motion to Exclude the Testimony of Cooper C. Woodring ("Mot. to Exclude")[2]; *see below* § III.D.

**'338 & '385: Spatial Arrangement Not Claimed.** Either way, as Nichia concedes, in a design patent _____

(Nichia Mot. at 8). Nichia's '388 and '385 patents disclaim the body by using broken lines. *See also* Ex. Y, (Dep. Exs. 17, 18) to the Declaration of Chi Soo Kim in Support of Seoul Semiconductor Defendants' Motion for Claim Construction and for Summary Judgment ("Kim Decl."). Accordingly, as to these two patents spatial arrangement with respect to the body is not claimed. Therefore, Seoul as a matter of law could not have "appropriated" anything about

---

[2] Seoul is separately moving to exclude the testimony of Woodring because (1) he is not qualified to testify as an expert in this matter and his testimony is not based on sufficient facts or data; (2) as an ordinary observer; and (3) as one of ordinary skill in the art. *See* Seoul Mot. to Exclude.

the spatial arrangement.

**'538 & '784: Spatial Arrangement Not Point of Novelty:** Spatial arrangement of LEDs is functional and whether it is a point of novelty is therefore irrelevant. Regardless, with respect to Nichia's '538 and '784 patents, virtually everything Woodring claimed novel about spatial arrangement is in fact not a point of novelty. Using Woodring's "verbalizations," Nichia's own '215 device, which it admits is prior art, had "legs extending below the ends of a raised bottom surface of the body." Ex. 19, (Woo. Inf. Rpt.) at 7, to the Declaration of Kenneth E. Krosin in Support of Plaintiff Nichia Corporation's Motion for Summary Judgment ("Krosin Decl."). Additionally, the SC70, a package available several years before Nichia's priority date, disclosed (1) "two spaced apart substantially right angled, L shaped brackets each ("A" in diagram below) having a vertical leg ("B") and a substantially horizontal leg ("C") and being flush with the body's bottom surface ("D"), joined by a curved radius" ("E") and (2) the height of vertical legs being a majority of the LED's height."[3]

Fla. Reb. Rpt. at 23-28.

Moreover, the '106 patent issued on June 1, 1993 also previously disclosed "L shaped" bookends that depict nearly identical rounded free corners on the vertical leg. *See* below.

**Rearward Facing is Functional:** The undisputed evidence shows that the rearward facing "spatial arrangement" of the electrodes is functional. *See* § IV.B.3.C. below.

---

[3] Nichia's Motion for Summary Judgment, at 18, inappropriately and arbitrarily mixes various views of SC70 and its design to confuse the issue.

Nichia's citation to a Seoul patent showing forward facing does not alter this conclusion. There is no evidence that Seoul ever commercially manufactured or sold any LED with such forward facing electrodes or that this design was commercially feasible. Indeed, Seoul's patented design was not commercially altered precisely because it was not as functionally desirable as the rearward facing design. *See* Declaration of Dae Hyun Chang in Support of Seoul's Motion for Summary Judgment ("Chang Decl.") at ¶ 3.

**Curved Corner Not Appropriated:** Even if Nichia's curved corners were not part of the prior art (not-qualified-expert Woodring calls them "free corner removed"), Seoul's electrodes are clipped and angled (a.k.a. chamfered) and therefore do not appropriate this aspect of Nichia's designs. Ex. 19, (Fla. Reb. Rpt.) at 27-28.[4]

### D.  At a Minimum There Are Disputed Issues

If summary judgment for Seoul is not warranted on any of the above grounds, then there are at a minimum disputed issues that prevent summary judgment for Nichia, principally whether similarities and differences render Seoul's 902 series "substantially the same" as Nichia's patented designs. There are major differences between Seoul's 902 series LED and Nichia's '538 and '784 patents.

**Opposing Expert Opinions:** Nichia's expert Woodring claims that Seoul "copied" Nichia and that Seoul's 902 series LEDs are "substantially the same" as Nichia's patents. Krosin Decl., Ex. 19, (Woo. Inf. Rpt.) at 8, 12-18. Seoul's expert Richard Flasck concluded that "three major features - the window, electrodes and the recessed rectangles - are different than those depicted in the patents in suit." Ex. 19, (Fla. Reb. Rpt.) at 15. Accordingly,

---

[4] Indeed, Nichia                                                                                   Kim Decl., Ex. HH, (Dep. Ex. 78)

); Ex. 11, Tr. 48:14-50:4 (Kis.); Ex. 17, Tr. 100:1-101:3, 104:5-11 (Tom.)

.. Ex. 11, Tr. 39:19-40:4 (Kis.); Ex. 15, Tr. 135:18-136:21 (Tom.).

1  he opined that Seoul's devices are not substantially the same. *Id.* at 14-15.

2       Even if Woodring is qualified (he is not), and his opinions were supported by evidence (they are not), *see* Seoul's Mot. to Exclude, the conflict between these opposing experts is at least enough to create genuine disputes over material facts as to whether the two designs are "substantially the same" to an "ordinary observer." Ex. 3, Tr. 6:2-13:4 (Fla.). Indeed, Nichia's assertion that the " [redacted] (Nichia Mot. at 9), is wrong. There are, as, Seoul's expert Flasck illustrates, major differences.

**Seoul's 902 v. Nichia's '538 and '784**: Nichia's '538 patent claims an opaque window. *See* Ex. 3, Tr. 83:9-13; 98:8-15; 207:20-208:1 (Fla.); Ex. 18, Tr. 125:3-5 (Woo.); Kim Decl., Ex. JJ (Dep. Ex. 22). Seoul's HWTS902 (Type I) and SWTS902 (Type II) have translucent, not opaque, windows. Ex. 3, Tr. 207:22-208:1 (Fla.); Ex. 18, Tr. 125:6-24 (Woo.). Additionally, the shapes of the windows in Seoul's series 902 LEDs are different than those claimed by Nichia's '538 and '784 patents. Nichia admits [redacted] (Nichia Mot. at 5-6); Ex. 3, Tr. 207:10-14 (Fla.); Ex. 15, Tr. 97:22-98:4 (Sch.). Neither has the peaked window that Nichia's '538 and '784 patents claim. Ex. 16, Tr. 209:5-211:9 (Smi.); Krosin Decl., Ex. 17 (Sch. Inf. Rpt.) at 18.

[Figure: Comparison of SWTS902 Window and HWTS902 Window (with Straight Top Rim, Straight Sidewalls, Flat Bottom Rim labels) versus D491,538 Window and D490,784 Window (with Peaked Top Rim, Circular Ends, Peaked Bottom Rim labels)]

Additionally, as Nichia admits, the '538 and '784 patents claim two rectangular features on the rear of the LED package that Seoul's 902 series LEDs do not have. (Nichia Mot. at 9); Ex. 11, 100:1-101:2 (Kis.); Ex. 15, Tr. 208:10-18 (Sch.); Ex. 17, 57:6-13 (Tom.); Kim Decl., Updated Ex. LL, (Fla. Rpt.) at 32-33. Nichia's '538 and '784 patents show electrodes flush with the body of the LED. *See* Kim Decl., Ex. Y, (Dep. Exs. 11, 13). Seoul's 902 series LEDs are not flush but extend below the body, as depicted below:



Finally, Nichia's '538 and '784 patents also claim electrodes with rounded corners - the '538 (first embodiment) with a greater radius of curvature and the '784 with a smaller one. Ex. 20, (Fla. Reb. Rpt.) at 25, Fig. 11. Seoul's electrodes do not have rounded corners with any radius at all, but are clipped and straight angled and therefore different than Nichia's claimed designs.



A/72077790.1

8

No. 3:06-CV-0162 (MMC)

DEFENDANTS' OPPOSITION TO NICHIA CORPORATION'S MOTION FOR SUMMARY JUDGMENT OF PATENT INFRINGEMENT, VALIDITY AND SEOUL'S EQUITABLE DEFENSES