IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHIA CORPORATION,

    Plaintiff,

  v.

SEOUL SEMICONDUCTOR CO.,LTD., et al.,

    Defendants

No. C 06-0162 MMC

**ORDER AFFORDING PLAINTIFF OPPORTUNITY TO FILE RESPONSIVE DECLARATION TO DEFENDANTS' MOTIONS TO FILE DOCUMENTS UNDER SEAL**

    Before the Court are two administrative motions to file documents under seal, filed by defendants on June 15, 2007 and June 22, 2007, respectively.

    In their June 15, 2007 motion, defendants have adequately established that the portions of the documents designated as confidential by defendants are sealable. Plaintiff, however, has failed to file a responsive declaration establishing the confidentiality of the documents defendants seek to file under seal based on plaintiff's designations. See Civil L.R. 79-5(d) (providing, where party seeks leave to file under seal document designated as confidential by another, designating party must file responsive declaration within five days "establishing that the designated information is sealable"). Under such circumstances, the Court ordinarily would deny defendants' motion to the extent defendants seek leave to file under seal documents designated as confidential by plaintiff. See id. ("If the designating party does not file its responsive declaration as required by this subsection, the document

or proposed filing will be made part of the public record."). Plaintiff has, however, endeavored to explain why at least some of the documents referenced in defendants' June 15, 2007 motion to seal are, in fact, confidential, albeit in connection with a different motion to seal, specifically, plaintiff's June 15, 2007 motion to file documents under seal offered in support of plaintiff's motion for summary judgment. (See, e.g., Supp. Julian Decl., filed June 27, 2007, ¶ 15.) Under such circumstances, it appears plaintiff has overlooked its obligation to file a declaration in response to defendants' motion.

In their June 22, 2007 motion, defendants seek only to file under seal portions of one document designated as confidential by plaintiff. Again, plaintiff has failed to file a responsive declaration, and, as stated above, ordinarily the Court would deny the motion. Whether such omission was intentional is unclear, however.

Accordingly, as to each document, or portion thereof, identified in the two above-referenced motions to seal as having been designated as confidential by plaintiff, plaintiff is hereby afforded leave to file, no later than July 6, 2007, a responsive declaration.[1]

**IT IS SO ORDERED**.

Dated: July 2, 2007

MAXINE M. CHESNEY
United States District Judge

---

[1] If, in the future, plaintiff wishes to preclude the filing of its documents in the public record, plaintiff must comply with Local Rule 79-5. No further reminder will be provided.

2