IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>SEOUL SEMICONDUCTOR CO.,LTD., et al.,<br><br>    Defendants<br>_____/ | No. C 06-0162 MMC<br><br>**ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING RULING ON IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL OPPOSITION AND CONFIDENTIAL EXHIBITS IN SUPPORT THEREOF; DIRECTIONS TO CLERK; DIRECTION TO DEFENDANTS; DIRECTIONS TO PLAINTIFF** |

    Before the Court is plaintiff's Administrative Motion to File Documents Under Seal, filed June 30, 2007, by which plaintiff seeks leave to file under seal unredacted versions of its opposition to defendants' motion for summary judgment and portions of a supporting declaration. Having reviewed the motion and the declarations offered in support thereof, the Court rules as follows:

    1. The motion is hereby GRANTED in part, and the Clerk is hereby DIRECTED to file under seal unredacted versions of the following three documents:

        a. Plaintiff Nichia Corporation's Brief in Opposition to Seoul's Motions for Summary Judgment;

        b. Corrected Declaration of Michael J. Song in Support of Plaintiff Nichia Corporation's Brief in Opposition to Seoul's Claim Construction and Motion for Summary

1 | Judgment; Confidential Exhibits Thereto (Set One); and

2 |     c. Corrected Declaration of Michael J. Song in Support of Plaintiff Nichia Corporation's Brief in Opposition to Seoul's Claim Construction and Motion for Summary Judgment; Confidential Exhibits Thereto (Set Two).

    2. Defendants assert that Exhibit 13 to the above-described Song Declaration is confidential, (see Potter Decl., filed July 5, 2007, ¶ 11.A), but also assert that they have withdrawn their prior designation that Exhibit 13 is confidential, (see id. ¶ 12). It would appear that one of defendants' two references to "Exhibit 13" was intended to be a reference to Exhibit 14. The Court hereby DIRECTS defendants to file a supplemental declaration, no later than July 30, 2007, to clarify the status of Exhibits 13 and 14. The Court hereby DEFERS ruling on plaintiff's motion, to the extent it pertains to Exhibits 13 and 14, until July 30, 2007.

    2. Defendants have designated only portions of Exhibits 31, 32, 57, 60, 69, 103, and 115 to the above-described Song Declaration as confidential, (see id. ¶¶ 4-8, Exs. A-D), have withdraw their prior designation of confidentiality as to portions of Exhibits 69, 103, and 115, (see id. ¶ 13), and have withdrawn their prior designation of confidentiality as to the entirety of Exhibits 10, 13, 22, and 23, (see id. ¶ 12). Further, although plaintiff seeks leave to file Exhibit 21 under seal, neither plaintiff nor defendants have asserted any basis to file under seal said exhibit, either in part or in its entirety. Accordingly, the motion is hereby DENIED as to such exhibits or portions thereof, and plaintiff is hereby DIRECTED to file in the public record, no later than July 30, 2007, redacted versions of Exhibits 31, 32, 57, 60, 69, 103, and 115 and the entirety of Exhibits 10, 13, 21, 22, and 23. If plaintiff fails to timely file such exhibits in the public record, the Court will not consider them in ruling on defendants' motion for claim construction and for summary judgment.

    3. Plaintiff has adequately shown that certain lengthy exhibits, specifically, Exhibits 24, 40, 43, and 58, "include" information that is confidential. (See Supp. Julian Decl., filed July 9, 2007, ¶¶ 6-8.) Plaintiff has failed to show the entirety of any of said exhibits is confidential, and portions thereof plainly are not, (see, e.g., Song Decl. Ex. 24 at 201-03

(witness discussing how a hypothetical product could be designed); id. Ex. 40 at 55 (witness testifying as to what he observed at trade show); id. Ex. 43 at 10:15-21 (witness identifying title of his position with employer); id. Ex. 58 at 5-7 (expert generally discussing "LED" products).[1]  A party may not designate an entire document as confidential on the ground that the document "includes" some confidential information.  See Civil L.R. 79-5(a) (providing request to file document under seal "must be narrowly tailored to seek sealing only of sealable material").  Accordingly, the motion is hereby DENIED to the extent plaintiff seeks to leave to file under seal the entirety of Exhibits 24, 40, 43, and 58, and plaintiff is hereby DIRECTED to file in the public record, no later than July 30, 2007, redacted versions of said exhibits.  If plaintiff fails to timely file such redacted versions in the public record, the Court will not consider them in ruling on defendants' motion for claim construction and for summary judgment.

**IT IS SO ORDERED**.

Dated: July 25, 2007

MAXINE M. CHESNEY
United States District Judge

---

[1] These examples are illustrative only.