IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHIA CORPORATION,

    Plaintiff,

v.

SEOUL SEMICONDUCTOR CO.,LTD., et al.,

    Defendants
                                 /

No. C 06-0162 MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO FILE PORTIONS OF DEFENDANTS' OPPOSITION AND SUPPORTING DECLARATION UNDER SEAL; DIRECTIONS TO CLERK; DIRECTIONS TO PLAINTIFF**

      Before the Court is defendants' "Administrative Motion to File Portions of Defendants' Opposition to Plaintiff's Brief in Support of Motions for Summary Judgment of Patent Infringement, Validity, and Seoul's Equitable Defenses and Supporting Parker Declaration Under Seal," filed June 29, 2007. Having reviewed the motion and the declarations offered in support thereof, the Court rules as follows:

      1. The motion is hereby GRANTED in part, and the Clerk is hereby DIRECTED to file under seal unredacted versions of the following two documents:

           a. Defendants Seoul Semiconductor Co., Ltd. and Seoul Semiconductor, Inc.'s Opposition to Nichia Corporation's Motion for Summary Judgment of Patent Infringement, Validity and Seoul's Equitable Defenses; and

           b. Declaration of Beth H. Parker in Support of Defendants' Opposition to Plaintiff Nichia Corporation's Brief in Support of Motions for Summary Judgment of Patent

Infringement, Validity and Seoul's Equitable Defenses.

2. To the extent defendants seek leave to file under seal Exhibits 13 and 15 to the Parker Declaration, the motion is hereby DENIED as moot because said exhibits were filed by defendants in the public record. (See Docket # 343.)

3. Plaintiff has adequately shown that "portions" of two exhibits, specifically, Exhibits 16 and 18 to the Parker Declaration, contain information that is confidential. (See Julian Decl., filed July 6, 2007, ¶ 7.) Plaintiff has not shown, however, that the entirety of those two exhibits is confidential, and portions thereof plainly are not, (see, e.g., Parker Decl., filed June 29, 2007, Ex. 16 at 29:3-11 (expert witness discussing his understanding of meaning of term "prior art"); id. Ex. 18 at 22-24 (expert witness discussing why he believes he is expert in certain fields).[1] Further, plaintiff has failed to specifically identify the portions that are confidential. A party may not designate an entire document as confidential on the ground that part of the document contains confidential information. See Civil L.R. 79-5(a) (providing request to file document under seal "must be narrowly tailored to seek sealing only of sealable material").[2] Accordingly, the motion is hereby DENIED to the extent defendants seek to leave to file under seal the entirety of Exhibits 16 and 18, and plaintiff is hereby DIRECTED to file in the public record, no later than July 30, 2007, redacted versions of Exhibits 16 and 18. If plaintiff fails to timely file such redacted versions in the public record, the Court will direct the Clerk to file the entirety of such exhibits in the public record.

**IT IS SO ORDERED**.

Dated: July 26, 2007

MAXINE M. CHESNEY
United States District Judge

---

[1] These examples are illustrative only.

[2] Defendants represent, and plaintiff has not disputed, that plaintiff designated the entirety of the two subject exhibits as confidential.

2