IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>        Plaintiff,<br>    v.<br><br>SEOUL SEMICONDUCTOR LTD., et al.,<br><br>        Defendants | No. C-06-0162 MMC<br><br>**ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFING ON CLAIM CONSTRUCTION** |

Before the Court are two motions for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure: (1) defendants Seoul Semiconductor Co., Ltd., and Seoul Semiconductor's (collectively, "Seoul") "Motion for Claim Construction and for Summary Judgment," filed June 15, 2007; and (2) plaintiff Nichia Corporation's ("Nichia") "Motions for Summary Judgment of Patent Infringement, Validity, and Seoul's Equitable Defenses." Having considered the papers filed in support of and in opposition to the above-described motions, the Court finds that neither party has provided the Court with a proposed claim construction in the manner set forth by the Federal Circuit, and hereby DIRECTS the parties to file supplemental briefing, for the limited purpose of providing a proposed claim construction, as set forth below.

In the instant action, Nichia alleges it owns four design patents, each of which asserts a claim of an ornamental design for a light emitting diode. Both parties seek, inter alia, summary judgment on the issue of whether the accused products sold or offered for

sale by Seoul infringe the subject design patents.

The first step in determining whether a design patent is infringed is to construe the design patent's claim. See Catalina Lighting, Inc. v. Lamps Plus, Inc., 295 F. 3d 1277, 1286 (Fed. Cir. 2002). "In construing a design patent claim, the scope of the claimed design encompasses its visual appearance as a whole, and in particular the visual impression it creates." Contessa Food Products, Inc. v. Conagra, Inc., 282 F. 3d 1370, 1376 (Fed. Cir. 2002) (internal quotation and citation omitted). A proper claim construction consists of a "verbal description" of the visual impression created by the claimed design. See Durling v. Spectrum Furniture Co., 101 F. 3d 100, 104 (Fed. Cir. 1996) (construing claimed design for "sectional sofa group with a corner table and integral end tables"; setting forth in detail "visual appearance," including "each sofa section has a double front rail that begins at the end adjacent to the corner table, follows along the bottom of the sofa towards the other end, and curves upwardly (i.e., sweeps upward) through a 90° angle to truncate at a horizontal plane upon which the end table rests").

By the instant motion, Seoul addresses the issue of claim construction only to the extent of requesting that the Court construe one claimed design as being limited to an "opaque" window and construe each claimed design as being limited to "rounded" electrodes. (See Proposed Order Granting [Seoul's] Motion for Claim Construction and for Summary J. at 1:11-13.) Such proposed construction is not a sufficient "verbal description" of the visual impression created by the claimed designs, but rather, at best, a description of parts of the claimed designs. Nichia does not address claim construction in any manner. In short, neither party has adequately addressed the threshold issue of claim construction.[1]

---

[1] In support of its motion, Nichia offers an expert report in which Nichia's expert sets forth his verbal description of each claimed design. (See Krosin Decl., filed June 16, 2007, Ex. 19.) Such descriptions, however, are not identified as constructions in Nichia's motion and, consequently, it is unclear whether Nichia is relying on said descriptions for such purpose. In support of its opposition to Nichia's motion, Seoul offers excerpts from an expert report in which Seoul's expert takes issue with certain aspects of the verbal descriptions provided by Nichia's expert. (See Parker Decl., filed June 29, 2007, Ex. 19.) In its opposition, however, Seoul does not refer to such differences in the context of claim construction, and, in any event, Seoul's expert has not, at least in the excerpts provided by Seoul, set forth an alternative verbal description.

Accordingly, the parties are hereby DIRECTED to file, no later than August 7, 2007 by 4:00 p.m., supplemental briefing consisting of a proposed claim construction for each of the four subject design patent claims, specifically, a proposed "verbal description" of the visual impression created by each design, in the manner set forth in <u>Durling</u>.  No further argument nor evidence may be offered.

**IT IS SO ORDERED.**

Dated:  August 1, 2007

                                        MAXINE M. CHESNEY
                                        United States District Judge