United States District Court

For the Northern District of California

1
2
3
4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7  NICHIA CORPORATION,                    No. C-06-00162 MMC (JCS)

8              Plaintiff(s),
                                          **REPORT AND RECOMMENDATION**
9       v.                                **RE PLAINTIFF'S MOTION TO BAR**
                                          **OBVIOUSNESS DEFENSE [Docket No. 286]**
10 SEOUL SEMICONDUCTOR, LTD.,
   ET AL.,
11
              Defendant(s).
12 _____/

13          Plaintiff has filed a "Motion to Bar the Seoul Defendants' Obviousness Defense; and to

14 Strike the Seoul Defendants' Obviousness Defense from the Expert Reports of Richard A. Flasck

15 Pursuant to Fed. R. Civ. Proc. 26(A)(2)" (the "Motion").  A hearing was held on August 10, 2007.

16 For the reasons stated on the record, and the reasons detailed below, IT IS HEREBY

17 RECOMMENDED that the Motion be GRANTED.

18 **I.      INTRODUCTION**

19          For many years, this Court, and other federal courts, have sought to balance two competing

20 concerns.  Rule 1 of the Federal Rules of Civil Procedure mandates that the courts construe the

21 Rules of Civil Procedure to secure, in addition to a just resolution, the "speedy, and inexpensive

22 determination of every action."  Fed. R. Civ. P. 1.  On the other hand, liberal discovery and

23 amendment under the Rules are often at odds with these goals.  For example, the changing of

24 positions by parties in patent cases – otherwise possible under liberal pleading standards –  amounts

25 to a "vexatious shuffling of positions – a kind of legal musical chairs . . . ."  *Atmel Corp. v. Info.*

26 *Storage Devices, Inc.*, 1998 Westlaw 775115 (N.D. Cal. 1998).  As a result, various methods have

27 been employed to "prevent the 'shifting sands'" in patent litigation.  *Id.*  One such device is the

28 Local Patent Rules of this court.  In addition, during the course of this patent and other litigations,

**United States District Court**
For the Northern District of California

1   courts routinely take the stipulations of the parties in order to determine the boundaries of the

2   litigation and the proper discovery.

3          This latter device was employed here.  Defendants stipulated in 2006 that they would not

4   assert obviousness as a defense to patent infringement in this litigation.  They now seek to renege on

5   that promise.  The Court should enforce Defendants' stipulation and bar the obviousness defense.

6   **II.      BACKGROUND**

7          Plaintiff initially sought a range of documents in this case, including documents concerning

8   the defense of obviousness.  Plaintiff sought, *inter alia*, documents and interrogatory responses

9   related to the sales and marketing of the allegedly infringing products outside the United States.  *See,*

10  *e.g.,* November 13, 2006 Joint Letter (the "11/13/06 Joint Letter"), attached as Exhibit A to the

11  Krosin Declaration, at 5.  Plaintiff argued that this information was relevant, *inter alia*, to non-

12  obviousness.  *Id.* at 10.

13         In response, Defendants specifically agreed not to raise the obviousness defense: "Seoul is no

14  longer claiming obviousness."  *Id.* at 16.  As a result, Defendants asserted that foreign sales-related

15  documents should not be produced.  Seoul specifically stated that their invalidity claims were

16  limited to "the design patent test of 'hidden-in-use' and functionality."  *Id.* at 16.

17         Defendant's agreement not to assert obviousness in this litigation was reiterated at the court

18  hearing on this discovery issue.  On December 8, 2006, counsel for Plaintiff attempted to argue that

19  the information they sought are relevant to "the validity of the four patents at issue in the case."  In

20  response, the Court disagreed:

21         The Court:     Well, validity, I don't think – is not an issue in this
                          discovery.  This withdrew their obviousness defense
22                        [so] they're saying they are not pursuing obviousness.
                          That's it.
23
           Mr. Krosin:    Okay.  Well, I just want to make sure that that is clear,
24                        on the record.

25                        Are you withdrawing your obviousness – ?

26         Ms. Parker:    We stated in our papers, we –

27         The Court:     They stated in their papers, yeah, they are not asserting
                          obviousness.
28

2

United States District Court

For the Northern District of California

1   The Court relied on the agreement by Defendants to forego their obviousness defense at the

2   hearing on December 8, 2006.  The Court also relied on this agreement in finally issuing a

3   substantive order regarding the motion to compel that gave rise to the 11/13/06 Joint Letter.

4   December 22, 2006 Order [Document No. 163].  In the December 22, 2006 Order, the Court

5   reiterated that only very limited sales and marketing information would be produced, tailored to the

6   issues of "damages and proof of inducement."  *Id.* at 2.  As a result, apart from monthly sales

7   reports, the production was largely limited to documents directly related to infringement in the

8   United States.            Fact discovery closed on April 13, 2007, except for depositions.  Docket No.

9   285-5.  Between the time of the stipulation to forego the obviousness defense and the close of fact

10  discovery, Defendants did not advise Plaintiff that they were withdrawing from this stipulation.[1]  Six

11  months after Defendants agreed to forego their obviousness defense, and after the close of fact

12  discovery in this case, Defendants served an amended interrogatory answer in May 2007, along with

13  an expert report, purporting to raise the obviousness defense.

14  **III.     APPLICABLE LAW**

15  This Court has routinely enforced agreements reached in open court – as they are agreements

16  "not only between the parties, but also between them and the court, which the latter is bound to

17  enforce."  *Hamilton v. Williams*, 2007 Westlaw 707518 at *10 (E.D. Cal., March 6, 2007); *CDN,*

18  *Inc. v. Capes*, 197 F.3d 1256, 1258 (9th Cir. 1999) ("because stipulations serve both judicial

19  economy and convenience of the parties, courts will enforce them absent indications of involuntary

20  or uninformed consent."); *Monaghan v. SZS 33 Associates LP*, 857 F. Supp. 1037, 1043 (S.D.N.Y.

21  1995) (enforcing oral settlement stipulation made in open court).

22  This is not a case where an affirmative defense was asserted late in the litigation, having not

23  been raised before.  Even in such cases, the court will find a waiver of the affirmative defense unless

24  there has been no prejudice to the plaintiff.  *Magana v. Commonwealth of No. Mariana Islands*, 107

25

26  [1]   In perhaps the most difficult to understand portion of their brief, Defendants claim that
    Plaintiff was not entitled to rely on Defendants' stipulation, despite the statements made in the 11/13/06
27  Joint Letter, and on the record.  In particular, Defendants argue that notwithstanding these agreements,
    in order to be "certain" that the obviousness defense was out of the case, Plaintiff needed to move to
28  strike that portion of Defendants' Answer.  This argument is frivolous and invites precisely the kinds
    of unnecessary motion practice that stipulations are designed to avoid.

United States District Court

For the Northern District of California

1    F.3d 1436, 1446 (9th Cir. 1977) (holding that a defendant may raise an affirmative defense for the

2    first time in a motion for judgment on the pleadings "only if the delay does not prejudice the

3    plaintiff"); *Hahn v. Mobile Oil Corp.*, 73 F.3d 872 (9th Cir. 1995) (holding that "an affirmative

4    defense . . . may be raised for the first time in a motion for summary judgment when there is no

5    prejudice to the plaintiff").  In the court's view, those cases have no application here: the parties

6    reached a stipulation and they are bound by that stipulation unless their consent was involuntary or

7    uninformed.

8           Where a prejudice analysis is appropriate, prejudice can be shown in a number of ways.

9    Stipulations, like court-ordered time deadlines for asserting affirmative defenses or identifying

10   expert witnesses, are established: "to permit the court and the parties to deal with cases in a thorough

11   and orderly manner, and they must be allowed to enforce them, unless there are good reasons not

12   to." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005).  As the Ninth

13   Circuit noted, violations of these agreed to or court-imposed case limitations have a prejudicial

14   cascading effect on the rest of the case: the remainder of the schedule laid out by the court months in

15   advance, and understood by the parties, would have to be altered as well.  Such disruption is not

16   harmless. *Id.*

17   **IV.    ANALYSIS**

18          Defendants entered into a stipulation.  They have not even attempted to show that this

19   stipulation was involuntary.

20          Defendants' proffered reasons for why they should be excused from their stipulation are

21   without merit.  Defendants' first excuse – that Plaintiff had not, at the time of the stipulation,

22   disclosed its specific infringement theories – is entirely without merit.  Defendants knew at the time

23   of the stipulation that the specific infringement theories had not been disclosed.  Nonetheless, in

24   order to avoid certain discovery they agreed to forego the obviousness defense.  Having received this

25   benefit from their stipulation, they should not be allowed to withdraw it.

26          Defendants' second excuse – that Plaintiff had not provided all of the documents in the case

27   and, as a result, Plaintiff had not taken critical depositions at the time of the stipulation – fares no

28   better.  Defendants knew at the time that they entered into the stipulation that document production

United States District Court

For the Northern District of California

1   had not been completed and that critical depositions remained to be taken.  In any event, there is no

2   evidence in the record to support Defendants' contention that before obtaining the depositions and

3   documents cited in the opposition to this Motion, they could not have plausibly argued obviousness.

4   This showing is certainly insufficient to undo an agreement made on the record.

5          Finally, Defendants' assertion that *KSR Int'l v. Teleflex*, 127 S. Ct. 1727 (2007) somehow

6   excuses Defendants from their agreement is without merit.

7          First, certiorari was granted in *KSR* on the question of obviousness on June 26, 2006, five

8   months before Defendants' stipulation.  126 S. Ct. 2965 (2006).  To the extent that *KSR* changed the

9   obviousness standard, Defendants knew well in advance of the stipulation that such a decision was at

10  least possible.  Moreover, *KSR* did **not** change all aspects of the test for obviousness.  Rather, the

11  Court rejected the rigid application of the TSM test formerly required by the Federal Circuit.  127 S.

12  Ct. at 1741.  Defendants have offered **no** evidence that arguments supporting a defense of

13  obviousness were not plausible before *KSR*.

14         While no prejudice is required to grant this Motion, Defendants have also failed to show that

15  no prejudice resulted from their failure to live up to the stipulation.  The Court relied on the

16  stipulation in denying broader discovery.  Plaintiff did not conduct discovery into obviousness

17  (secondary factors) for five months because of the stipulation.  Finally, the only way to ameliorate

18  the prejudice to Plaintiff would be to allow additional fact discovery, an additional expert deposition

19  of Defendants' expert on obviousness, an additional expert report by Plaintiff in rebuttal, followed

20  by another deposition.  This would also necessitate a continuance of the trial.  This disruption of the

21  carefully crafted schedule in this matter is itself prejudicial.

22  **V.      CONCLUSION**

23         For all of the foregoing reasons, the Motion should be GRANTED.

24

25  Dated: August 13, 2007

26                                              _____
                                                JOSEPH C. SPERO
27                                              United States Magistrate Judge

28