BINGHAM McCUTCHEN LLP
BETH H. PARKER (SBN 104773)
beth.parker@bingham.com
WILLIAM F. ABRAMS (SBN 88805)
william.abrams@bingham.com
MONTY AGARWAL (SBN 191568)
monty.agarwal@bingham.com
JUDITH S. H. HOM (SBN 203482)
judith.hom@bingham.com
THOMAS S. CLIFFORD (SBN 233394)
tom.clifford@bingham.com
AMY MELAUGH (SBN 240931)
amy.melaugh@bingham.com
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286

Attorneys for Defendants
Seoul Semiconductor Co., Ltd. and
Seoul Semiconductor, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Nichia Corporation,<br><br>  Plaintiff,<br>v.<br><br>Seoul Semiconductor Co., Ltd. and Seoul Semiconductor, Inc.,<br><br>  Defendants. | No. 3:06-CV-0162 (MMC)<br><br>SEOUL SEMICONDUCTOR DEFENDANTS' MOTION *IN LIMINE* NO. 4: MOTION *IN LIMINE* TO EXCLUDE UNSUPPORTED ALLEGATIONS OF "COPYING" |

## REDACTED - MOTION FILED UNDER SEAL

A/72161811.1/3004554-0000319036                                   No. 3:06-CV-0162 (MMC)

SEOUL SEMICONDUCTOR DEFENDANTS' MOTION *IN LIMINE* NO. 4:
MOTION *IN LIMINE* TO EXCLUDE UNSUPPORTED ALLEGATIONS OF "COPYING"

**MOTION**

Defendants Seoul Semiconductor Co., Ltd. and Seoul Semiconductor, Inc. ("Seoul") respectfully move this Court *in limine* for an order excluding unsupported allegations of "copying." This motion is based on the Memorandum of Points and Authorities filed herewith; the accompanying Declaration of Amy Melaugh; and the pleadings, records and papers on file in this case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.     INTRODUCTION**

The term "copying" has a specific meaning in patent law, and should not be used as a generic or rhetorical synonym for infringement. Seoul moves *in limine* to exclude evidence or argument by Nichia that Seoul has "copied" Nichia's patents, absent an adequate offer of proof demonstrating that it has sufficient evidence to support making this claim. As demonstrated by arguments made in motions to the Court, Nichia may attempt to argue to the jury that Seoul copied Nichia's patents. "Copying" is an emotionally loaded term, and implies intentional wrongdoing. Evidence of "copying" is not relevant to infringement analysis, and any attempt by Nichia to equate infringement and copying is inappropriate and highly prejudicial. Rather, the courts have held that evidence of *intentional* copying is only relevant to (1) secondary considerations of non-obviousness, and (2) willful infringement.

Argument that Seoul "copied" must not be permitted for two reasons. First, absent an adequate offer of proof, Nichia does not have evidence sufficient to present its allegation of copying to the jury. Second, allowing Nichia to argue that Seoul copied Nichia would be unfairly prejudicial, confuse the issues, and mislead the jury. In addition, this argument, if allowed, would needlessly waste time by requiring Seoul to rebut this prejudicial and unsupported claim of copying. Accordingly, under Federal Rules of Evidence 402 and 403, the Court should preclude Nichia from arguing or presenting any testimony or other evidence at trial that Seoul copied.

### B. ARGUMENT

#### 1. Nichia does not have Sufficient Evidence to Support its Allegation of Copying.

Pursuant to Rule 402 of the Federal Rules of Evidence, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

"A motion *in limine* may be used to preclude a party from making an argument where the evidence proffered to support it is 'insufficient as a matter of law.'" *Eolas Techs., Inc. v. Microsoft Corp.*, 270 F. Supp. 2d 997, 1004-06 (N.D. Ill. 2003) (quotation omitted) (granting defendant's motion *in limine* to exclude evidence of alleged copying); *EMI Music Mktg. v. Avatar Records, Inc.*, 334 F. Supp. 2d 442, 444 (S.D.N.Y. 2004) (precluding defendant's assertions that plaintiff engaged in improper conduct where defendant had produced no evidence sufficient to support those claims).

In the context of patent litigation, "copying" means more than simply that the accused device falls within the scope of a patent. This is true whether "copying" is alleged to support a claim that the patent is not obvious, or to support a claim of willful infringement. As the Federal Circuit has clearly stated:

> Not every competing product that arguably falls within the scope of a patent is evidence of copying. Otherwise every infringement suit would automatically confirm the nonobviousness of the patent. Rather, copying requires the replication of a specific product.

*Iron Grip Barbell Co. v. USA Sports, Inc.*, 392 F.3d 1317, 1325 (Fed. Cir. 2004) (rejecting copying allegation). "This may be demonstrated either through [1] internal documents; [2] direct evidence such as disassembling a patented prototype, photographing its features, and using the photograph as a blueprint to build a virtually identical replica; or [3] access to, and substantial similarity to, the patented product (as opposed to the patent)." *Id.* (internal citations omitted).

Similarly, only evidence of "deliberate copying" supports a finding of willfulness. *See L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1126-1127 (Fed. Cir. 1993) (finding that defendant's admission of "deliberate copying" evidenced willful infringement); *Kaufman Co. v. Lantech, Inc.*, 807 F.2d 970, 978-79 (Fed. Cir. 1986) (affirming the district court's finding of willfulness based on the district court's findings that the infringer "faithfully copied the claimed invention, took an untenable position regarding validity of the patent, and presented a frivolous defense of noninfringement."). Thus, Nichia must offer evidence of intentional copying beyond the similarity of the designs.

Here, the only evidence of "copying" is the unsupported opinion of Mr. Woodring that Seoul "copied" Nichia's design patents-in-suit -- an opinion which Nichia relies upon for its assertion that Seoul "must have copied" Nichia's design patents-in-suit. *See* Nichia's Brief in Support of Motions for Summary Judgment, Dkt. No. 286 at p. 9-11; Melaugh Decl. in Support of Motion *in limine* No. 4, ¶2, Ex. 1, Tr. 156:22-159:4 (Woo.). However, Mr. Woodring admits that the <u>sole</u> basis for his opinion that Seoul copied Nichia's design patents in suit is the visual comparison he made of the 902 series LED and Nichia's design patents. Melaugh Decl., ¶2, Ex. 1, Tr. 156:22-159:4 (Woo.). He has not seen any other evidence of copying. *Id.* at 158:3-21 (Woo.). He does not know when SSC designed its 902 series LED or whether SSC designed it before Nichia filed applications for the design patents-in-suit. *Id.* at 158:23-159:4 (Woo.). Additionally, Nichia has not argued that copying was a secondary consideration of non-obviousness. Therefore, this surmise should not be allowed.

The improper lay opinions of Mr. Naete and Mr. Onikiri are likewise entirely inadequate to support such an allegation. Like Mr. Woodring, Mr. Naete and Mr. Onikiri have testified that, ███████████████████████████████████. *See, e.g.*, Melaugh Decl., ¶3, Ex. 2, Tr. 49:7-11 (Nae.); Melaugh Decl., ¶4, Ex. 3, Tr. 82:1-6 (Oni.). However, neither offers any probative evidence to show copying. ███████
███████

1  █████████████████ Melaugh Decl., ¶3, Ex. 2, Tr. 117:17-23; 118:22-119:5 (Nae.). █
2 ████████████████████████████████████████████████████████ Melaugh Decl., ¶3, Ex.
3 2, Tr. 117:13-23 (Nae.). ██████████████████████████████████████████████████
4 ██████████ Melaugh Decl., ¶3, Ex. 2, Tr. 131:5-12; 136:3-7 (Nae.). ████████████
5 ████████████████████████████████████████████████████████████████ Melaugh
6 Decl., ¶4, Ex. 3, Tr. 76:6-11 (Oni.) (he was not "very familiar" with the 902); Melaugh Decl., ¶4
7 Ex. 3, Tr. 150:22-151:1 (Oni.) (████████████████████████████████████████████
8 ████████████████████████). The conclusory assertions by these witnesses cannot support
9 a finding of intentional copying.

        Such evidence falls far short of Nichia's burden to support an allegation of copying. Thus, unless Nichia can show that it has additional evidence sufficient to support such an allegation, Nichia's evidence and arguments that Seoul has copied must be excluded as irrelevant. Fed. R. Evid. 402. Furthermore, since arguments and statements of attorneys are not evidence, they have no probative value whatsoever. *See* Ninth Circuit Manual of Model Jury Instructions Civil, Instruction 1.7 (2007); *U.S. v. Washington*, 462 F.3d 1124, 1136 (9th Cir. 2006). Thus, use of the term "copying" by counsel should be precluded. Accordingly, Seoul requests an order precluding Nichia from offering evidence or argument that Seoul has copied Nichia's patents. This would include, but not be limited to testimony from Mr. Woodring, Mr. Naete or Mr. Onikiri, argument or statements from counsel, and the use of the terms "copy," "copying," or "copied" to describe Seoul's products.

        2.    Allowing Nichia to Argue that Seoul Copied Nichia Would be Unfairly Prejudicial, Would Confuse the Issues, Would Mislead the Jury, and Waste Time.

        Pursuant to Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Undue prejudice" within [the context of Rule 403] means an

| | |
|---|---|
| 1 | undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an |
| 2 | emotional one." *Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.*, 2006 WL |
| 3 | 1627065, *1 (N.D. Cal.) (quoting Advisory Committee Notes to Fed. R. Evid. 403). |
| 4 |     If Nichia is allowed to argue that Seoul "copied" Nichia's patents, the allegation |
| 5 | of copying will elicit an emotional reaction from the jury. *See Eolas Techs., Inc. v. Microsoft* |
| 6 | *Corp.*, 270 F. Supp. 2d 997, 1005-06 (N.D. Ill. 2003) (concluding that plaintiffs copying |
| 7 | allegation was "highly prejudicial"). If the jurors believe that Seoul copied, it is highly likely |
| 8 | that they will improperly find infringement. This would improperly confuse the issues and |
| 9 | mislead the jury. *See Allen Engineering Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1351 (Fed. |
| 10 | Cir 2002) (stating that copying "is of no import on the question of whether the claims of an |
| 11 | issued patent are infringed"). Moreover, the terms "copy," "copying," and "copied" are loaded |
| 12 | terms and will bias the jury against Seoul. Nichia's allegations of copying and the use of these |
| 13 | terms will be prejudicial both because it will be viewed as evidence of infringement, but also |
| 14 | because it will allow Nichia to unfairly paint Seoul as a copier and emotionally inflame the jury. |
| 15 | Finally, Nichia's copying allegations will waste the jury's time not only on evidence without |
| 16 | probative value, but also will waste time for Seoul to rebut it. |
| 17 |     Nichia's copying allegations and arguments should therefore be excluded because |
| 18 | their probative value is substantially outweighed by the danger of unfair prejudice, confusion of |
| 19 | the issues, misleading the jury, and waste of time. Fed. R. Evid. 403. |
| 20 | **C.     CONCLUSION** |
| 21 |     For the foregoing reasons, Nichia should be precluded from offering evidence or |
| 22 | argument that Seoul has copied Nichia's patents. This would include, but not be limited to |
| 23 | testimony from Mr. Woodring, argument or statements from counsel, and the use of the terms |
| 24 | "copy," "copying," or "copied" to describe Seoul's products. |
| 25 | |
| 26 | |

A/72161811.1/3004554-0000319036     6     No. 3:06-CV-0162 (MMC)

SEOUL SEMICONDUCTOR DEFENDANTS' MOTION *IN LIMINE* NO. 4:
MOTION *IN LIMINE* TO EXCLUDE UNSUPPORTED ALLEGATIONS OF "COPYING"

| | | |
|---|---|---|
| 1 | DATED: August 14, 2007 | Bingham McCutchen LLP |
| 2 | | |
| 3 | | |
| 4 | | By:      /s/ Beth H. Parker |
| 5 | | Beth H. Parker |
| | | Attorneys for Defendants |
| 6 | | Seoul Semiconductor Co., Ltd. and Seoul Semiconductor, Inc. |
| 7 | | |

A/72161811.1/3004554-0000319036        7        No. 3:06-CV-0162 (MMC)

SEOUL SEMICONDUCTORS DEFENDANTS' MOTION IN LIMINE NO. 4:
MOTION IN LIMINE TO EXCLUDE UNSUPPORTED ALLEGATIONS OF "COPYING"