BINGHAM McCUTCHEN LLP
BETH H. PARKER (SBN 104773)
beth.parker@bingham.com
WILLIAM F. ABRAMS (SBN 88805)
william.abrams@bingham.com
MONTY AGARWAL (SBN 191568)
monty.agarwal@bingham.com
JUDITH S. H. HOM (SBN 203482)
judith.hom@bingham.com
THOMAS S. CLIFFORD (SBN 233394)
tom.clifford@bingham.com
AMY MELAUGH (SBN 240931)
amy.melaugh@bingham.com
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286

Attorneys for Defendants
Seoul Semiconductor Co., Ltd. and
Seoul Semiconductor, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Nichia Corporation,<br><br>      Plaintiff,<br>  v.<br><br>Seoul Semiconductor Co., Ltd. and Seoul Semiconductor, Inc.,<br><br>      Defendants. | No. 3:06-CV-0162 (MMC)<br><br>SEOUL SEMICONDUCTOR DEFENDANTS' MOTION *IN LIMINE* NO. 6:  MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF NICHIA'S SETTLEMENT WITH FORMER CO-DEFENDANTS |

## **MOTION**

Defendants Seoul Semiconductor Co., Ltd. and Seoul Semiconductor, Inc. ("Seoul") respectfully move this Court *in limine* for an order excluding evidence of Nichia's settlement with former co-defendants.  This motion is based on the Memorandum of Points and Authorities filed herewith and the pleadings, records and papers on file in this case.

A/72160667.1　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　No. 3:06-CV-0162 (MMC)

SEOUL SEMICONDUCTOR DEFENDANTS' MOTION *IN LIMINE* NO. 6:  MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE OF NICHIA'S SETTLEMENT WITH FORMER CO-DEFENDANTS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Seoul moves *in limine* to exclude evidence or argument relating to Nichia's settlement with Creative Technology, Ltd., Creative Labs, Inc., and Creative Holdings, Inc. (collectively "Creative"). The settlement and its terms are inadmissible under Rule 408 of the Federal Rules of Evidence. Moreover, the settlement should be excluded under Rule 403 because its probative value is substantially outweighed by the potential for undue prejudice, the confusion of the issues in this case, the risk of misleading the jury and waste of time.

## II. ARGUMENT

### A. Nichia's Settlement with Creative is Inadmissible Under Rule 408 of the Federal Rules of Evidence.

On January 10, 2006, Nichia sued Creative for patent infringement of the same patents-in-suit here. On November 2, 2006, Creative settled with Nichia, and the claims against Creative were dismissed. Dkt. No. 150. Evidence relating to this settlement is barred by Rule 408(a). Because the settlement between Creative and Nichia could have no other purpose other than "to prove liability for or invalidity of the claim or its amount," it must be excluded from evidence. Fed. R. Evid. 408(a).

Rule 408 provides that evidence of "furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim" which was disputed as to either validity or amount, is not admissible to prove liability for a claim or its amount. Fed. R. Evid. 408(a). Settlement agreements with third parties, including former co-defendants, are thus explicitly inadmissible under Rule 408. *Rattler Tools, Inc. v. Bilco Tools, Inc.*, Nos. 05-293, 05-3777, 2007 WL 2008504 at *24 (E.D. La. July 06, 2007) (settlement agreements between plaintiff and former co-defendants inadmissible as to remaining defendant under Rule 408(a)); *Inline*

A/72160667.1     2     No. 3:06-CV-0162 (MMC)

SEOUL SEMICONDUCTOR DEFENDANTS' MOTION *IN LIMINE* NO. 6: MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF NICHIA'S SETTLEMENT WITH FORMER CO-DEFENDANTS

*Connection Corp. v. AOL Time Warner Inc.* 470 F. Supp. 2d 435, 443-445 (D. Del. 2007) (granting motion *in limine* under F.R.E. 408 to exclude testimony or opinions concerning settlement offers made by plaintiff to other parties accused of infringement); *Pioneer Hi-Bred Intern., Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 144-45 (N.D. Iowa 2003) (granting motion *in limine* under F.R.E. 408 and F.R.E. 403 precluding evidence of settlement with co-defendants and confirming decree); *PharmaStem Therapeutics, Inc. v. Viacell Inc.*, No. C.A.-02-148-GMS, 2003 WL 22387038, *2-4 (D. Del. Oct. 7, 2003) (holding that Rule 408 barred any evidence regarding settlements/licenses with third parties under threat of infringement litigation), aff'd in part, rev'd in part on other grounds, -F.3d - , 2007 WL 1964863 (Fed. Cir. July 9, 2007).

**B. Evidence that Creative Settled with Nichia is not Probative, Would be Prejudicial, Confuse the Issues, Mislead the Jury and Waste Time.**

The settlement agreement has no probative value as to the merits of Nichia's claims against Seoul. Creative had different accused products, and may have had many reasons why it wanted to settle the case. It cannot be probative on liability or damages. Moreover, if Nichia is permitted to mention its settlement with Creative or introduce evidence showing that Creative settled, Seoul will be unduly prejudiced, the jury will be misled and the issues confused. The terms of the settlement are confidential. Evidence of its existence is likely to lead the jury to conclude that Nichia's claims have merit and that its rights have been violated. This would unduly prejudice Seoul, confuse the issues, and mislead the jury. *See Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.*, No. C-03-1431-SBA, 2006 WL 1627065, *1 (N.D. Cal. June 13, 2006) ("'[u]ndue prejudice' within [the context of Rule 403] means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.") (quoting Advisory Committee Notes to Fed. R. Evid. 403).

In addition, introduction of such evidence would require the introduction of evidence by Seoul to rebut Nichia's evidence. The consequence will be a mini-trial to determine whether and to what extent Nichia's claims and Seoul's defenses are the same as Creative's, and

then determine what light the Creative settlement sheds on the merits of the claims against Seoul. This would confuse the issues and waste time at trial. *Pioneer*, 219 F.R.D. at 145 (N.D. Iowa 2003) ("if the Decree is admitted, it will invite a "mini-trial" on similarities and differences in the facts regarding the "same" claims against the other defendants to determine what, if any, light the Decree sheds on the value of the claim against Ottawa").

The minimal (at best) probative value of the Creative settlement with Nichia is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. It must therefore be excluded at trial.

## III. CONCLUSION

For the foregoing reasons, Nichia should be precluded from offering evidence or argument that Creative settled with Nichia.

DATED: August _____, 2007

                                          Bingham McCutchen LLP

                                          By: /s/ Beth H. Parker
                                                    Beth H. Parker
                                                  Attorneys for Defendants
                                         Seoul Semiconductor Co., Ltd. and Seoul
                                                    Semiconductor, Inc.

A/72160667.1      4      No. 3:06-CV-0162 (MMC)

SEOUL SEMICONDUCTOR DEFENDANTS' MOTION *IN LIMINE* NO. 6: MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF NICHIA'S SETTLEMENT WITH FORMER CO-DEFENDANTS