BINGHAM McCUTCHEN LLP
BETH H. PARKER (SBN 104773)
beth.parker@bingham.com
WILLIAM F. ABRAMS (SBN 88805)
william.abrams@bingham.com
MONTY AGARWAL (SBN 191568)
monty.agarwal@bingham.com
JUDITH S. H. HOM (SBN 203482)
judith.hom@bingham.com
THOMAS S. CLIFFORD (SBN 233394)
tom.clifford@bingham.com
AMY MELAUGH (SBN 240931)
amy.melaugh@bingham.com
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286

Attorneys for Defendants
Seoul Semiconductor Co., Ltd. and
Seoul Semiconductor, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Nichia Corporation,<br><br>        Plaintiff,<br>   v.<br><br>Seoul Semiconductor Co., Ltd. and Seoul Semiconductor, Inc.,<br><br>        Defendants. | No. 3:06-CV-0162 (MMC)<br><br>SEOUL SEMICONDUCTOR DEFENDANTS' MOTION *IN LIMINE* NO. 7:  MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SEOUL'S ASSERTION OF PRIVILEGE - PROTECTING OPINION LETTERS |

**MOTION**

Defendants Seoul Semiconductor Co., Ltd. and Seoul Semiconductor, Inc. ("Seoul") respectfully move this Court *in limine* for an order excluding evidence of Seoul's assertion of privilege protecting its opinion letters.  This motion is based on the Memorandum of Points and Authorities filed herewith and the pleadings, records and papers on file in this case.

ACTIVE/72160669.1                                                                                              No. 3:06-CV-0162 (MMC)

SEOUL SEMICONDUCTOR DEFENDANTS' MOTION *IN LIMINE* NO. 7:  MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SEOUL'S ASSERTION OF PRIVILEGE - PROTECTING OPINION LETTERS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. NICHIA SHOULD BE PROHIBITED FROM PRESENTING EVIDENCE RELATED TO SEOUL'S CLAIM OF ATTORNEY-CLIENT PRIVILEGE REGARDING OPINIONS OF COUNSEL**

Seoul moves to preclude Nichia from presenting evidence related to Seoul's assertion of the attorney-client privilege for opinion letters regarding the patents at issue. Nichia is not entitled to argue to the jury to draw an adverse inference from Seoul's assertion of the privilege for opinions of counsel. Thus, Nichia may not present evidence about Seoul in connection with a lawyer opinion letter.

A defendant may rely upon the "advice of counsel" defense to a plaintiff's claim of willful infringement. If it elects to assert this defense, the defendant waives the attorney-client privilege regarding that advice. *See In re EchoStar Communications Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006); *Mushroom Assoc. v. Monterey Mushrooms, Inc.*, 24 U.S.P.Q.2d 1767, 1770 (N.D. Cal. 1992).

Thus, a defendant charged with willful infringement faces a dilemma. It may either (1) rely on the advice of counsel as a defense and waive the attorney-client privilege or (2) relinquish the advice of counsel defense. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1343-44 (Fed. Cir. 2004).

In 2004, the Federal Circuit dealt with this issue in *Knorr-Bremse, supra*. Before that decision, some courts permitted an adverse inference in certain situations where a party refused to put forth opinion of counsel regarding its infringement of the patent, *see, e.g.*, *Kloster Speedsteel AB v. Crucible Inc.*, 793 F.2d 1565, 1580 (Fed. Cir. 1986), while other courts did not *Knorr-Bremse,* 383 F.3d at 1341. This issue was resolved in 2004 by the Federal Circuit, which held that adverse inferences may no longer be drawn from an accused infringer not putting forth an advice of counsel opinion. In *Knorr-Bremse* the Federal Circuit held that "no adverse inference that an opinion of counsel was or would have been unfavorable flows from an alleged infringer's failure to obtain or produce an exculpatory opinion of counsel." *Knorr-Bremse,* 383

ACTIVE/72160669.1                                 2                         No. 3:06-CV-0162 (MMC)

SEOUL SEMICONDUCTOR DEFENDANTS' MOTION *IN LIMINE* NO. 7:  MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SEOUL'S ASSERTION OF PRIVILEGE - PROTECTING OPINION LETTERS

1 F.3d at 1341.

2       Here, evidence regarding Seoul's assertion of the attorney-client privilege as to Seoul's opinion letters may not be introduced.  *See McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 434 F. Supp. 2d 810, 812 (E.D. Cal. 2006) (holding that the inference a jury might draw from knowing that the defendant obtained an opinion of counsel, but refused to reveal it under a claim of privilege, would violate the rationale of *Knorr-Bremse*.); *see also Insituform Technologies, Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1377 (Fed Cir. 2004) (Failure of patent infringement defendant to obtain exculpatory opinion of counsel did not give rise to adverse inference or presumption that such opinion would have been unfavorable, for purpose of determining whether infringement was willful).

      In *McKesson*, the court weighed the potential prejudice to a plaintiff who was precluded from using such evidence against prejudice to a defendant if such evidence is presented to a jury.  It concluded, "[w]ere the court to permit such evidence [of an un-exercised opinion letter], even with a cautionary instruction imposing *Knorr-Bremse's* limitations (of no adverse inference), the jury would nevertheless be left to speculate why Bridge would not reveal its counsel's opinion.  It is inescapable that the jury would likely conclude that Bridge received an unfavorable opinion, otherwise Bridge would reveal it.  This is precisely the negative inference *Knorr-Bremse* prohibits." *Id.* at 812.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Under *Knorr-Bremse,* Nichia is not entitled to argue to the jury to draw an adverse inference from Seoul's assertion of the privilege with respect to opinions of counsel. Moreover, as explained in *McKesson,* there is then no reason Nichia needs to present this evidence. As such, the introduction of any such evidence is to be strictly prohibited.

DATED: August 14, 2007

                                  Bingham McCutchen LLP

                            By:       /s/ Beth H. Parker
                                Beth H. Parker
                             Attorneys for Defendants
              Seoul Semiconductor Co., Ltd. and Seoul
                             Semiconductor, Inc.