1  BINGHAM McCUTCHEN LLP
   BETH H. PARKER (SBN 104773)
2  beth.parker@bingham.com
   WILLIAM F. ABRAMS (SBN 88805)
3  william.abrams@bingham.com
   MONTY AGARWAL (SBN 191568)
4  monty.agarwal@bingham.com
   JUDITH S. H. HOM (SBN 203482)
5  judith.hom@bingham.com
   THOMAS S. CLIFFORD (SBN 233394)
6  tom.clifford@bingham.com
   AMY MELAUGH (SBN 240931)
7  amy.melaugh@bingham.com
   Three Embarcadero Center
8  San Francisco, CA 94111-4067
   Telephone: 415.393.2000
9  Facsimile: 415.393.2286

10 Attorneys for Defendants
   Seoul Semiconductor Co., Ltd. and
11 Seoul Semiconductor, Inc.

12
13                UNITED STATES DISTRICT COURT
14                NORTHERN DISTRICT OF CALIFORNIA
15                  SAN FRANCISCO DIVISION

16 | Nichia Corporation,                              | No. 3:06-CV-0162 (MMC)
17 |            Plaintiff,                            | SEOUL SEMICONDUCTOR
   |     v.                                           | DEFENDANTS' MOTION *IN LIMINE*
18 |                                                  | NO. 8: MOTION *IN LIMINE* TO
   | Seoul Semiconductor Co., Ltd. and Seoul          | EXCLUDE TESTIMONY OF JOHN C.
19 | Semiconductor, Inc.,                             | JAROSZ REGARDING DAMAGES
20 |            Defendants.                           |
21
22
23
24          **REDACTED - MOTION FILED UNDER SEAL**
25
26

A/72161837.1/3004554-0000319036                    No. 3:06-CV-0162 (MMC)

SEOUL SEMICONDUCTOR DEFENDANTS' MOTION *IN LIMINE* NO. 8:
MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF JOHN C. JAROSZ REGARDING DAMAGES

## MOTION

Defendants Seoul Semiconductor Co., Ltd. and Seoul Semiconductor, Inc. ("Seoul") respectfully move this Court *in limine* for an order excluding the testimony of John. C. Jarosz regarding damages. This motion is based on the Memorandum of Points and Authorities filed herewith; the accompanying Declaration of Amy Melaugh; and the pleadings, records and papers on file in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

Nichia intends to offer an opinion from its expert John C. Jarosz regarding damages caused by Seoul's alleged induced infringement. Mr. Jarosz's induced damages theory and testimony fail to satisfy the requirements of Federal Rule of Evidence 702, are unreliable and speculative, and should not be presented to the jury.

Expert opinion must satisfy Rule 702's minimum threshold for admissibility. Fed. R. Evid. 702. As a witness designated to provide testimony "based on scientific, technical, or other specialized knowledge," Mr. Jarosz's opinions must be "based on sufficient facts or data," where his "testimony is the product of reliable principles and methods, and . . . applied th[ose] principles and methods reliably to the facts of the case. *Id.* Mr. Jarosz's opinions cannot meet these requirements because he cannot point to adequate facts or data to support his conclusions.

Mr. Jarosz's calculation of inducement damages is contrary to applicable law. Seoul is liable for induced infringement if Nichia proves: (1) that SSC knowingly induced infringement and possessed specific intent to encourage another's infringement; (2) direct infringement in the United States by a third party was induced by SSC for each instance of inducement; (3) an affirmative act by SSC to actively induce the third party's direct infringement; and (4) that SSC had actual knowledge of Nichia's design patents at issue. *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304-1306 (Fed. Cir. 2006); *Tegal Corp. v. Tokyo Electron Co., Ltd.*, 248 F.3d 1376, 1378-1379 (Fed. Cir. 2001); *Cybiotronics, Ltd. v. Golden*

A/72161837.1/3004554-0000319036    2    No. 3:06-CV-0162 (MMC)

SEOUL SEMICONDUCTOR DEFENDANTS' MOTION *IN LIMINE* NO. 8:
MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF JOHN C. JAROSZ REGARDING DAMAGES

1  *Sources Elecs. Ltd.*, 130 F. Supp. 2d 1152, 1165-1166 (C.D. Cal. 2001). The failure to establish
2  any of these elements is fatal and cannot result in damages.
3      Mr. Jarosz intends to offer an induced infringement damages calculation based on
4  his estimate that ███████████████████████████████████████████
5  ███████████████████████████████████████████████████████████
6  ███████████████████████████████████████████████████████████
7  ███████████████████████████████████████████████. *See* Expert Report of John C.
8  Jarosz May 21, 2007 at 14-15.
9      Mr. Jarosz's analysis is based on speculative assumptions, not facts. ███
10 ███████████████████████████████████████████████████████████
11 ███████████████████████████████████████████████████████████
12 ███████████████████████████████████████████ *See* Melaugh Decl. in
13 Support of Motion *in limine* No. 8, Ex. 1, Tr. 99:1-13; 140:5-141:17; 142:13-17; 142:18-143:3;
14 157:13-158:6 (Jar.). Indeed, in this case there is no evidence that any LG, Nokia, or Sony
15 Ericsson phone used a 902 or that any entered into the United States.
16 ███████████████████████████████████████████████████████████
17 ███████████████████████████████████████████████████████████
18 ███████████████████████████████████████████████████████████
19 ███████████████████████████████████████████████████████████
20 ███████████████████████████████████████████████████████████
21 ███████████████████████████████████████████. *See id.* at 90:1-14;
22 92:16-94:5; 109:3-111:17 ███████████████████████████████████
23 ███████████████████████████████████████████████████████████
24 ███ *See id.* at 150:1-154:11.
25      Third, Mr. Jarosz failed to tie his assessed inducement damages to evidence of
26 each alleged act of inducement as required by law. *DSU Med. Corp.*, 471 F.3d at 1303. Mr.

Jarosz concedes that he made no effort to link the amount of damages to the alleged acts of inducement. *See* Melaugh Decl., Ex. 1, Tr. 162:3-10 (Jar.) ███████; *id.* at 162:1-163:5. Instead, Mr. Jarosz calculates damages based on ███████.

Mr. Jarosz's damages testimony is thus speculative and makes too great an analytical jump for an expert to present to the jury. *See Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 146, 118 S.Ct. 512, 519 (1997) (expert testimony should be excluded if the court concludes that there is simply too great an analytical gap between the data and the opinion proffered or the expert testimony is purely speculative or conjectural); *City of Vernon v. S. Cal. Edison Co.*, 955 F.2d 1361, 1371-1373 (9th Cir. 1992) (affirming summary judgment for the defendant where the plaintiff submitted a flawed damages model); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 806-807 (9th Cir. 1988) (opinions based on assumptions unsupported by the evidence should be excluded); *see also* Fed. R. Evid. 703.

In light of the specific requirements for active inducement, Nichia should be required to an induced infringement damages amount tied to specific acts of active inducement and linked to the alleged direct infringer for each instance of inducement. Far from meeting the legal requirements, Mr. Jarosz's damages model is based on assumptions contrary to governing law. ███████ *See* Melaugh Decl., Ex. 1, Tr. 71:14-22; 72:19-73:18; 114:7-115:8 (Jar.). Also, ███████ *Id.* at 259:1-261:10. That is contrary to the law. *See MEMC*

1 *Elec. Materials, Inc., v. Mitsubishi Materials Silicon Corp.*, 2006 U.S. Dist. LEXIS 9353, at *23

2 (N.D. Cal. 2006) ("passive conduct does not satisfy the 'actively induces' element"); *Beverly*

3 *Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1569 (Fed. Cir. 1994) (inducement cannot

4 be premised on omission); *Warner Lambert Co. v. Apotex Corp,* 316 F.3d 1348, 1364 (Fed. Cir.

5 2003) (mere knowledge alone of possible infringement by others not sufficient); *Manville Sales*

6 *Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553, 554 (Fed. Cir. 1990) (same).

7 Accordingly, this Court should exclude Mr. Jarosz's expert opinion predicated on

8 this faulty analysis.

10 DATED: August 14, 2007

11 Bingham McCutchen LLP

14 By: /s/ Beth H. Parker
Beth H. Parker
Attorneys for Defendants
Seoul Semiconductor Co., Ltd. and Seoul
Semiconductor, Inc.