| | |
|---|---|
| 1 | BINGHAM McCUTCHEN LLP |
|  | BETH H. PARKER (SBN 104773) |
| 2 | beth.parker@bingham.com |
|  | WILLIAM F. ABRAMS (SBN 88805) |
| 3 | william.abrams@bingham.com |
|  | MONTY AGARWAL (SBN 191568) |
| 4 | monty.agarwal@bingham.com |
|  | JUDITH S. H. HOM (SBN 203482) |
| 5 | judith.hom@bingham.com |
|  | THOMAS S. CLIFFORD (SBN 233394) |
| 6 | tom.clifford@bingham.com |
|  | AMY MELAUGH (SBN 240931) |
| 7 | amy.melaugh@bingham.com |
|  | Three Embarcadero Center |
| 8 | San Francisco, CA  94111-4067 |
|  | Telephone:  415.393.2000 |
| 9 | Facsimile:  415.393.2286 |
| 10 | Attorneys for Defendants |
|  | Seoul Semiconductor Co., Ltd. and |
| 11 | Seoul Semiconductor, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Nichia Corporation, | No. 3:06-CV-0162 (MMC) |
| Plaintiff, | SEOUL SEMICONDUCTOR DEFENDANTS' MOTION *IN LIMINE* NO. 12:  MOTION *IN LIMINE* TO EXCLUDE NICHIA'S DESIGN PATENT LAW EXPERT PERRY J. SAIDMAN |
| v. | |
| Seoul Semiconductor Co., Ltd. and Seoul Semiconductor, Inc., | |
| Defendants. | |

**MOTION**

Defendants Seoul Semiconductor Co., Ltd. and Seoul Semiconductor, Inc. ("Seoul") respectfully move this Court *in limine* for an order excluding Nichia's design patent expert Perry J. Saidman.  This motion is based on the Memorandum of Points and Authorities filed herewith; the accompanying Declaration of Amy Melaugh; and the pleadings, records and

ACTIVE/72160677.1                                                                                           No. 3:06-CV-0162 (MMC)

SEOUL SEMICONDUCTOR DEFENDANTS' MOTION *IN LIMINE* NO. 12:
MOTION *IN LIMINE* TO EXCLUDE NICHIA'S DESIGN PATENT LAW EXPERT PERRY J. SAIDMAN

1  papers on file in this case.

2  **<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

3  Nichia intends to call Perry J. Saidman as an expert witness. Mr. Saidman is a practicing lawyer who advertises a specialty in design patent law. He proposes to say "in my opinion, [Nichia's infringement expert Cooper Woodring] has correctly construed the claims of Nichia's Design Patents, correctly applied the Gorham 'ordinary' observer test, and correctly applied the Litton "point of novelty." Melaugh Decl. in Support of Motion *in limine* No. 12, Ex. 1, Expert Report of Perry J. Saidman ¶ 21. Mr. Saidman also proposes to vouch for Nichia's infringement expert Mr. Wooding: "In addition, I agree with the conclusions reached by Mr. Woodring in his Expert Report that the LEDs manufactured by SSC do in fact infringe the Nichia Design Patents." *Id.*

Mr. Saidman's vouching for Mr. Woodring and statements about the law are improper and should be excluded on numerous grounds

First, the Court is the legal expert and it is the Court's "province alone to instruct the [trier of fact] on the relevant legal standards." *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("expert testimony is not proper for issues of law"); *Mukhtar v. Cal. State Univ.*, *Hayward*, 299 F.3d 1053, 1065 n. 10 (9th Cir. 2002); *see also Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997); *United States v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991) ("it is not permissible for a witness to testify as to the governing law since it is the district court's duty to explain the law to the jury...."); *U.S. v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999) (quoting *U.S. v. Brodie*, 858 F.2d 492, 496-97(9th Cir. 1988), *overruled on other grounds*) ("Experts 'interpret and analyze factual evidence. They do not testify about the law"); *see also*; *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994).

Nichia is now claiming in its pretrial statement that Mr. Saidman will offer opinions regarding the Patent Office's practices. At deposition, Mr. Saidman, however, swore that he would not be providing such testimony: (Question: "Am I correct that you are not

1  presenting the prosecution history of Nichia's design patents in this case, you haven't been asked

2  to do that?"  Answer:  "I have so far not been asked to do that."  Question:  "You are not at this

3  time offering evidence -- excuse me, testimony regarding particular practices or procedures of

4  the PTO?  Answer:  "I have not been asked to do that at this point, but would be ready to do so if

5  asked.")  Melaugh Decl. in Support of Motion *in limine* No. 12, Ex. 2, Tr. 197 (Sai.).  An expert

6  witness cannot provide new testimony at trial, when those opinions were not disclosed in his

7  expert report or at his deposition.  Fed. R. Civ. P. 26(a)(2)(B) ("report(s) shall contain a complete

8  statement of *all* opinions . . .") (emphasis added); *See also Carson Harbor Village, Ltd. v.*

9  *Unocal Corp.* 2003 WL 22038700 at *3 (C.D. Cal. 2003).  For this additional reason, Saidman

10  should be excluded from giving testimony as to the Patent Office's practices.

11          Third, claims construction in a design patent case is a matter for the Court, not a

12  subject for a private lawyer who proposes to offer expert opinion that another expert did it

13  correctly, as Mr. Saidman proposes to do.  *Markman v. Westview Instruments, Inc.*, 52 F.3d 967,

14  983 (Fed. Cir. 1995)(en banc), *aff'd*, 517 U.S. 370, 116 S.Ct. 1384 (1996) ("Testimony about

15  [claim] construction . . . amounts to no more than a legal opinion--it is precisely the process of

16  construction that the court must undertake."  The "court has complete discretion to adopt the

17  expert legal opinion as its own, to find guidance from it, or to ignore it entirely, or even to

18  exclude it.")

19          Fourth, an expert who proposes to vouch for another expert's opinion is cumulative

20  testimony, not helpful to the jury, and its prejudicial effect grossly outweighs any probative

21  value.  Accordingly, it should be excluded under Federal Rules of Evidence 403 and 703.  *See*

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

ACTIVE/72160677.1                                              3                                  No. 3:06-CV-0162 (MMC)

SEOUL SEMICONDUCTOR DEFENDANTS' MOTION *IN LIMINE* NO. 12:
MOTION *IN LIMINE* TO EXCLUDE NICHIA'S DESIGN PATENT LAW EXPERT PERRY J. SAIDMAN

1  *Am. Key Corp. v. Cole Nat'l Corp.*, 762 F.2d 1569, 1580 (11th Cir. 1985) ("Expert opinions
2  ordinarily cannot be based upon the opinions of others whether those opinions are in evidence or
3  not."

5  DATED:  August 14, 2007

                                    Bingham McCutchen LLP

                                By:      /s/ Beth H. Parker
                                      Beth H. Parker
                                  Attorneys for Defendants
                         Seoul Semiconductor Co., Ltd. and Seoul
                                  Semiconductor, Inc.

ACTIVE/72160677.1     4     No. 3:06-CV-0162 (MMC)

SEOUL SEMICONDUCTOR DEFENDANTS' MOTION *IN LIMINE* NO. 12:
MOTION *IN LIMINE* TO EXCLUDE NICHIA'S DESIGN PATENT LAW EXPERT PERRY J. SAIDMAN