**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3404
TELEPHONE: (415) 434-4484
FACSIMILE: (415) 434-4507

NANCY J. GEENEN (CA BAR NO. 135968)
JASON M. JULIAN (CA BAR NO. 215342)
MICHAEL J. SONG (CA BAR NO. 243675)
ngeenen@foley.com
jjulian@foley.com
msong@foley.com

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
3000 K ST., N.W., SUITE 500
WASHINGTON, DC 20007
TELEPHONE: (202) 672-5300
FACSIMILE: (202) 672-5399

KENNETH E. KROSIN (ADMITTED PRO HAC VICE)
MICHAEL D. KAMINSKI (ADMITTED PRO HAC VICE)
GEORGE C. BEST (ADMITTED PRO HAC VICE)
C. EDWARD POLK (ADMITTED PRO HAC VICE)
SHAUN R. SNADER (ADMITTED PRO HAC VICE)
kkrosin@foley.com
mkaminski@foley.com
gbest@foley.com
epolk@foley.com
ssnader@foley.com

**ATTORNEYS FOR PLAINTIFF**

**BINGHAM MCCUTCHEN LLP**
THREE EMBARCADERO CENTER
SAN FRANCISCO, CA 94111-4067
TELEPHONE: (415) 393-2000
FACSIMILE: **(415) 393-2286**
BETH H. PARKER (CA Bar No. 104773)
BILL ABRAMS (CA Bar No. 88805)
MONTY AGARWAL (CA Bar No. 166838)
JUDITH S. H. HOM (CA Bar No. 203482)
TOM CLIFFORD (CA Bar No. 233394)
AMY MELAUGH (CA Bar No. 240931)
beth.parker@bingham.com
bill.abrams@bingham.com
monty.agarwal@bingham.com
judith.hom@bingham.com
tom.clifford@bingham.com
amy.melaugh@bingham.com

**ATTORNEYS FOR DEFENDANTS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Nichia Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>Seoul Semiconductor Co., Ltd. and Seoul Semiconductor, Inc.,<br><br>    Defendants. | Case No.: 3:06-CV-0162-MMC (JCS)<br><br>**JOINT PRETRIAL STATEMENT UNDER F.R.C.P. 16.4 AND L.R. 16**<br><br>Date:  August 28, 2007<br>Time:  3:00 p.m.<br>Location:  Courtroom 7, 19th Floor<br>Judge:  Maxine M. Chesney |

**JOINT PRETRIAL STATEMENT**

On August 28, 2007, at 3:00 p.m., counsel for Nichia Corporation ("Plaintiff") and counsel for Seoul Semiconductor Co., Ltd. and Seoul Semiconductor, Inc. ("Defendants") shall participate in a pretrial conference before this Court under Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16 of this Court.  The following matters as to trial of this action commencing on September 10, 2007 are hereby ordered by the Court.

I.    SUBSTANCE OF THE ACTION

   A.    **Plaintiff's Brief Statement of Its Claim**

Plaintiff, Nichia Corporation, is the world's leader in the manufacture of light emitting diodes ("LEDs"), and a leader in developing new LED technologies, including the first high-brightness blue LED and white LED.  Because it is the industry leader, Nichia's products are often copied.  As such, Nichia relies on its patent portfolio to dissuade those who might copy its products.  Although Seoul is defending this case by arguing that design patents on small LEDs are not valid, Seoul itself applied for and obtained U.S. design patents on some of its small LEDs.

Nichia introduced its 335 series LED, with the unique wing-shaped electrodes, to the market in May of 2002.  Within months, Seoul began to sell its 902 series LED, a copy of Nichia's successful 335 LED.  In March of 2005, after its design patents on the shape of the 335 LED began to issue, Nichia informed Seoul that the 902 LED infringed a Nichia design patent.  Despite this knowledge, Seoul took no steps to avoid infringement, and continues to sell the accused 902 LEDs today.

Seoul negotiated with manufacturers of liquid crystal displays ("LCDs"), such as Samsung SDI to encourage them to specify Seoul's 902 LEDs for use in the back light units ("BLUs") the LCD manufacturers purchased.  The LCD makers then sold LCDs containing the 902 LEDs to mobile telephone manufacturers whose mobile phones enter the U.S.  At least one company, Samsung electronics Co., Ltd., manufactures both LCD modules and mobile telephones that use Seoul's infringing 902 LEDs.

1      Seoul's sales of its 902 LEDs caused sales of Nichia's 335 LEDs to fall, and
2 caused financial damage to Nichia.  Seoul's infringement was willful, entitling Nichia to
3 enhanced damages and attorney fees.

4  • Plaintiff claims that Defendants have infringed and induced infringement
5    of United States Design Patent Nos. D491,538 ("the '538 patent"),
6    D490,784 ("the '784 patent"), D499,385 ("the '385 patent") and D503,388
7    ("the '388 patent") (collectively "patents-in-suit").
8  • Plaintiff claims that Defendants have directly infringed the patents-in-suit
9    through sales and offers of sale of its 902 series LEDs in the United States.
10 • Plaintiff claims that Defendants have induced infringement of the patents-
11   in-suit through various activities relating to the 902 series LEDs.
12 • Plaintiff claims that Defendants' infringement of the patents-in-suit is
13   willful and deliberate.
14 • Plaintiff claims that Defendants' infringement of the patents-in-suit has
15   caused financial damage to Nichia.
16 • Plaintiff claims that it is entitled to enhanced damages as a result of
17   Defendants' willful infringement of the patents-in-suit.
18 • Plaintiff claims that it is entitled to a permanent injunction against future
19   infringement, including both direct and induced infringement, of the
20   patents-in-suit by Defendants.

21     **B.     Defendants' Brief Statement of Their Claims**

22      Seoul Semiconductor, Co., Ltd. ("SSC") located in Seoul, South Korea, makes
23 light emitting diode ("LED") products, including the 902 series side-view LED.  Seoul
24 Semiconductor, Inc. ("SSI") is SSC's wholly owned United States subsidiary.  (SSC and SSI are
25 collectively referred to as "Seoul").

26      At issue here are four United States design patents embodied in a product smaller
27 than a grain of rice.  The LED's allegedly ornamental features are (1) impossible to observe with
28 the naked eye, (2) of no concern to any purchaser and (3) functional.

JOINT PRETRIAL STATEMENT UNDER F.R.C.P. 16.4 AND L.R. 16

WASH_2029577.1

1. SSI has not made, used, sold, or offered for sale in the United States, or imported into the United States, any 902 series LEDs and should dismissed be from the suit.

2. SSC's 902 series LED are not substantially similar to Nichia's four design patents-in-suit, and do not appropriate the points of novelty in Nichia's patents. Therefore the 902 series do not infringe Nichia's patents. SSC made only two *de minimis* sales in the United States, one for approximately $14,000 orchestrated by Nichia and its lawyers through Nichia's agent, NanoScience Exchange, and the other for just $165 to General Dynamics Lighting Systems (GDLS), a United States government contractor. In the context of the worldwide LED market, this is *de minimis* because it is only .00004% of Seoul's sales of all of its 902 series LEDs.

3. SSC has also not actively induced infringement. Nichia cannot show that SSC specifically intended to induce a party who directly infringed the patents-in-suit in the United States for *each* act of infringement. *DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1303 (Fed. Cir. 2006); *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l., Inc*., 246 F.3d 1336, 1351 (Fed. Cir. 2001) ("[i]nducement only occurs if the party being induced directly infringes the patent.").

4. SSC owns patent rights in Korea covering its 902 series LEDs. Nichia's Korean patents have been invalidated. SSC sells its LEDs in Asia to back light unit manufacturers who are located outside the United States. They in turn sell their units to liquid crystal display manufacturers located outside the United States. The LCD manufacturers then sell their modules to cell phone manufacturers, also located outside the United States. Only then, some cell phones containing LEDs are imported into the United States. Inducement cannot occur under these circumstances. *See Microsoft Corp. v. AT&T Corp.,* 127 S.Ct. 1746, 1759 (2007)("The general rule under United States patent law is that no infringement occurs when a patented product is made and sold in another country.").

5. Moreover, Nichia's U.S. design patents are invalid. The designs lack ornamentality because the claimed designs are primarily functional, not primarily ornamental. The underlying LEDs are so tiny that their ornamentality is hidden in use and any decorative

aspects are not matter of concern. Finally, Nichia's patents-in-suit are anticipated and obvious extensions of Nichia's own prior art, and therefore invalid.

## II.  STATEMENT OF ALL RELIEF SOUGHT

### A.  Plaintiff's Statement of Relief Sought

- Plaintiff seeks a finding by the jury that Defendants have infringed the patents-in-suit.
- Plaintiff seeks a finding by the jury that Defendants have induced others to infringe the patents-in-suit.
- Plaintiff seeks a finding by the jury that Defendants have willfully infringed all the Patents-in-suit.
- Plaintiff seeks a finding by the jury that Defendants have not proved that the patents-in-suit are invalid.
- Plaintiff seeks an award of damages, measured either by a reasonable royalty or by Seoul's profits on infringing sales, along with prejudgment and post-judgment interest, an enhancement of damages for Defendants' willful infringement, attorney's fees, costs.
- Plaintiff seeks a permanent injunction preventing further direct and induced infringement by Defendants.

### B.  Defendants' Statement of Relief Sought

- Defendant seeks a finding by the jury that the four design patents-in-suit are invalid.
- Defendant seeks a jury finding of non-infringement.
- Defendants seeks a jury finding of no willful infringement.
- Defendant seeks a jury finding of no induced infringement.
- Defendant seeks a finding of unclean hands.

## III.  FACTUAL ISSUES REMAINING

Plaintiff and Defendants set forth the factual issues remaining and the stipulated facts below. Should any changes be made necessary based on the Court's Pre-Trial Order, the

Court's ruling on the August 10, 2007 Report and Recommendation of Magistrate Judge Spero, recommending the exclusion of Seoul's obviousness defense, the pending motions for summary judgment and claim construction and/or the rulings on motions *in limine*, the parties reserve the right to modify (add or withdraw) as appropriate:

### A.  Factual Issues

Does Seoul's 902 Series LED infringe the patents-in-suit?

- Do Seoul's 902 Series LEDs satisfy the Gorham "ordinary observer" test?
- Do Seoul's 902 Series LEDs satisfy the Litton "point of novelty" test?

Did Seoul directly infringe the patents-in-suit by using, selling, importing or offering to sell the 902 Series LED in the United States?

Did Seoul actively and knowingly induce others to directly infringe the patents-in-suit after Seoul had actual knowledge of Nichia's design patents?

Are Nichia's design patents-in-suit invalid?

- Are Nichia's four design patents-in-suit invalid on grounds of "hidden in use?"
- Are Nichia's four design patents-in-suit invalid on grounds of functionality?
- Which features of Nichia's patents-in-suit are functional and which are ornamental?
- Did Nichia intend to create the designs embodied in its patents-in-suit for the purpose of ornamenting?
- Are Nichia's patents in suit invalid on grounds of obviousness?
- Are Nichia's '385 and '388 patents invalid because they are anticipated by the prior art?

Does Nichia have unclean hands because its attorneys orchestrated the purchase of Seoul's 902 Series LEDs in the Untied States during investigation of possible infringement?

Did Seoul willfully infringe the patents-in-suit?

- Did Seoul deliberately copy the design of Nichia's 335 LED?

- When Seoul learned of Nichia's U.S. patent protection, did Seoul meet its duty of due care by investigating the scope of the patents-in-suit and forming a good faith belief that they were invalid or not infringed?
- Did Seoul undertake any remedial action to avoid infringement?
- Did Seoul continue to infringe the patents-in-suit after they learned of them?
- Did Seoul attempt to conceal their misconduct?

What measure of damages will compensate Nichia for the infringement?

- What is the volume of sales of 902 LEDs for which Seoul induced infringement?
- What profits has Seoul realized from its alleged infringement of the patents-in-suit?
- What reasonable royalty rate would the parties have agreed to in a hypothetical negotiation?

B. **Stipulated Facts**

1. Plaintiff Nichia Corporation is a corporation organized under the laws of Japan, having its principal place of business at 491 Oka, Kaminaka-Cho, Anan-Shi, Tokushima Japan 774-8601. Nichia Corporation is the assignee and owner of the patents-in-suit.

2. Defendant Seoul Semiconductor Co., Ltd. is a corporation organized under the laws of Korea, having its principal place of business at 148-29, Kasan-dong, Kumchun-gu, Seoul, Republic of Korea.

3. Defendant Seoul Semiconductor, Inc., is a corporation organized under the laws of California, having its principal place of business at 5122 Katella Ave., Los Alamitos, California 90270.

4. The patents-in-suit are D490,784 ("the '784 patent"), D491,538 ("the '538 patent"), D499,385 ("the '385 patent") and D503,388 ("the '388 patent").

5. The '784 patent issued on June 1, 2004.

6. The '538 patent issued on June 15, 2004.

7. The '385 patent issued on December 7, 2004.

8. The '388 patent issued on March 29, 2005.

9. Nichia first notified Seoul of potential infringement of the '538 patent on March 5, 2005.

10. Side-view LEDs are used to illuminate the screen in products such as mobile telephones, personal digital assistants ("PDAs"), and MP3 players.

11. Nichia manufactures certain side-view LEDs known as the 335 series LEDs.

12. Nichia began selling the 335 LEDs in May, 2002.

13. Seoul manufactures certain side-view LEDs known as the 902 series LEDs.

## IV. THE LEGAL ISSUES

Nichia and Seoul state that there are no legal issues beyond those briefed in the pending motions for summary judgment and claim construction, the pending motion to exclude Woodring from testifying, the motions *in limine* that will be filed concurrently with this Statement and the jury instructions. If the Court desires an additional list of legal issues, including a statement of disputed points of law and supporting authority, the parties will provide it. Should any changes be made necessary based on the Court's Pre-Trial Order, the pending motions, and/or the rulings on motions *in limine*, the parties reserve the right to modify (add or withdraw) as appropriate. The categories of legal issues are:

- Whether Seoul's sales or offers of sale of 902 Series LEDs directly infringed the patents-in-suit.

- Whether Seoul actively induced infringement of the patents-in-suit.
- Whether the four design patents-in-suit are valid.
- Whether Seoul willfully infringed the patents-in-suit.
- Nichia's entitlement to damages, measured by a reasonable royalty or Seoul's profits on infringing sales.
- Seoul's affirmative defenses of unclean hands and *de minimis* sales.

## V. CURRENT ESTIMATE OF LENGTH OF TRIAL

The parties believe that the trial of this matter will require 10 full trial days.

The parties have agreed to an official Korean/English interpreter, Ms. Park, and two official Japanese/English interpreters, Ms. Watkins and Ms. Houston, for the trial.

## VI. STATUS OF ALTERNATIVE DISPUTE RESOLUTION

The parties have been unable to resolve this matter despite a separate attempt at mediating the issues between them. The parties believe that any further attempts to resolve this matter through alternative dispute resolution would be unsuccessful. Magistrate Judge Zimmerman has ordered the CEOs of both parties to meet in person in Japan to discuss a business resolution of this litigation. This meeting is scheduled to take place on August 22, 2007. In addition, Magistrate Judge Zimmerman has scheduled a settlement conference for August 30, 2007.

## VII. REQUEST FOR BIFURCATION

Seoul requests that the Court bifurcate the issues of validity from the issues of infringement and try the invalidity issues first. Nichia opposes this motion.

Respectfully submitted,

**DATED**: August 14, 2007

FOLEY & LARDNER LLP

_____/s/_____

KENNETH E. KROSIN
MICHAEL D. KAMINSKI
ATTORNEYS FOR PLAINTIFF NICHIA CORPORATION

| | |
|---|---|
| 1 | BINGHAM MCCUTCHEN LLP |
| 2 | _____/s/_____ |
| 3 | BETH H. PARKER |
| 4 | ATTORNEYS FOR DEFENDANTS SEOUL SEMICONDUCTOR CO., LTD. AND SEOUL SEMICONDUCTOR, INC. |