**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION, | No. C-06-0162 MMC |
| Plaintiff, | **ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING IN PART RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING AS MOOT MOTION TO STRIKES; VACATING HEARING** |
| v. | |
| SEOUL SEMICONDUCTOR LTD., et al., | |
| Defendants | |

Before the Court are two motions for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure:  (1) plaintiff Nichia Corporation's ("Nichia") "Motion[ ] for Summary Judgment of Patent Infringement, Validity, and Seoul's Equitable Defenses," filed June 16, 2007, and (2) defendants Seoul Semiconductor Co., Ltd., and Seoul Semiconductor's (collectively, "Seoul") "Motion for Claim Construction and for Summary Judgment," filed June 15, 2007.[1]  Also before the Court are Seoul's "Motion to Exclude the Testimony of Cooper C. Woodring," filed June 29, 2007, and Seoul's "Motion to Strike the Declarations of Akira Onikiri and Hidehiko Naete from Plaintiff Nichia Corporation's Reply Brief in Support of Its Motions for Summary Judgment," filed July 11, 2007.  Having

---

[1] By separate order filed concurrently herewith, the Court has construed the claim in each of the four subject patents.  Accordingly, the Court does not herein address issues of claim construction.

considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for decision on the papers, VACATES the hearing scheduled for July 27, 2007, and rules as follows.

**A. Infringement**

    1.  A triable issue of fact exists as to whether the design of the accused products, Seouls' 902 Series LEDs ("902 LEDs") is substantially similar to any of the claimed designs, which similarity encompasses their asserted "points of novelty." See Catalina Lighting, Inc. v. Lamps Plus, Inc., 295 F. 3d 1277, 1286 (Fed. Cir. 2002) (holding "if, in the eye of an ordinary observer, . . . two designs are substantially similar," the "first one patented is infringed by the other"); Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co., 162 F. 3d 1113, 1118 (Fed. Cir. 1998) ("Similarity of overall appearance is an insufficient basis for a finding of infringement, unless the similarity embraces the points of novelty of the patented design."). The parties agree that distinctions between 902 LEDs and the subject designs exist, specifically, 902 LEDs' lack of a rectangular recession on the rear surface, as well as 902 LEDs' inclusion of a translucent window on the front surface, and, in at least some models, a flattened outer corner on the vertical leg of the electrode.[2] The Court finds the question of whether such distinctions are insubstantial, as Nichia argues, or significant, as Seoul asserts, constitutes an issue of fact for the jury. See, e.g., Braun Inc. v. Dynamics Corp., 975 F. 2d 815, 821 (Fed. Cir. 1992) (holding, even though "readily noticeable difference" and other asserted "dissimilarities" existed between claimed design and design of accused product, jury entitled to determine, after conducting visual comparison, whether accused product infringes). Accordingly, neither party is entitled to summary judgment on the issue of whether Seoul's 902 LEDs infringe.[3]

---

    [2]Each design patent at issue herein claims an ornamental design for a light emitting diode ("LED"). The asserted point of novelty is the shape of the electrodes that are laterally attached to the body of the LED.

    [3]In denying Seoul's motion for summary judgment on this issue, the Court has not relied on the testimony offered by Nichia's expert, Cooper A. Woodring, because a jury could find the design of the accused devices is substantially similar to the patented designs based solely on a comparison of the accused products with the patented designs. See,

2. For the reasons stated by Seoul, assuming, arguendo, the accused products infringe the subject design patents, Seoul is entitled to summary judgment on Nichia's claims that Seoul induced two non-parties to directly infringe Nichia's patents:

a. With respect to Samsung Electronics Co., Ltd. ("Samsung Electronics"), Nichia offers insufficient evidence to support a finding that Samsung Electronics has sold or offered to sell in the United States products containing 902 LEDs. To the extent Nichia's claim is based on the theory Samsung Electronics sold products containing 902 LEDs to a subsidiary, which, in turn, sold or offered to sell those products in the United States, Nichia offers insufficient evidence that Seoul took any action to assist or otherwise encourage Samsung Electronics's sales to its subsidiary. See MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F. 3d 1369, 1380 (Fed. Cir. 2005) (holding claim of inducement requires evidence defendant was "not only aware of the potentially infringing activities in the United States by [a third party], but also that [defendant] intended to encourage those activities"). Even assuming the evidence, read in the light most favorable to Nichia, could support a finding that Seoul knew or should have known that its 902 LEDs would become components of products sold in the United States by a subsidiary of Samsung Electronics, such evidence, standing alone, is insufficient as a matter of law to support a claim of inducement. See DSU Medical Corp. v. JMS Co., 471 F. 3d 1293, 1305 (Fed. Cir. 2006) (holding "knowledge of the acts alleged to constitute infringement is not enough" to support claim of inducement) (internal quotation and citation omitted).

b. With respect to Samsung SDI Co., Ltd. ("SDI"), Nichia has offered insufficient evidence to support a finding that SDI has sold or offered to sell products containing 902 LEDS in the United States, with the exception of the 40 products containing 902 LEDs sold by SDI in the United States to its subsidiary Samsung SDI America ("SDI

---

e.g., Catalina Lighting, 295 F. 3d at 1287 (holding accused lamp and patented design "alone" constituted "substantial evidence of whether an ordinary observer would believe the patented lamp and the [accused] lamp to be substantially the same"). Further, the Court has not relied on the paragraphs in the Declarations of Akira Onikiri or Hidehiko Naete that Seoul seeks to strike. Accordingly, Seoul's motions to strike will be denied as moot.

1  America") in September 2005.  (See Corrected Song Decl. Ex. 47.)  Further, Nichia has
2  offered insufficient evidence to support a finding that Seoul took any action to assist or
3  otherwise encourage any sales or offers to sell by SDI in the United States.  With respect to
4  SDI's sales to SDI America, Nichia's reliance on two indemnification agreements signed by
5  Seoul and SDI in 2006 is unavailing; such agreements were executed after the September
6  2005 sales to SDI America, and, consequently, could not have induced SDI to sell products
7  to SDI America in 2005.  See MEMC Electronic Materials, 420 F. 3d at 1378-79 (holding
8  indemnification agreement between defendant and third party insufficient to prove
9  inducement, in absence of evidence that "primary purpose" of agreement "was to induce
10 [third party] to infringe").

**B.  Invalidity**

   1.  For the reasons stated by Nichia, Nichia is entitled to summary judgment on Seoul's claim of invalidity on the ground of functionality and Seoul is not entitled to summary judgment on said claim.  Although Seoul relies on the report of its expert, Richard A. Flasck ("Flasck"), who opines that various elements of the claimed designs perform functions, (see Notice of Errata to Kim Decl. Ex. LL at 27-28, 31-35), Flasck does not opine that the "overall appearance" of the LEDs designed by Nichia is "dictated by the utilitarian purpose" of the LEDs.  See L.A. Gear, Inc. v. Thom McAn Shoe Co., 988 F. 2d 1117, 1123 (Fed. Cir. 1993) (noting "the utility of each of the various elements that comprise the design is not the relevant inquiry," but, rather, whether "the overall appearance of the article . . . is dictated by the utilitarian purpose of the article"; holding fact that "elements" of shoe perform functions, such as "mesh on the side of the shoe" providing "support for the foot," and fact that "position of each [such] element on the shoe is due to its function," insufficient to establish claim that shoe design invalid on ground of functionality).

   2.  For the reasons stated by Nichia, Seoul is not entitled to summary judgment on Seoul's claim of invalidity on the ground of lack of ornamentality.  First, to the extent Seoul's claim is based on the theory that LEDs are hidden while in use, Nichia has offered evidence that manufacturers of LEDS intend that ordinary purchasers view LEDs during

the ordering process, (see, e.g., Corrected Song Decl. Exs. 1-18); such evidence is sufficient to create a triable issue of fact. See In re Webb. 916 F. 2d 1553, 1557-58 (Fed. Cir. 1990) (while acknowledging "general rule" that "presumes the absence of ornamentality when an article may not be observed," holding evidence article intended to be seen during "process of sale," even if product is "completely hidden from view in the final use," sufficient to support finding of ornamentality). Second, to the extent Seoul's claim is based on the theory that no ordinary purchaser considers the design of LEDs, a triable issue of fact exists in light of Nichia's evidence that ordinary purchasers express interest in the designs of LEDs. (See, e.g., Corrected Song Decl. Exs. 19 at 34-36, 20 at 41, 52-53.)

       3. Nichia is entitled to summary judgment on Seoul's claim of anticipation, to the extent such claim pertains to United States Design Patent No. 491,538 ("'538 Patent") and United States Design Patent No. 490,784 ("'784 Patent"), in light of Seoul's representation that it is not pursuing such claim. (See Defs. Opp, filed June 29, 2007, at 1-2.)[4]

       4. Nichia is not entitled to summary judgment on Seoul's claim of anticipation, to the extent such claim pertains to United States Design Patent No. 503,388 ("'388 Patent") and United States Design Patent No. 499,385 ("'385 Patent"), and is based on the "SC70-6 package." Assuming, arguendo, the opinion of Seoul's expert, Flasck, is too conclusory to constitute admissible evidence, (see Notice of Errata to Kim Decl. Ex. LL at 57), Nichia fails to show that a reasonable trier of fact could not find, upon visually comparing the prior art and the claimed designs, that the two designs are substantially similar. See Door-Master Corp. v. Yorktowne, Inc., 256 F. 3d 1308, 1312 (Fed. Cir. 2001) (holding "design patent infringement test also applies to design patent anticipation"); Braun Inc. v. Dynamics Corp., 975 F. 2d at 821 (holding, even though "readily noticeable difference" and other asserted "dissimilarities" existed between claimed design and design of accused product, jury

---

[4] Although Seoul asserts it has never claimed that the '538 Patent and '784 Patent are invalid as anticipated, Seoul's counterclaims allege invalidity in general terms, without specification of any ground and/or patent to which such counterclaims are directed.

entitled to determine, after conducting visual comparison, whether accused product infringes).

    5. Nichia is entitled to summary judgment on Seoul's claim of anticipation, to the extent such claim pertains to the '388 Patent and the '385 Patent, and is based on United States Design Patent 336,106 ("'106 Patent"). For the reasons stated by Nichia in its Motion to Strike the Supplemental Expert Report of Richard A. Flasck, and in Magistrate Judge Joseph C. Spero's August 14, 2007 order granting said motion, such claim was disclosed by Seoul after the close of discovery, and Seoul has failed to show Nichia is not prejudiced by such late disclosure.

    6. The Court will defer ruling on Nichia's motion to the extent Nichia seeks summary judgment on Seoul's claim of obviousness, until the Court has considered whether to adopt the "Report and Recommendation Re Plaintiff's Motion to Bar Obviousness Defense," filed August 14, 2007 by Magistrate Judge Spero.[5]

**C. Equitable Defense**

For the reasons stated by Nichia, Nichia is entitled to summary judgment on the defense of unclean hands, which defense is based on undisputed evidence that Nichia asked NanoScience Exchange ("NanoScience") to purchase 902 LEDs from Seoul without disclosing Nichia's involvement therein. (See Parker Decl. Exs. 4, 30, 31.) Seoul cites no case, and the Court has located none, holding a plaintiff may not base an infringement claim on a purchase, made through a third party, of suspected infringing products. Indeed, to the extent authority bearing on the issue exists, such authority is to the contrary. See, e.g., Olan Mills, Inc. v. Linn Photo Co., 23 F. 3d 1345, 1348 (8th Cir. 1994) (holding, in copyright infringement action, where plaintiff's investigator "approached" defendant and "offered [defendant] an opportunity to infringe," defendant's act of selling infringing products to plaintiff's investigator constituted infringement); Wahpeton Canvas Co. v. Bremer, 893 F. Supp. 863, 871-82 (N.D. Iowa 1995) (holding, in patent infringement action,

---

[5]Seoul's objections if any, are due no later than August 28, 2007.

defendant's sale of infringing product to plaintiff's investigator constituted act of infringement; stating there is "no basis in law" to dismiss infringement claim in light of plaintiff's having used investigator to purchase infringing products) (citing Olan Mills, 23 F. 3d at 1347-48).

**D. DeMinimis Defense**

For the reasons stated by Nichia, Nichia is entitled to summary judgment on Seoul's defense that its direct sales in the United States are not infringing because they are de minimis. The "de minimis exception" to infringement is "very narrowly" construed, providing a "defense to infringement performed for amusement, to satisfy idle curiosity, or for strictly philosophical inquiry," see Embrex, Inc. v. Service Engineering Corp., 216 F. 3d 1343, 1349 (Fed. Cir. 2000) (internal quotation and citation omitted); Seoul has failed to submit any evidence that the sales and offers to sell on which Nichia's direct infringement claim are based were performed for such purposes.

**CONCLUSION**

For the reasons stated above:

1. Nichia's motion for summary judgment is hereby GRANTED in part, DENIED in part, and DEFERRED in part as follows:

　　　a. Nichia is entitled to summary judgment on Seoul's claim of invalidity on the ground of functionality;

　　　b. Nichia is entitled to summary judgment on Seoul's claim of anticipation, to the extent such claim pertains to the 538 Patent and the 748 Patent;

　　　c. Nichia is entitled to summary judgment on Seoul's claim of anticipation, to the extent such claim is based on the '106 Patent;

　　　d. Nichia is entitled to summary judgment on Seoul's defense of unclean hands;

　　　e. Nichia is entitled to summary judgment on Seoul's defense of de minimis infringement;

//

        f. To the extent Nichia seeks summary judgment on Seoul's claim of obviousness, the Court DEFERS ruling thereon; and

        g. In all other respects, the motion is DENIED.

2. Seoul's motion for summary judgment is hereby GRANTED in part and DENIED in part as follows:

        a. Seoul is entitled to summary judgment on Nichia's claim of inducement; and

        b. In all other respects, the motion is DENIED.

3. Seoul's motions to strike are DENIED as moot.

**IT IS SO ORDERED.**

Dated: August 22, 2007

                                            _____
                                            MAXINE M. CHESNEY
                                            United States District Judge