IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHIA CORPORATION,

    Plaintiff,

v.

SEOUL SEMICONDUCTOR CO., LTD., et al.,

    Defendants
_____/

No. C 06-0162 MMC

**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER**

    Before the Court is defendants' "Motion for Leave to File Motion for Reconsideration of Summary Judgment Order," filed August 28, 2007, by which defendants seek reconsideration of the Court's summary judgment order, filed August 22, 2007, to the extent such order grants judgment in favor of plaintiff with respect to defendants' claim of invalidity on the ground of functionality.

    A design is "invalid due to functionality" when the claimed design "is dictated by the use or purpose of the article." See L.A. Gear, Inc. v. Thom McAn Shoe Co., 988 F. 2d 1117, 1123 (Fed. Cir. 1993). In its August 22, 2007 order, the Court found plaintiff was entitled to summary judgment on defendants' claim of invalidity on the ground of functionality, because defendants had failed to offer any evidence to support a finding the claimed designs are dictated by the function performed by the subject article, a side view

light-emitting diode ("LED").  (See Order, filed August 22, 2007, at 4:12-24.)  By the instant motion, defendants seek reconsideration of said finding, on the asserted ground the Court failed to consider evidence supportive of a finding that the claimed designs are dictated by the function performed by a side view LED.

The evidence on which defendants rely is an opinion set forth in the expert report of Richard A. Flasck ("Flasck"), specifically, Flasck's opinion that the "general appearance" of a side view LED is "the result of functional requirements."  (See Notice of Errata to Declaration of Chi Soo Kim, filed June 22, 2007, Ex. LL at 29.)  The Court did, however, consider such opinion in granting plaintiff's motion for summary judgment on the issue of functionality, and found said opinion insufficient.

Having again reviewed the issue, the Court finds no basis upon which to reconsider its prior decision.  Flasck's opinion, as set forth in more detail at other pages of his report, is that any side view LED must have, for functional reasons, a "standard general appearance," which Flasck defines as "a tiny shoe box shaped body with the window on the front surface, and a tiny metallic electrode at each end."  (See id. Ex. LL at 27-28.)  The design patents at issue, however, do not purport to claim a design for an LED consisting of "a tiny shoe box shaped body with the window on the front surface, and a tiny metallic electrode at each end," but, rather, for a LED with a specific type of window and a specifically-shaped electrode at each end, as well as other features, as set forth in detail in the Order Construing Claims, filed August 22, 2007.  As the Court stated in its summary judgment order, Flasck does not opine that the particular designs claimed by plaintiff are dictated by the function performed by a side view LED.

Accordingly, defendants' motion is hereby DENIED.

**IT IS SO ORDERED**.

Dated:  August 31, 2007

_____
MAXINE M. CHESNEY
United States District Judge