IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHIA CORPORATION,

    Plaintiff,

  v.

SEOUL SEMICONDUCTOR CO., LTD., et al.,

    Defendants

                              /

No. C 06-0162 MMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE NO. 13**

       Before the Court is plaintiff's "Motion in Limine No. 13 to Preclude Defendants . . . Reliance on Prior Art Not Properly Noticed According to 35 U.S.C. § 282," filed August 30, 2007. Defendants have filed opposition thereto. The matter was argued at the Pretrial Conference conducted September 4, 2007. Having considered the parties' submissions in support of and in opposition to the motion, and the arguments of counsel made at the Pretrial Conference, the Court rules as follows.

       Section 282 provides that a party who seeks to offer prior art to prove "anticipation of the patent in suit" or "the state of the art" must give notice of the prior art "at least thirty days before the trial." See 35 U.S.C. § 282. If a party has not provided the statutorily-required amount of notice, a district court has the discretion to allow introduction of such prior art if the opposing party would not be "deprived of an adequate opportunity to present


its case." See Eaton Corp. v. Appliance Valves Corp., 790 F. 2d 874, 879 (Fed. Cir. 1986).

Plaintiff seeks to preclude defendants from offering two prior art references, specifically, "Nichia Webpage Products: InGan LED: SMD Type LED Side View Series" ("S219") and "Japanese Patent 6-204569" ("S236"). Plaintiff asserts, and defendants do not dispute, that defendants did not give notice of their intention to rely on either such reference more than 30 days prior to the September 10, 2007 trial date originally scheduled.[1]

At the Pretrial Conference, defendants, for the first time, articulated the relevance of the two references; defendants state they seek to use the references for purposes of cross-examining plaintiff's infringement expert Cooper Woodring ("Woodring") with respect to the issue of points of novelty. Defendants next argue that because the two references are mentioned in one of Woodring's reports, plaintiff would not be prejudiced if Woodring is questioned about such references. The Court disagrees that Woodring's inclusion of the two references in his report demonstrates a lack of prejudice to plaintiff, given there is no showing Woodring even considered, let alone relied on, either reference with respect to his opinion concerning points of novelty, or that plaintiff was aware defendants intended to do so.[2] Nevertheless, in light of the recent 42-day continuance of the trial,[3] the Court finds Woodring will have sufficient time to prepare for this aspect of cross-examination. See Eaton, 790 F. 2d at 879-80 ("The boundaries of the district court's discretion are defined by unfair, prejudicial harm to a party deprived of an adequate opportunity to present its case.")

Accordingly, to the extent defendants seek to use S219 and/or S236 for the limited purpose described above, the motion is hereby DENIED.

---

[1] Defendants do not contend their proposed use of the two references falls outside the scope of § 282.

[2] Woodring cited S219 as an example of marketing materials that demonstrate side view LEDs are not "hidden in use," (see Krosin Decl., filed July 10, 2007, Ex. C ¶ 14 and Ex. 1 thereto); he cited S236 generally, as one of over 600 references he "reviewed" before concluding the patents in suit are valid, (see id. Ex. C ¶ 103 and Ex. 11 thereto).

[3] At the Pretrial Conference, the Court continued the trial from September 10, 2007 to October 22, 2007.

In the event defendants seek to offer said prior art references for any other purpose, the motion is hereby GRANTED, and defendants may not use said prior art references for any purpose other than cross-examination of Woodring on the issue of points of novelty, without first seeking and obtaining permission outside the presence of the jury.

**IT IS SO ORDERED**.

Dated: September 14, 2007

MAXINE M. CHESNEY
United States District Judge