IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHIA CORPORATION,

    Plaintiff,

v.

SEOUL SEMICONDUCTOR CO., LTD., et al.,

    Defendants

No. C-06-0162 MMC

**ORDER DENYING DEFENDANTS' REQUEST FOR FURTHER CONSTRUCTION OF CLAIMS**

    A proper claim construction of a design patent consists of a "verbal description" of the "visual impression" created by the claimed design. See Durling v. Spectrum Furniture Co., 101 F. 3d 100, 104 (Fed. Cir. 1996). In its order of August 22, 2007, as amended September 25, 2007, the Court set forth a detailed verbal description of the visual impression created by the designs claimed in each patent at issue herein.

    At the Pretrial Conference, defendants requested that the Court further construe the claims in the four design patents at issue herein, specifically, to identify which features in the claimed designs are functional.[1] For the reasons discussed below, the Court finds no further construction is necessary.

    "[F]unctional design elements can be claimed in a design patent to the extent that

---

[1] Defendants initially included such request in their Motion for Claim Construction and for Summary Judgment, filed June 15, 2007. In its order construing claims, the Court, by not identifying which features were "functional," implicitly denied such request.

1 | those functional elements are described in ornamental terms." See Torspo Hockey Int'l,
2 | Inc. v. Kor Hockey Ltd., 491 F. Supp. 2d 871, 875 (D. Minn. 2007) (citing cases).  In
3 | construing a design patent containing one or more "functional" elements, the district court
4 | must verbally describe the "particular ornamental shape" of any such "functional" element.
5 | See id. at 876.
6 |      For example, in considering a patent claiming an ornamental design for a "football
7 | with a tailshaft and fins," the Federal Circuit observed that "the presence of a tailshaft and
8 | fins" are "functional and thus not protectable as such."  See Oddzon Products, Inc. v. Just
9 | Toys, Inc., 122 F. 3d 1396, 1404 (Fed. Cir. 1997).  Nevertheless, the Federal Circuit
10 | affirmed the following construction of the claimed design:

> [The patent claims] a ball shaped like a football, with a slender, straight tailshaft projecting from the rear of the football.  In addition, the '001 Patent design has three fins symmetrically arranged around the tailshaft, each of which has a gentle curve up and outward which creates a fin with a larger surface area at the end furthest from the ball. The fins flare outwardly along the entire length of the tailshaft, with the front end of the fin extending slightly up along the side of the football so that the fins seemingly protrude from the inside of the football.

15 | See id. at 1400, 1405 (holding district court's construction "properly limit[ed] the scope of
16 | the patent to its overall ornamental visual impression, rather than to the broader general
17 | design concept of a rocket-like tossing ball").  In short, the Federal Circuit found the district
18 | court had properly construed the "tailshaft and fins" features, both of which were
19 | "functional" features, by describing the visual impression created by the particular shape of
20 | the tailshift and fins claimed by the patentee.
21 |      In the instant case, defendants assert that certain features of the claimed
22 | ornamental designs are "functional."  For example, defendants argue the "window"
23 | illustrated in two of the subject patents "provide[s] the path through which light leaves the
24 | LED chip and enters the backlight unit."  (See Defs.' Mot. for Claim Construction and for
25 | Summ. J. at 25:18-20.)  As another example, defendants argue the electrodes illustrated in
26 | each patent "provide a path for electrical current to the LED and a place to solder the LED
27 | onto the BLU frame."  (See id. at 2:24 - 28:1.)  The patents, however, do not purport to
28 | claim as a general design concept, and the Court has not construed them to so claim,

either an LED with a window or an LED with electrodes.  Consequently, the issue is not one of functionality but rather whether the subject patents include within their scope features that convey a particular protectable visual impression, irrespective of whether any such feature may also perform a function.  See Oddzon Products, 122 F. 3d at 1405.

        Defendants have cited no case, and the Court has located none, in which the Federal Circuit has required a district court, for purposes of claim construction, to identify whether any particular feature of an ornamental design is "functional."  Rather, as explained above, a district court is required, when construing a claim, to describe the particular "visual impression" conveyed by the design illustrated in the patent, whether or not such feature performs a function.  See id.  Because the Court's order construing claims so identifies the ornamental features of each of the asserted patents, the Court finds no further construction is required.

        **IT IS SO ORDERED.**

Dated:  October 10, 2007

                                            MAXINE M. CHESNEY
                                            United States District Judge