IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>      Plaintiff,<br>  v.<br><br>SEOUL SEMICONDUCTOR CO., LTD., et al.,<br><br>      Defendants | No. C-06-0162 MMC<br><br>**ORDER GRANTING PART AND DENYING IN PART DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT** |

      Before the Court is defendants' Supplemental Motion for Summary Judgment, filed September 21, 2007, by which defendants seek summary judgment on plaintiff's claim that defendants willfully infringed the patents at issue herein. Plaintiff Nichia Corporation has filed opposition, to which defendants have replied.[1] Having considered the parties' submissions in support of and in opposition to the motion, the Court rules as follows:

      1. To the extent plaintiff's claim of willful infringement is based on defendants' offer made to Kopin Corporation in January 2005, (see Stonework Decl., filed September 12, 2007, Ex. 4), defendants are entitled to summary judgment because such act occurred prior to March 11, 2005, the date on which defendants obtained knowledge of plaintiff's

---

[1] Plaintiff's "Motion for Leave to File Sur-Reply Brief," filed October 8, 2007, is hereby DENIED as moot. By said motion, plaintiff seeks leave to reply to an assertedly new argument made in defendants' reply at page 5:7-13. To the extent the Court has granted defendants' motion for summary judgment, the Court has not relied on such argument.

patents, (see id. Ex. 2).  See Gustafson, Inc. v. Intersystems Industrial Prods., Inc., 897 F. 2d 508, 511 (Fed. Cir. 1990) (holding "party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge").

2. To the extent plaintiff's claim of willful infringement is based on defendants' offer made to Three-Five Systems in 2004, (see Stonework Decl., filed September 12, 2007, Ex. 5), defendants are entitled to summary judgment because such act occurred prior to March 11, 2005, the date on which defendants obtained knowledge of plaintiff's patents, (see id. Ex. 2).  See Gustafson, 897 F. 2d at 511.

3. To the extent plaintiff's claim of willful infringement is based on statements included on defendants' website, (see Stonework Decl., filed September 21, 2007, Exs. F-J), defendants are entitled to summary judgment because plaintiff has not identified any statement therein that a trier of fact could reasonably find constitutes an "offer to sell," i.e., a "manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it."  See Rotec Industries, Inc. v. Mitsubishi Corp., 215 F. 3d 1246, 1257 (Fed. Cir. 2000).

4. To the extent plaintiff's claim of willful infringement is based on sales to General Dynamics Land Systems and NanoScience Exchange, defendants have not shown plaintiff is foreclosed from establishing a claim.  Although it appears to be undisputed that the particular employees involved in both sales had no knowledge of plaintiff's patents, it is undisputed that defendants' Director Chung Hoo Lee had such knowledge, (see Stonework Decl., filed September 12, 2007, Ex. 2); defendants have cited no authority addressing their implicit argument that knowledge of a principal, as a matter of law, cannot be imputed to the principal's agents, and vice-versa, under the circumstances presented.[2]

---

[2] As defendants note, however, the sales at issue are "miniscule."  (See Defs.' Mot. at 7:10.)  Such factor may be a relevant consideration in determining whether, if the trier of fact were to find willful infringement, an award of enhanced damages is appropriate.  See Read Corp. v. Portec, Inc., 970 F. 2d 816, 827-28 (Fed. Cir. 1992) (holding finding of willfulness does not "mandate enhancement of damages"; stating one factor district court should consider in determining whether willful infringer is liable for enhanced damages is "duration of defendant's misconduct").

2

**CONCLUSION**

For the reasons stated above, defendants' motion for summary judgment on plaintiff's claim of willful infringement is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent plaintiff's claim of willful infringement is based on an offer to sell to Kopin Corporation, an offer to sell to Three-Five Systems, and statements included on defendants' website, the motion is GRANTED; and

2. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated:  October 16, 2007

MAXINE M. CHESNEY
United States District Judge