IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHIA CORPORATION,

    Plaintiff,

v.

SEOUL SEMICONDUCTOR CO., LTD., et al.,

    Defendants
_____/

No. C-06-0162 MMC

**SECOND AMENDED ORDER CONSTRUING CLAIMS**

In the above-titled action, plaintiff Nichia Corporation alleges that defendants Seoul Semiconductor Co., Ltd., and Seoul Semiconductor, Inc., have infringed four design patents. Before the Court are the parties' respective proposed claim constructions, each filed August 7, 2007, pursuant to the Court's order of August 1, 2007.[1]

"In construing a design patent claim, the scope of the claimed design encompasses its visual appearance as a whole, and in particular the visual impression it creates." Contessa Food Products, Inc. v. Conagra, Inc., 282 F. 3d 1370, 1376 (Fed. Cir. 2002) (internal quotation and citation omitted). A proper claim construction consists of a "verbal description" of the visual impression created by the claimed design. See Durling v. Spectrum Furniture Co., 101 F. 3d 100, 104 (Fed. Cir. 1996).

Having considered the parties' respective filings, as well as the portions of the parties' pending motions for summary judgment in which claim construction issues are addressed, the Court construes the design claims as follows:

---

[1] The sole amendment is to substitute, by stipulation of the parties, the word "recessed" for the word "rearwardly-extended" at page 2, line 10.

**A.  United States Design Patent No. 491,538 ("'538 Patent")**

The Court construes the '538 Patent as claiming an ornamental design for a light emitting diode ("LED") comprising:

(1) an elongated generally rectangular body having:

    (a) a rear portion with top, bottom, and side surfaces that taper inwardly, and which portion is joined to a front portion by a parting line that bisects the body lengthwise,

    (b) the center section of its rear surface recessed and tapered outwardly toward the left and right sections of the rear surface,

    (c) its rear surface having a circular protrusion centered thereon, the circular protrusion being centered on a recessed square surface and being flanked by a rectangular recess to its left and by a rectangular recess to its right, and the outer surface of the circular protrusion having the contour of a smooth wave form,

    (d) the lateral ends of its bottom surface raised,

    (e) a small angled cathode mark at the upper left front corner of the front portion, wherein the cathode mark, when viewed from the front, forms an isosceles right triangle, and when viewed from the top or from the left side, forms a square, and

    (f) its front surface having an elongated opaque window with peaked top and bottom rims and circularly-curved left and right rims; and

(2) two spaced-apart substantially right-angled electrodes,[2] one on either side of the body, each electrode:

    (a) protruding laterally from the body, and

    (b) having a vertical leg and a substantially horizontal leg joined by a curved radius such that the electrode has an "L" shape when viewed from the right side of the LED and a backward "L" shape when viewed from the left side of the LED, the vertical and

---

[2] In its proposed claim construction, plaintiff refers to said two elements as "brackets"; in their proposed claim construction, defendants refer to said two elements as "structure." Both parties, however, in their respective pending motions for summary judgment, refer to said two elements more specifically as "electrodes." (See Defs.' Mot. for Summ. J., filed June 15, 2006, at 5:12, 17, 24-26; Pl.'s Mot. for Summ. J., filed June 16, 2006, at 4:1-2, 13:15-16.)

1 substantially horizontal legs having parallel, flat, exposed surfaces, the substantially
2 horizontal leg extending rearwardly and being substantially flush with the body's bottom
3 surface, a portion of the substantially horizontal leg extending below the lateral end of the
4 raised bottom surface of the body, the vertical leg having a flat top and a rounded outer
5 corner, and the height of the vertical leg being more than a majority of the body's height.

**B.  United States Design Patent No. 490,784 ("'748 Patent")**

The Court construes the '748 Patent as claiming an ornamental design for an LED comprising:

(1) an elongated generally rectangular body having:

    (a) a rear portion with top, bottom, and side surfaces that taper inwardly, and which portion is joined to a front portion by a parting line that bisects the body lengthwise,

    (b) the center section of its rear surface recessed and tapered outwardly toward the left and right sections of the rear surface,

    (c) the lateral ends of its bottom surface raised, and

    (d) its front surface having an elongated transparent window with peaked top and bottom rims and circularly-curved left and right rims; and

(2) two spaced-apart substantially right-angled electrodes, one on either side of the body, each electrode:

    (a) protruding laterally from the body, and

    (b) having a vertical leg and a substantially horizontal leg joined by a curved radius such that the electrode has an "L" shape when viewed from the right side of the LED and a backward "L" shape when viewed from the left side of the LED, the vertical and substantially horizontal legs having parallel, flat, exposed surfaces, the substantially horizontal leg extending rearwardly and being substantially flush with the body's bottom surface, a portion of the substantially horizontal leg extending below the lateral end of the raised bottom surface of the body, the vertical leg having a flat top and a rounded outer corner, and the height of the vertical leg being more than a majority of the body's height.

//

**C.  United States Design Patent No. 503,388 ("'388 Patent")**

The Court construes the '388 Patent as claiming an ornamental design for an LED comprising two spaced-apart right-angled electrodes, each electrode being laterally attached to the body of an LED[3] and having a vertical leg and a horizontal leg joined by a curved radius such that the electrode has an "L" shape when viewed from one side of the LED and a backward "L" shape when viewed from the other side of the LED, the vertical leg and horizontal leg having parallel, flat, exposed surfaces, the horizontal leg extending rearwardly, a portion of the horizontal leg protruding inwardly, and the vertical leg having a flat top and a rounded outer corner.

**D.  United States Design Patent No. 499,385 ("'385 Patent")**

The Court construes the '385 Patent as claiming an ornamental design for an LED comprising two spaced-apart substantially right-angled electrodes, each electrode being laterally attached to the body of an LED, and having a vertical leg and a substantially horizontal leg joined by a curved radius such that the electrode has an "L" shape when viewed from one side of the LED and a backward "L" shape when viewed from the other side of the LED, the vertical leg and substantially horizontal leg having parallel, flat, exposed surfaces, the substantially horizontal leg extending rearwardly, a portion of the substantially horizontal leg protruding inwardly, and the vertical leg having a flat top and a rounded outer corner.

**IT IS SO ORDERED.**

Dated: October 22, 2007

_____
MAXINE M. CHESNEY
United States District Judge

---

[3] Although, as noted, the claimed design is a "design for a light emitting diode," see '388 Patent at 1, col. 2, the patentee has illustrated the body of the LED in broken lines, thus indicating the body is "immaterial" to the claimed design, see In re Blum, 374 F. 2d 904, 907 (C.C.P.A. 1967), i.e., that the scope of the claimed design is limited to the electrode portions of the LED.