1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   NICHIA CORPORATION,                            No. 06-0162 MMC

11              Plaintiff              **ORDER DENYING PLAINTIFF'S MOTION
                                       FOR PERMANENT INJUNCTION;**
12        v.                           **DIRECTIONS TO CLERK**

13   SEOUL SEMICONDUCTOR, LTD., et al.,

14              Defendants
                                    /
15

16        Before the Court is plaintiff's Motion for Permanent Injunction, filed December 10,

17   2007.  Defendants have filed opposition, to which plaintiff replied.  Thereafter, defendants,

18   with leave of court, filed a sur-reply.[1]  Having read and considered the papers filed in

19   support of and in opposition to the motion, the Court rules as follows.

20        By the instant motion, plaintiff seeks an injunction prohibiting defendants from

21   "making, using, offering to sell, or selling, within the United States any 902 LEDs or

22   colorable imitations thereof."  (See Proposed Order.)

23   //

24

25        [1]Plaintiff has moved to strike the Declaration of Bruce McFarlane, offered in support
26   of defendants' sur-reply.  To the extent plaintiff argues the entire declaration should be
     stricken because the Court did not afford defendants leave to file evidence, the Court
27   DENIES the motion, as defendants were afforded leave to respond to new evidence
     offered in support of plaintiff's reply.  To the extent plaintiff objects to ¶¶ 14, 18, and 19 of
28   the McFarlane Declaration as speculative, the Court DENIES the motion as moot, because
     the Court has not found it necessary to rely on such evidence in determining the issue
     before it.

1    "[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a

2  court may grant such relief."  eBay v. MercExchange, L.L.C., 547 U.S. 388, 126 S. Ct.

3  1837, 1839 (2006).  In particular, such "plaintiff must demonstrate: (1) that it has suffered

4  an irreparable injury; (2) that remedies available at law, such as monetary damages, are

5  inadequate to compensate for that injury; (3) that, considering the balance of hardships

6  between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public

7  interest would not be disserved by a permanent injunction."  Id.

8         In the instant action, as relevant to the first and third factors, plaintiff argues it "has

9  been and will continue to be irreparably harmed by [defendants'] infringement."  (See Pl.'s

10  Mot. at 4:15-16.)  Such irreparable injury, according to plaintiff, arises from brand

11  recognition erosion, harm to its reputation, price erosion, and loss of market share.  It is

12  undisputed, however, that defendants engaged in only two infringing sales in the United

13  States, both of which occurred in April 2005.  One such sale was the result of an offer

14  made by plaintiff, (see Parker Decl., filed June 29, 2007, Exs. 4, 30, 31),[2] and,

15  consequently, cannot be said to have caused plaintiff any injury.  The sole remaining sale

16  was in the amount of $165.  (See Julian Decl., filed December 10, 2007, Ex. A at 895.)

17  Plaintiff, not surprisingly, fails to offer any evidence that defendants' $165 sale, which

18  occurred almost three years ago, has resulted in brand recognition erosion, harm to

19  plaintiff's reputation, price erosion, loss of market share, or any other irreparable injury.

20  Consequently, the Court next turns to plaintiff's argument that irreparable injury is likely to

21  occur in the event defendants were to continue to infringe.  In that respect, defendants

22  argue there is no likelihood of continued infringement and, consequently, no likelihood of

23  irreparable injury.

24         Because the "purpose of an injunction is to prevent future violations," a plaintiff is not

25  entitled to such remedy where the plaintiff fails to show "there exists some cognizable

26  danger of recurrent violation, something more than [a] mere possibility."  See United States

27

28        [2]Plaintiff initiated the sale through a third party, who represented the purchase was
for the purpose of "research."  (See id.)

v. W. T. Grant Co., 345 U.S. 629, 633 (1953) (discussing, in antitrust case, standard appropriate for injunctive relief generally). For example, in the context of an infringement action, an injunction is "unnecessary" where the defendant "has or will soon cease the allegedly infringing activities." See Polymer Technologies, Inc. v. Bridwell, 103 F. 3d 970, 974 (Fed. Cir. 1996).

Here, in support of their opposition to the instant motion, defendants offer evidence that, as of December 2007, defendants' only remaining customers for the accused product were six companies, each located in Asia, (see Kim Decl., filed December 28, 2007, ¶ 8), and that earlier in the year they had notified their customers of their intent to cease production of the accused product "on or about December 31, 2007," (see id. ¶ 7); plaintiff has offered no evidence to the contrary. Moreover, at trial in 2007, defendants offered evidence explaining that they "don't have any customer[s]" in the United States because the potential customers for the accused product are "BLU" manufacturers,[3] none of which is located in the United States, (see Bovard Decl., filed December 28, 2007, Ex. F at 884:24-25); plaintiff has offered no evidence that defendants as of that time, or at any time after April 2005, made any sales of the accused product in the United States. Further, during pretrial proceedings, defendants stated that the technology embodied in the accused product is "pretty much obsolete" and that it is "at the very, very tail end of [its] sales," (see Julian Decl. Ex. I at 6:24-7:3); plaintiff offers no evidence or argument to contradict such assertion.

In sum, it is undisputed that defendants no longer manufacture the accused product, that defendants currently have no potential customers for such product in the United States, and that, with the exception of one sale initiated by plaintiff almost three years ago and one extremely small additional sale that same month, defendants have never sold the accused product to a customer in the United States. Further, although a cessation of infringing activity without explanation would not necessarily preclude a finding of future

---

[3]"BLU" is a reference to "back lighting unit." (See Bovard Decl., filed December 28, 2007, Ex. F at 884:24-25.)

irreparable injury, see, e.g., W.L. Gore & Assocs. Inc. v. Garlock, Inc., 842 F. 2d 1275, 1281-82 (Fed. Cir. 1988) (holding permanent injunction appropriate where defendant, without providing any reason, ceased production of infringing product at time of trial), here, as noted, plaintiff has not taken issue with defendants' assertion that the technology in question is obsolete.

Under such circumstances, plaintiff has failed to show it has suffered any irreparable injury, or that there exists a likelihood it will suffer irreparable injury if an injunction does not issue. Moreover, having failed with respect to a showing of irreparable injury, plaintiff necessarily fails to satisfy the second factor, specifically, that "remedies available at law, such as monetary damages, are inadequate to compensate" plaintiff. See eBay, 126 S. Ct. at 1839. Finally, in light of the above findings, the Court further finds the public interest would not be served by the issuance of an injunction.

Accordingly, the Court finds plaintiff has failed to show its entitlement to a permanent injunction.[4]

**CONCLUSION**

For the reasons stated above, plaintiff's motion for a permanent injunction is hereby DENIED.

The Clerk is hereby DIRECTED to enter final judgment as follows: "The jury having found defendants willfully infringed United States Design Patent No. 491,538, United States Design Patent No. 490,784, United States Design Patent No. 503,388, and United States Design Patent No. 499,385, and having found each such patent valid, judgment is hereby entered in favor of plaintiff and against defendants in the amount of $250."

**IT IS SO ORDERED.**

Dated: February 7, 2008

MAXINE M. CHESNEY
United States District Judge

---

[4]Because the instant order resolves plaintiff's remaining claim against defendants, the Clerk will be directed to enter final judgment.