IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHIA CORPORATION,

    Plaintiff,

v.

SEOUL SEMICONDUCTOR CO.,LTD., et al.,

    Defendants

No. C 06-0162 MMC

**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL; DIRECTIONS TO PLAINTIFF**

Before the Court is plaintiff's "Administrative Motion to File Under Seal," filed February 21, 2008, by which plaintiff seeks leave to file under seal an unredacted version of its "Motion for a Finding of Exceptional Case and an Award of Attorney's Fees" ("Fee Motion") and a number of exhibits offered in support thereof. Defendant has not filed a response thereto. Having considered plaintiff's administrative motion, the Court rules as follows:

1. Plaintiff seeks to file under seal Exhibits E, G, J, U, W, X, Y, and Z to the Declaration of Linda Hansen and to redact any references to the contents of said exhibits from the version of its Fee Motion filed in the public record. Plaintiff's request is based upon its assertion that defendants have designated those exhibits as confidential. Because defendants have not filed a declaration setting forth why any of those exhibits are confidential, plaintiff's motion, to the extent it is based on defendants' asserted designations, is DENIED. See Civil Local Rule 79-5(d). Accordingly, plaintiff is DIRECTED to file in the public record, no later than March 28, 2008, Exhibits E, G, J, U, W, X, Y, and Z

and a revised version of its Fee Motion that includes references to the material in those exhibits. If plaintiff fails to timely comply, the Court will not consider those exhibits in connection with the Fee Motion.

2. Plaintiff also seeks to file under seal Exhibits R, S, and V to the Declaration of Linda Hansen and to redact any references to the contents of said exhibits from the version of its Fee Motion filed in the public record. Apparently undaunted by the Court's multiple orders denying plaintiff's previous attempts to file an entire document under seal simply because there may exist in the document some matter that is confidential, (see, e.g., Orders, Docket Nos. 454, 456, 459, 461, 669, 960), plaintiff, once again, requests such sealing based on an assertion that each of the three subject exhibits "includes" confidential matter. (See Song Decl., filed February 21, 2008, ¶ 6.) Because plaintiff's request is not narrowly tailored, and is in violation of the Court's prior and repeated directives, plaintiff's motion, to the extent it is based on plaintiff's asserted designations, is DENIED. See Civil Local Rule 79-5(a) (providing request to file material under seal must be "narrowly tailored to seek sealing only of sealable material"). Accordingly, if plaintiff wishes to have Exhibits R, S and V made part of the record, plaintiff is DIRECTED to, no later than March 28, 2008, either (1) file in the public record Exhibits R, S and V and a revised version of its Fee Motion that includes references to the material in those exhibits, or (2) submit a motion that seeks to file under seal "only" sealable material. See Civil L.R. 79-5(a).[1]

**IT IS SO ORDERED**.

Dated: March 21, 2008

MAXINE M. CHESNEY
United States District Judge

---

[1] The Court does not, at this time, reach the issue of whether Exhibits R, S, and/or V include any confidential material. If, however, it is plaintiff's contention that it can seek an award of fees, yet keep all evidence of the nature of the work performed and the billing rates charged secret from the public, plaintiff must submit authority in support of any such contention.

2