IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>SEOUL SEMICONDUCTOR, et al.,<br><br>    Defendants<br>_____/ | No. C-06-0162 MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW; DENYING DEFENDANTS' MOTION FOR NEW TRIAL; SETTING HEARING ON PLAINTIFF'S MOTION FOR FINDING OF EXCEPTIONAL CASE AND AWARD OF ATTORNEY'S FEES** |

Before the Court are defendants' Motion for Judgment as a Matter of Law, and Motion for a New Trial, both filed February 22, 2008. Plaintiff has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

**A. Motion for Judgment as a Matter of Law**

1. Contrary to defendants' argument, the Court finds, for the reasons stated by plaintiff, that plaintiff submitted sufficient evidence to support the jury's finding that the ornamental features of the patented designs and the accused designs are "'substantially the same . . . such as to deceive [an ordinary] observer, inducing him to purchase one supposing it to be the other.'" See Contessa Food Products, Inc. v. Conagra, Inc., 282 F.

---

[1] By order filed March 25, 2008, the Court took the matters under submission.

3d 1370, 1377 (Fed. Cir. 2002) (quoting Gorham Co. v. White, 81 U.S. 511, 528 (1871)); (see, e.g., Trial Exhibits ("TX") 26, 30-41, 45A, 45B, 386B, Transcript ("TR") at 431-47, 452-53, 679-91, 1018, 1284-88, 1318-19, 1637).

    2. Contrary to defendants' argument, the Court finds, for the reasons stated by plaintiff, that plaintiff submitted sufficient evidence to support the jury's finding that the accused designs "appropriate[ ] the novelty which distinguishes the patented design[s] from the prior art." See Contessa Food Products, 282 F. 3d at 1377; (see, e.g., TX 26, 30-41, TR 730-35, 741-49, 1285-86).

    3. Contrary to defendants' argument, the Court finds, for the reasons stated by plaintiff, that plaintiff submitted sufficient evidence to support the jury's finding that the subject patents are valid, specifically, evidence that "at some point in the life of an [LED,] an occasion (or occasions) arises when the appearance of the [LED] becomes a matter of concern." See In re Webb, 916 F. 2d 1553, 1557 (Fed. Cir. 1990) (internal citation and quotation omitted); (see, e.g., TX 163, TR 580-83, 607, 610, 613-14, 616, 620).

    4. Contrary to defendants' argument, the Court finds, for the reasons stated by plaintiff, that plaintiff submitted sufficient evidence to support the jury's finding that defendants willfully infringed the patents at issue. See In re Seagate Technology, LLC, 497 F. 3d 1360, 1371 (Fed. Cir. 2007) (holding defendant acts "willfully" where it acts "despite an objectively high likelihood that its actions constitute[ ] infringement of a valid patent," such risk being "known or so obvious that it should have been known to the accused infringer"); see, e.g., TX 58, 60, 78, Docket No. 118 ¶ 37, TR 690, 886-88, 1497, 1508-09, 1512).

**B. Motion for New Trial**

    1. Contrary to defendants' argument, the Court, for the reasons stated by plaintiff, correctly construed "opaque," as used with respect to U.S. Design Patent 491,538, as "difficult or impossible to see through, but allowing the passage of some light." Moreover, the Court's construction is supported by testimony given by persons skilled in the art and called by both parties. See Phillips v. AWH Corp., 415 F. 3d 1303, 1319 (Fed. Cir. 2005)

1  (holding "extrinsic evidence can help educate the court regarding the field of the invention
2  and can help the court determine what a person of ordinary skill in the art would understand
3  the claim terms to mean"); (see, e.g., TR 1548-49; Docket No. 893-2 ¶ 2).

4       2. Contrary to defendants' argument, the Court, for the reasons stated by plaintiff,
5  did not err in denying defendants' motion in limine to preclude Cooper Woodring, an
6  industrial designer, from offering testimony on behalf of plaintiff at trial.

7       3. Contrary to defendants' argument, the Court, for the reasons stated by plaintiff,
8  did not err in granting plaintiff's motion in limine to preclude defendants from offering
9  evidence that defendants owned Korean design patents covering the design of the accused
10 products.  Moreover, although defendants assert that its "sales were legal where first
11 made," (see Defs.' Mot for New Trial at 15:18), the only infringing sales at issue herein
12 were not "first made" in Korea, but were made in the first instance in the United States.

13      4. Contrary to defendants' argument, the Court, for the reasons stated by plaintiff,
14 did not err in granting's plaintiff's motion in limine to preclude defendants from offering
15 evidence that plaintiff's counsel requested a third-party, NanoScience Exchange
16 ("NanoScience"), to purchase the accused products from defendants.  Moreover, to the
17 extent defendants argue such request resulted in defendants' engaging in an act for which
18 they otherwise lacked a predisposition, and thus the evidence should have been admitted
19 to show defendants would not have otherwise sold products in the United States, such
20 argument is unpersuasive for the reason that defendants sold the accused products in the
21 United States to a buyer unaffiliated with plaintiff in March 2005, before defendants, in April
22 2005, sold the accused products to NanoScience.  (See Docket No. 343 (Ex. 22, 31).)

23      5. Contrary to defendants' argument, the Court, for the reasons stated by plaintiff,
24 did not err in sustaining plaintiff's hearsay objection to Dae Hyun Chang's ("Chang")
25 proposed testimony that Sang Min Lee ("Lee") told Chang that Lee independently
26 developed the accused products.

27      6. Contrary to defendants' argument, the Court finds, for the reasons stated by
28 plaintiff, that the jury's findings were not "contrary to the clear weight of the evidence."  See

3

1  Molski v. M.J. Cable, Inc., 481 F. 3d 724, 729 (9th Cir. 2007) (setting forth grounds on
2  which motion for new trial may be granted).  To support its position, plaintiff offered
3  substantial evidence, which the jury was entitled to credit; such testimony constituted a
4  "reasonable basis" for the jury's findings as to infringement, validity, and willfulness.  See
5  id. (holding denial of motion for new trial proper where "reasonable basis" for verdict
6  exists).

7       7.  Contrary to defendants' argument, the Court finds, for the reasons stated by
8  plaintiff, the Court did not err in giving the challenged jury instructions pertaining to
9  "infringement tests," (see Defs.' Mot for New Trial at 22:14-18), "point of novelty test," (see
10 id. at 23:7-10), "offer to sell," (see id. at 23:20-24), "invalidity for lack of ornamentality," (see
11 id. at 24:2-8), and "the meaning of 'opaque'," (see id. at 24:17-20).  Further, contrary to
12 defendants' argument, the Court finds the challenged jury instruction pertaining to the
13 "ordinary observer test," (see Defs.' Mot. for New Trial at 22:25 - 23:2) was not erroneous;
14 defendants' argument, that the Court must identify each feature in a claimed design and
15 determine, as a matter of law, whether each such feature is functional or ornamental, is, for
16 the reasons stated in the Court's order of October 10, 2007, unpersuasive.

**C. Motion for a Finding of Exceptional Case and an Award of Attorney's Fees**

18      By order filed March 25, 2008, the Court vacated the hearing on plaintiff's Motion for
19 a Finding of Exceptional Case and an Award of Attorney's Fees, and stated the matter
20 would be reset, if necessary, upon resolution of defendants' motions for judgment as a
21 matter of law and for a new trial.  Defendants' motions having been denied, the Court will
22 set a May 16, 2008 hearing on plaintiff's motion.

23 //
24 //
25 //
26 //
27 //
28 //

4

**CONCLUSION**

For the reasons stated above, defendants' motions for judgment as a matter of law and for a new trial are hereby DENIED.

Plaintiff's Motion for a Finding of Exceptional Case and an Award of Attorney's Fees shall be heard on May 16, 2008.

**IT IS SO ORDERED.**

Dated: April 8, 2008

MAXINE M. CHESNEY
United States District Judge