United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHIA CORPORATION,

    Plaintiff,

v.

SEOUL SEMICONDUCTOR CO.,LTD., et al.,

    Defendants
_____/

No. C 06-0162 MMC

**ORDER DENYING PLAINTIFF'S MOTION FOR FINDING OF EXCEPTIONAL CASE AND AWARD OF ATTORNEY'S FEES; VACATING HEARING**

    Before the Court is plaintiff's "Motion for a Finding of Exceptional Case and an Award of Attorney's Fees," filed February 21, 2008, as amended February 22, 2008 and February 28, 2008. Defendants have filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion,[1] the Court deems the matter suitable for decision on the parties' submissions, VACATES the hearing scheduled for May 16, 2008, and rules as follows.

    On February 7, 2008, after a three-week trial, plaintiff obtained a judgment against defendants in the total amount of $250. See 35 U.S.C. § 289 (providing remedy for violation of design patent shall be "not less than $250"). Having so prevailed, plaintiff

---

[1] Defendants have moved to strike paragraphs 6 and 7 of the Declaration of Daniel Doxsee, offered by plaintiff in support of the instant motion. Because consideration of said statements would not alter the Court's conclusion as set forth herein, the motion to strike is DENIED as moot.

asserts, it should be awarded attorney's fees in the amount of $2,474,729.[2]

A court has discretion to award fees to a prevailing party in a patent case, if the case is "exceptional." See Modine Mfg. Co. v. Allen Group, Inc., 917 F. 2d 538, 543 (Fed. Cir. 1990) (citing 35 U.S.C. § 285). Here, as plaintiff points out, the jury made a finding of willful infringement, and the Federal Circuit has acknowledged that such a finding constitutes a "sufficient" basis to classify a case as "exceptional." See id. Assuming, arguendo, the instant case is properly classified as "exceptional" based on the jury's finding of willful infringement,[3] the Court finds an award of fees, under the circumstances presented, would not be appropriate. See id. (holding "even an exceptional case does not require in all circumstances the award of attorney's fees").

The instant action was filed in January 2006. At the inception thereof, plaintiff was pursuing a claim for inducement of infringement that, according to plaintiff, could have resulted in an award of damages in excess of $4,000,000. After the close of discovery, the Court ruled on the parties' respective motions for summary judgment, and, in so ruling, determined plaintiff lacked evidence to prove its inducement claim, thereby limiting plaintiff's potential recovery to damages attributable to plaintiff's claim for direct infringement; that claim, premised on defendants' having made two small sales of the accused products in the United States in 2005, resulted in actual damages in the amount of $62. Although in some instances, a claim for relief based on a small monetary loss may be incidental to a more significant claim for injunctive relief, such was not the case herein. Rather, due to a combination of factors pertaining before the action was filed, defendants

---

[2] As defendants observe, plaintiff fails to state, either in its motion or its reply, the exact amount it seeks to be awarded as fees. The figure set forth above is the total of the sums identified by plaintiff on pages 13 and 14 of its moving papers. Such figure also corresponds to an exhibit offered by plaintiff that appears to be a summary of its claimed fees. (See Hansen Decl. Ex. S, first unnumbered page.)

[3] Plaintiff's argument that the case should be classified as "exceptional" on the basis of defendants' alleged litigation "misconduct" is unpersuasive. Although plaintiff has identified a few isolated violations of discovery obligations, there is no evidence that any such conduct was in bad faith or constituted part of a pattern of similar conduct. Moreover, as defendants point out, plaintiff itself engaged in violations of discovery obligations, albeit also of an isolated nature.

have made no sales of the accused products in the United States since the above-referenced sales in 2005, and no future sales are likely.

As a legal matter, a patent holder is not precluded from suing to recover for what is, in the ordinary sense of the term, a "de minimis" injury. See Embrex, Inc. v. Service Engineering Corp., 216 F. 3d 1343, 1349 (Fed. Cir. 2000) (holding "de minimis exception" to infringement is "very narrowly" construed to provide a "defense to infringement performed for amusement, to satisfy idle curiosity, or for strictly philosophical inquiry"). Nonetheless, as the California Supreme Court aptly observed more than one hundred years ago, there are some cases wherein "the amount for which [the defendants] would be liable would be such a trifling sum that it would not justify [the plaintiffs] taking up the time of the court with a suit, to say nothing of the costs to themselves." See Moore v. Boyd, 74 Cal. 167, 174-75 (1889).[4]

Here, plaintiff's decision, as defendants describe it, to "employ[ ] a sledgehammer to kill a gnat," (see Defs.' Opp. at 23:28), imposed a significant burden on the jurors' time and the court's resources, not to mention the burden on defendants, who expended approximately $2,000,000 in fees and costs after obtaining a dismissal of the only claim of real substance. Although plaintiff asserts it needed to demonstrate "there is a cost to infringing [plaintiff's] patents," (see Pl.'s Mot. at 12:23-25), and that plaintiff had to respond to defendants' "attempt to take [plaintiff's] market share in the side view LED market," (see Pl.'s Mot. at 19:21-23), such concerns, while perhaps pertinent to plaintiff's now-dismissed claim for inducement, are insufficient to explain why the continued prosecution of the remaining claim was a reasonable choice under the circumstances presented.

Further, to the extent plaintiff, in seeking a jury verdict on a $250 claim, may have been attempting to obtain some unstated ancillary advantage over defendants in Asia,[5]

---

[4]In Moore, the plaintiffs sought to recover from defendants the sum of $1.40, an amount that in today's dollars would appear to equal approximately $32, see www.westegg.com/inflation, i.e., half of the $62 loss at issue herein.

[5]The Court notes the parties have a lengthy and on-going history of legal disputes in Korea and Japan.

plaintiff fails to explain why its use of the United States federal court system for a purpose having nothing of real substance to do with the United States is justified, let alone that such endeavor should be underwritten by the defendants.

Accordingly, the motion is hereby DENIED.

**IT IS SO ORDERED**.

Dated: May 14, 2008

MAXINE M. CHESNEY
United States District Judge